UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

WICHITA DIVISION

ANGELIINA LYNN LAWSON, individually and as next friend of D.L.,

Plaintiff,

v.

ERIC W. GODDERZ, et al.;

Case Caption _____

JURY TRIAL DEMAND

MOTION FOR OUT-OF-DISTRICT JUDGE AND COMPLEX CASE DESIGNATION

Plaintiff Angeliina Lynn Lawson respectfully moves this Court, pursuant to 28 U.S.C. §§ 292(b) and 455(a), and applicable District of Kansas local administrative practices, for the assignment of a visiting judge from outside the District of Kansas and for designation of this action as a COMPLEX, MULTI-defendant case.

This motion is made to preserve both the appearance and reality of impartiality and to ensure the fair administration of justice in this high-stakes Racketeer Influenced and Corrupt Organizations Act (RICO) and civil rights action.

I. GROUNDS FOR MOTION

1. Judicial Defendants — Multiple named defendants are current or former Kansas judicial officers, including state district court judges and court administrators, creating potential conflicts of interest for in-district federal judges and impacting public confidence in impartial adjudication.

2. Prior and Concurrent Litigation — Plaintiff has active and prior litigation in Kansas state courts involving several of the judicial defendants named herein, making assignment to an in-district judge problematic under 28 U.S.C. § 455(a) (requiring recusal where impartiality might reasonably be questioned).

3. Complexity of Claims — This matter involves 18 named defendants, allegations of multi-year interstate racketeering activity, ADA retaliation, and systemic misconduct within Kansas judicial administration. The factual and legal issues span multiple Kansas counties, implicate federal statutory and constitutional law, and involve numerous predicate acts under 18 U.S.C. §§ 1961–1968.

4. Case Coding for Internal Assignment — Given the nature of the case, Plaintiff requests internal designation under the District of Kansas coding practices as COMPLEX, MULTI, 3JUDGE, and TRANSFER, triggering assignment protocols consistent with complex litigation management.

5. Experience in RICO and Institutional Misconduct Cases — Assignment to an out-of-district judge with prior experience in complex civil and criminal RICO proceedings will promote judicial efficiency and bolster public confidence in the outcome.

II. LEGAL AUTHORITY

- 28 U.S.C. § 292(b) authorizes the Chief Judge of the Circuit to designate and assign a district judge from outside the district to hold court where public interest so requires.
- 28 U.S.C. § 455(a) mandates recusal where a judge's impartiality might reasonably be questioned, including where parties or issues involve members of the same judiciary.
- The Judicial Conference of the United States and District of Kansas administrative practices support complex-case designation for actions involving numerous parties, extended timeframes, and multiple overlapping legal issues.

III. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that:

1. The Chief Judge of the Tenth Circuit designate a visiting judge from outside the District of Kansas to preside over this action pursuant to 28 U.S.C. § 292(b);
2. This case be flagged internally as COMPLEX, MULTI, 3JUDGE, and TRANSFER for case assignment purposes; and
3. The Court grant such other and further relief as it deems just and proper.

Respectfully submitted, Dated: August 14, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Plaintiff, Pro Se

1914 5th Ave.

Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com

(913) 972-1661


CERTIFICATE OF SERVICE

I hereby certify that on this 14 day of August, 2025, I caused a true and correct copy of the foregoing Motion for Out-of-District Judge and Complex Case Designation to be served via the Court's CM/ECF system and/or by certified mail, return receipt requested, upon all parties and counsel of record.

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson