ANGELIINA LYNN LAWSON,
individually and as next friend of D.L.,
Plaintiff,

v.

ERIC W. GODDERZ, et al.,
Defendants.

                                                    Case No. _____
                                                    JURY TRIAL DEMANDED

## EMERGENCY MOTION TO COMPEL IMMEDIATE PRODUCTION AND PRESERVATION OF RECORDS

### I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 26(d)(1), 34, and 37(a)–(e), Plaintiff moves this Court for an order compelling immediate production and preservation of all records, electronically stored information ("ESI"), and tangible evidence identified in Plaintiff's June 26, 2025 litigation hold and preservation notice.

Multiple Defendants are in active possession of records central to Plaintiff's RICO, ADA, and civil rights claims. Plaintiff has already established that spoliation under Rule 37(e) is occurring or imminent. Without emergency relief, further destruction, alteration, or suppression of material evidence is likely.

### II. BACKGROUND

1. On June 26, 2025, Plaintiff served a written litigation hold and preservation notice on over a dozen court officials, clerks, ADA coordinators, and state agency personnel.
2. The notice expressly cited Fed. R. Civ. P. 37(b)–(e), 28 U.S.C. § 1446(d), 42 U.S.C. §§ 12203 and 1983, and demanded preservation of all records concerning:
    - ADA accommodation requests and grievances,

- Transcript access,
- Docket management, and
- Communications relating to suppression or alteration of Plaintiff's filings and rights.
3. Despite this notice, Defendants have:
    - Failed to acknowledge the preservation demand,
    - Withheld responsive records,
    - Continued to suppress access to filed motions and orders,
    - And obstructed Plaintiff's ability to obtain file-stamped copies of pleadings.
4. Plaintiff's Verified RICO Complaint (ECF No. ___) details specific spoliation conduct already undertaken in violation of Rule 37(e), resulting in severe prejudice.

### III. LEGAL STANDARD

- Fed. R. Civ. P. 26(d)(1) permits early discovery upon court order when good cause is shown.
- Fed. R. Civ. P. 37(a) authorizes motions to compel when a party fails to produce requested discovery.
- Fed. R. Civ. P. 37(e) authorizes sanctions and remedial measures when ESI is lost because a party failed to take reasonable steps to preserve it.
- Courts in the Tenth Circuit grant emergency production where there is a substantial risk of evidence loss and the evidence is central to the moving party's claims. See *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 620 (D. Colo. 2007).

### IV. ARGUMENT

1. Good Cause Exists for Immediate Production — The requested records are uniquely in Defendants' control, directly relevant to Plaintiff's claims, and already at risk of destruction or alteration.
2. Spoliation Has Already Begun — Plaintiff has documented missing, altered, or withheld materials described in the Complaint at ¶¶ 136–140. This ongoing conduct meets the Rule 37(e) threshold for prejudice and potential intent to deprive.
3. Preservation Alone Is Insufficient — Given Defendants' prior noncompliance, mere preservation orders will not protect Plaintiff from further harm; immediate production is necessary to secure evidence before additional spoliation occurs.
4. No Prejudice to Defendants — The records are already maintained in the ordinary course of business and are required to be preserved under existing rules and state law.

### V. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. Order Immediate Production — Within 10 days of this Order, Defendants shall produce to Plaintiff all records identified in the June 26, 2025 preservation notice, in native format with metadata intact.
2. Forensic Preservation — Require Defendants to create and deliver forensic images of any servers, email accounts, or devices containing responsive ESI, at Defendants' cost.
3. No Alteration — Prohibit Defendants and their agents from altering, deleting, or otherwise modifying any responsive materials pending the conclusion of this action.
4. Adverse Inference Warning — Advise Defendants that failure to comply will result in sanctions under Rule 37(e)(2), including adverse inference instructions and monetary penalties.
5. Expedited Hearing — Set an expedited hearing under D. Kan. Local Rule 7.1 to address compliance.

Respectfully submitted,                                           Dated: August 14, 2025

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Plaintiff, Pro Se
1914 5th Ave.
Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

CERTIFICATE OF SERVICE

I hereby certify that on this 14 day of _August_, 2025, I served the foregoing Emergency Motion to Compel Immediate Production and Preservation of Records via the CM/ECF system and/or by certified mail, return receipt requested, on all parties and counsel of record.

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson