IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LAWSON,

        Plaintiff,

v.                                                                                Case No. 25-1179-JWB

ERIC GODDERZ, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion to vacate minute order of reassignment and motion for reassignment. (Docs. 7, 10.) On August 15, 2025, Plaintiff filed this federal RICO action against Anderson County District Judge Eric Godderz and numerous other judicial officers, attorneys, public officials, and others. (Doc. 1.) Plaintiff has several pending actions in this court including an action against most of the defendants in this case. *See Lawson v. Godderz*, Case No. 25-2199-JWB. After the filing of this new action, the court reassigned the case to the undersigned and Magistrate Judge James because of the similarities between this case and Case No. 25-2199-JWB. Plaintiff's motion even indicates that the cases overlap. (Doc. 7 at 1.)

Upon receiving the notification that this case was reassigned to the undersigned, Plaintiff filed a motion for reassignment to a three-judge out of district panel pursuant to 28 U.S.C. § 455(a), 455(b)(1), 292(b) and 294. (Doc. 7.) Plaintiff asserts that the undersigned is biased because of a previous ruling against Plaintiff and seeks assignment of a three-judge panel of out-of-district judges. Plaintiff also seeks recusal of Magistrate Judge James on the basis of her prior rulings against Plaintiff. (Doc. 10.)

As the Tenth Circuit has summarized:

> Disqualification is required both when a judge has "a personal bias or prejudice" against a party, § 144; *see also* § 455(b)(1) (same), or when presiding over the case would create an appearance of bias, see § 455(a). Recusal for an appearance of bias is required when "sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." [*United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).] The party seeking a judge's disqualification must show that "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 993 (internal quotation marks omitted). Because this standard is an objective one, "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id*.

*United States v. Walker*, 838 F. App'x 333, 337 (10th Cir. 2020).  Plaintiff fails to show any basis for recusal under these standards.  Further, contrary to Plaintiff's assertions, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Nothing in any ruling by the undersigned or Magistrate Judge James indicates that these judicial officials are biased against Plaintiff.

The court also notes that Plaintiff's claim of bias against Magistrate Judge James references a failure to take action in one case that was recently filed.  (Doc. 10 at 2.)  This court has hundreds of cases filed every year that require decisions to be entered.  Many cases have pending motions that are currently before the court.  The court must rule on the motions in all of its cases and Plaintiff's actions in repetitively filing motions and new cases delay rulings in her cases and in others.  Such delay is not a basis for recusal.

Plaintiff's motions (Doc. 7, 10) are DENIED.

IT IS SO ORDERED.  Dated this 21st day of August, 2025.

                                                         s/ John W. Broomes
                                                         JOHN W. BROOMES
                                                         UNITED STATES DISTRICT JUDGE