IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

Wichita Division

ANGELIINA LYNN LAWSON, individually and as next friend of D.L.,

Plaintiff, pro se,

v.

ERIC W. GODDERZ, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

TAYLOR J. WINE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

JOHN BRYANT, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

RHONDA K. MASON, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES

KEVEN M. O'GRADY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

THOMAS D. DROEGE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

JONATHAN DAVID BRENT LAWSON, INDIVIDUALLY

BREANNE HENDRICKS POE, INDIVIDUALLY

ANDREW BOLTON, INDIVIDUALLY

AMANDA MIRANDA, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES

HEATHER DUNZ, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES

ANDREA DUNSETH, INDIVIDUALLY

RANDY WILLNAUER, INDIVIDUALLY

JIM MORROW, INDIVIDUALLY

JEANNE ROBINSON, INDIVIDUALLY

MACK CURRY, INDIVIDUALLY

AMANDA MACKEY, INDIVIDUALLY

MORROW WILLNAUER CHURCH, LLC

JOLENE L. ZIRKLE, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES

KELLY E. JOHNSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

STEVEN CROSSLAND, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES

STACY JEFFRESS, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES

TINA MILLER, IN HER INDIVIDUAL AND OFFICIAL CAPACITIES

RYAN KRIEGSHAUSER, INDIVIDUALLY

TED MCDONALD INDIVIDUALLY

CHARLES MILLER, INDIVIDUALLY

MCDONALD LAW GROUP, PA

THE LAW OFFICE OF BREANNE H. POE

THE BOLTON LAW FIRM, LLC

DOE DEFENDANTS 1–10

Defendants.

Case No. 6:25-cv-01179

Jury Trial Demanded

3 Panel Judge Requested

Out-of-District Judges with RICO Experience

Plaintiff Angeliina Lynn Lawson, appearing pro se, respectfully submits this First Amended Complaint against Defendants and enterprise participants, and states as follows:

INTRODUCTION & BASIS FOR AMENDMENT

1. This First Amended Complaint is filed as a matter of course under Fed. R. Civ. P. 15(a)(1), prior to any responsive pleading.

2. This amendment makes the following changes:

   o Adds an additional predicate act against Defendant Jonathan David Brent Lawson for witness tampering, ADA retaliation, and custodial interference involving the child's grandmother.

   o Clarifies dates and index numbers for Defendant Tina Miller (Clerk of the Fourth Judicial District).

   o Adds new Defendants including:

     ▪ Ryan Kriegshauser (individual capacity),

     ▪ Ted McDonald, Charles Miller, McDonald Law Group, PA,

     ▪ The Law Office of BreAnne H. Poe,

     ▪ The Bolton Law Firm, LLC

   o Adds certain actors as Enterprise Participants (Non-Defendant Co-Conspirators), including:

     ▪ Kansas Office of the Disciplinary Administrator and staff,

     ▪ The Layne Project, Inc. and staff,

- Shanna and Mark Heflin, Lee Papageorge, Ryan Staub, Pablo and Rhonda Mazlumin.

- Kansas Bureau of Investigation, Federal Bureau of Investigation, Department of Justice, Pam J Bondi, US Attorney General, Public Integrity Section, Criminal Division, U.S. Department of Justice

o Amendment to Business Injury - Demand to be $23,610,000 due to more business loss of contracts.

o Exhibits U and V– Emails and declaration

AMENDED AND ADDITION TO DEFENDANT ENTRIES

24. Jonathan David Brent Lawson – "Father"

Predicate Act #3 – Witness Tampering and Custodial Interference (Grandmother Contact Removal). Between August 2024 and August 2025, Lawson deleted D.L.'s grandmother's cell phone number and email address from the child's devices after the child sought her help. By cutting off contact with his only accessible grandparent, Lawson isolated D.L. from supportive family, prevented outside reporting of abuse, and further alienated the child from Plaintiff. This constitutes witness tampering (18 U.S.C. § 1512(b)), ADA Retaliation (42 U.S.C. § 12203), and custodial interference (K.S.A. 21-5409). Because D.L. is a child with disabilities who relied on extended family for emotional and communication support, the removal of this accommodation also constitutes retaliation and discrimination under ADA Title II (42 U.S.C. § 12132), compounding the harm to Plaintiff's parental rights and the child's federally protected rights. Loss Link: Eliminated a vital channel of disability-related support and corroboration, depriving Plaintiff of a key witness to abuse disclosures and removing an accommodation D.L. relied on as

a child with disabilities. This deepened parental alienation, prolonged the denial of reunification, and denied D.L. equal access to communication and emotional support guaranteed under ADA Title II. At 80 years old, the grandmother is an elderly and dependent adult under K.S.A. 21-5417 and 39-1430. This act caused her significant psychological harm and grief by isolating her from her only grandson, while simultaneously isolating D.L. from his only extended support.

Loss Link: Plaintiff was forced to expend additional business resources on emergency motions to preserve family contact, causing measurable loss of business income while compounding the loss of parenting time. The grandmother, an elderly dependent adult, also suffered direct harm: the deprivation of familial contact with her grandson on all holidays, birthdays, school dances, and other milestones; denial of her ability to give gifts and participate in family traditions; and increased health decline from isolation and loneliness, which required Plaintiff to divert further time and resources for travel and caregiving.

## 35. Tina Miller – Clerk of Fourth Judicial District

Predicate Act #1 – Mail Fraud via Withholding filings

In June 2024, Miller failed to mail Plaintiff a copy of a court order (Index #51), despite her duty under K.S.A. 60-258 to promptly serve such orders on pro se litigants, and again failed to mail a copy of opposing counsel's motion (Index #55). By withholding these filings, Miller delayed Plaintiff's ability to respond, obstructed ADA-related proceedings, and concealed court actions from a litigant entitled to notice. This constitutes mail fraud (18 U.S.C. § 1341).

Loss Link: Prevented timely assertion of claims and defenses in parallel matters tied to professional contracts and licensing; delayed Plaintiff's ability to appeal; obstructed pursuit of

relief in custody-related proceedings tied to federal removal; and directly impeded Plaintiff's right to participate in her own case.

Predicate Act #2 – Docket Tampering and Filing Suppression

Between June and August 2025, Miller refused to file Plaintiff's "Notice of Fraud on the Court" for over two months, ultimately mislabeling it as "correspondence" (Index #56) rather than a formal pleading. This prevented the notice from being reviewed by the judge or entered into the record, thereby obstructing judicial review. This constitutes obstruction of justice (18 U.S.C. §§ 1503, 1512) and mail/wire fraud (18 U.S.C. §§ 1341, 1343).

Loss Link: Prevented protective legal actions that would have preserved business rights and contractual opportunities; suppressed evidence and arguments critical to rulings; delayed resolution of misconduct claims affecting custody; and denied Plaintiff a fair opportunity to have filings considered.

(Addition) 36. Ryan Kriegshauser - Individually

Federal prosecutorial office responsible for enforcement of civil rights and public integrity laws. Despite receiving Plaintiff's repeated requests by email and phone calls for grand jury referral and documentation of ADA retaliation, criminal acts under color of law, and ongoing spoliation of evidence subject to litigation holds, the office failed to take any action.

Predicate Act #1 – Obstruction of Justice by Inaction on Grand Jury Referral

In 2024–2025, Ryan Kriegshauser was presented with detailed requests for grand jury review of perjury, custodial interference, ADA retaliation, and RICO predicate acts. Despite having statutory authority under 18 U.S.C. §§ 3332(a) and 1503 to present information to a grand jury,

the office declined to act, effectively obstructing justice and insulating local judicial officers from accountability.

Predicate Act #2 – Retaliation and Suppression of ADA-Protected Activity

By failing to intervene after being notified of ADA retaliation and discriminatory denial of court access multiple times, Ryan Kriegshauser at the U.S. Attorney's Office contributed to the continuation of systemic retaliation, in violation of 42 U.S.C. § 12203.

Predicate Act #3 – Complicity in Spoliation and Litigation Hold Violations

Despite receiving Plaintiff's Rule 37 spoliation notices and preservation demands, Ryan Kriegshauser failed to enforce preservation obligations or prevent destruction of relevant federal and state records. This omission materially advanced the enterprise's obstruction by allowing critical evidence to be withheld or destroyed. Loss Link: These omissions prolonged Plaintiff's alienation from her son, allowed retaliatory state actions to proceed unchecked, increased litigation costs, and forced Plaintiff to divert business resources into repeated filings for preservation and enforcement, directly impacting her income, reputation, and parental rights.

(Addition) 37. Charles Miller - Individually

Predicate Act #1 – Obstruction of Subpoenas / Discovery Noncompliance

March - August 2025 (during JO-2025-CV-000623 discovery phase). Miller acted to obstruct service and compliance with Plaintiff's duly issued subpoenas, including business records requests to the Kansas BSRB. By coordinating with BSRB counsel to suppress records, he participated in concealing material evidence relevant to abuse disclosures and GAL misconduct. Obstruction of justice, 18 U.S.C. § 1503, and witness tampering by concealment of records, 18

U.S.C. § 1512(c)(2). Loss Link: Plaintiff was forced to expend additional business income on repeated filings and motions to compel, delaying discovery and compounding the deprivation of parenting time.

Predicate Act #2 – Suppression of Ethics Complaint Records

March–August 2025. Miller coordinated (JO-2025-CV-000623) with GAL Andrew Bolton's defense team to prevent Plaintiff's judicial and ethics complaints from reaching the record, filing oppositions that misrepresented the existence and relevance of those complaints. This constitutes fraudulent concealment of material facts. Wire fraud, 18 U.S.C. § 1343 (use of electronic court filings to advance fraudulent misrepresentations); obstruction of justice, 18 U.S.C. § 1505 (interference with an administrative/disciplinary proceeding). Loss Link: Plaintiff's complaints were suppressed, allowing the enterprise to continue unchecked, prolonging litigation, and inflicting further financial and custodial harm.

Predicate Act #3 – Retaliatory Misuse of Litigation Hold Notice (August 20, 2025) into JO-2025-CV-000623. On August 19, 2025, Plaintiff served a Rule 37 litigation hold demand on McDonald Law Group and its attorneys Charles Miller and Ted McDonald, requiring preservation of relevant evidence in anticipation of federal civil RICO litigation. Instead of acknowledging or complying with this standard preservation duty, on August 20, 2025, Defendants filed Plaintiff's preservation notice into the state court record as part of a "Supplemental Response," mischaracterizing it as improper and seeking to weaponize it against Plaintiff. This act constitutes obstruction of justice under 18 U.S.C. § 1503, tampering with evidence and intimidation under 18 U.S.C. § 1512(b), and mail/wire fraud under 18 U.S.C. § 1343. The intent and effect were to chill Plaintiff's lawful assertion of federal rights, to deter

compliance with evidence preservation duties, and to shield enterprise actors from exposure. Plaintiff suffered further litigation costs and delay, deepening the injury to her business, parenting time, and access to court.

(Addition) 38. Ted McDonald - Individually

Predicate Act #1 – Coordinated Delay and Litigation Abuse

March  – August 2025. McDonald (JO-2025-CV-000623) directed litigation strategy to repeatedly delay proceedings, including filing duplicative motions to dismiss and using procedural tactics (such as the Motion to Strike) to obstruct Plaintiff's post-judgment relief. Mail/Wire fraud, 18 U.S.C. § 1343 (filings transmitted electronically to court with intent to defraud Plaintiff of rights); obstruction of justice, 18 U.S.C. § 1503. Loss Link: Increased litigation costs diverted Plaintiff's business resources and delayed resolution of parenting time.

Predicate Act #2 – Suppression of Evidence of Professional Misconduct

Date: Ongoing throughout 2025 litigation (JO-2025-CV-000623). McDonald acted to shield Andrea Dunseth and associated professionals from exposure by opposing subpoenas and motions aimed at producing records of professional misconduct, including therapy reports, GAL communications, and BSRB complaints. Conspiracy to obstruct justice, 18 U.S.C. § 371, and tampering with evidence, 18 U.S.C. § 1512(b). Loss Link: Plaintiff was denied access to material records that would corroborate abuse disclosures, forcing additional filings, prolonging alienation, and diminishing business and parental rights.

Predicate Act #3 – Retaliatory Misuse of Litigation Hold Notice (August 20, 2025) into JO-2025-CV-000623. On August 19, 2025, Plaintiff served a Rule 37 litigation hold demand on McDonald Law Group and its attorneys Charles Miller and Ted McDonald, requiring preservation of relevant evidence in anticipation of federal civil RICO litigation. Instead of acknowledging or complying with this standard preservation duty, on August 20, 2025, Defendants filed Plaintiff's preservation notice into the state court record as part of a "Supplemental Response," mischaracterizing it as improper and seeking to weaponize it against Plaintiff. This act constitutes obstruction of justice under 18 U.S.C. § 1503, tampering with evidence and intimidation under 18 U.S.C. § 1512(b), and mail/wire fraud under 18 U.S.C. § 1343. The intent and effect were to chill Plaintiff's lawful assertion of federal rights, to deter compliance with evidence preservation duties, and to shield enterprise actors from exposure. Plaintiff suffered further litigation costs and delay, deepening the injury to her business, parenting time, and access to court.

(Addition) 39. McDonald Law Group, PA

A Kansas City law firm headquartered in Missouri, engaged in the practice of law (JO-2025-CV-000623). Through its partners and associates, including Charles Miller and Ted McDonald, McDonald Law Group, PA knowingly participated in and profited from the enterprise's coordinated acts of obstruction, fraudulent concealment, suppression of ethics complaints, and retaliatory litigation tactics. The firm served as a vehicle through which racketeering activity was conducted in violation of 18 U.S.C. § 1962(c).

Predicate Act #1 – Litigation Obstruction for Profit

Date: March–August 2025. McDonald Law Group, through its attorneys, filed and advanced duplicative, frivolous, and retaliatory pleadings in JO-2025-CV-000623, (including the August 13, 2025 Motion to Strike) designed to obstruct Plaintiff's post-judgment relief and suppress ADA-protected rights. Obstruction of justice under 18 U.S.C. § 1503; wire fraud under 18 U.S.C. § 1343 (use of e-filing systems to transmit fraudulent filings). Loss Link: Forced Plaintiff to expend additional resources on responses, delayed adjudication of her claims, and prolonged alienation from her child, all while the firm collected litigation fees.

Predicate Act #2 – Suppression of Ethics Complaint Records

Date: March–August 2025. McDonald Law Group attorneys acted collectively (JO-2025-CV-000623) to conceal and mischaracterize ethics complaints and professional misconduct records relating to GAL Andrew Bolton and Defendant Dunseth, in order to shield enterprise actors from oversight. Fraud on the court; conspiracy to obstruct justice under 18 U.S.C. §§ 371, 1505, 1512. Loss Link: Prevented Plaintiff from accessing material records necessary for trial, undermined state oversight mechanisms, and prolonged litigation costs, generating unlawful profit for the firm.

Predicate Act #3 – Retaliatory Misuse of Litigation Hold Notice (August 20, 2025) into JO-2025-CV-000623. On August 19, 2025, Plaintiff served a Rule 37 litigation hold demand on McDonald Law Group and its attorneys Charles Miller and Ted McDonald, requiring preservation of relevant evidence in anticipation of federal civil RICO litigation. Instead of acknowledging or complying with this standard preservation duty, on August 20, 2025, Defendants filed Plaintiff's preservation notice into the state court record as part of a "Supplemental Response," mischaracterizing it as improper and seeking to weaponize it against

Plaintiff. This act constitutes obstruction of justice under 18 U.S.C. § 1503, tampering with evidence and intimidation under 18 U.S.C. § 1512(b), and mail/wire fraud under 18 U.S.C. § 1343. The intent and effect were to chill Plaintiff's lawful assertion of federal rights, to deter compliance with evidence preservation duties, and to shield enterprise actors from exposure. Plaintiff suffered further litigation costs and delay, deepening the injury to her business, parenting time, and access to court.

(Addition) 40. The Law Office of BreAnne H. Poe

Defendant The Law Office of BreAnne H. Poe located in Ottawa, Kansas, is a professional legal services business organized under Kansas law and owned and operated by Defendant BreAnne Hendricks Poe (2020-DM-131 and JO-2025-DM-001727). The firm is sued as a corporate "person" under 18 U.S.C. § 1961(3) for its role in conducting and participating in the affairs of the Family Court Enterprise through a pattern of racketeering activity, as well as violations of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182, applicable to public-facing legal services. These are just a couple predicate acts but Plaintiff will add to them during discovery.

Predicate Act #1 – Mail and Wire Fraud to Facilitate Custodial Interference

Through emails and filings sent between June 2024 and August 2025, The Law Office of BreAnne H. Poe, under the direction of BreAnne Poe, transmitted knowingly false narratives and filings into court records to paint Plaintiff as mentally unstable and unfit. These filings relied on distorted evidence and were used to support motions for psychological evaluations, suppression of reunification, and ongoing restrictions on contact. These actions constitute Mail Fraud under

18 U.S.C. § 1341 and Wire Fraud under 18 U.S.C. § 1343, as they involved the use of interstate communications to further a scheme to interfere with Plaintiff's custody, discredit her ADA claims, and enrich the enterprise through prolonged litigation.

Loss Link: These acts deprived Plaintiff of her lawful parenting time, created false barriers to reunification, and forced her to divert business resources to emergency legal responses—resulting in client losses, litigation costs, and reputational harm.

Predicate Act #2 – Obstruction of Justice and Coordinated Suppression

The Law Office of BreAnne H. Poe knowingly participated in ex parte coordination with GAL Andrew Bolton and Judge Godderz to cancel the scheduled February 2025 custody trial without Plaintiff's consent, falsely claiming she agreed to convert it to a status conference. These secret communications, followed by strategic silence in the courtroom, constituted Obstruction of Justice under 18 U.S.C. § 1503 and conspiracy to violate § 1962(c). The firm continued to act on behalf of Jonathan Lawson while enabling violations of court orders related to visitation and protective filings, further facilitating retaliatory court outcomes that left Plaintiff without contact or remedy. Loss Link: The unlawful cancellation of the trial destroyed Plaintiff's ability to present evidence of abuse and ADA violations, directly resulting in the loss of contact with her son, collapse of her court credibility, and professional and financial devastation.

As a public accommodation under 42 U.S.C. § 12181(7)(F), Poe Law Firm, LLC is subject to ADA Title III, which prohibits discrimination in the provision of legal services. Plaintiff, a qualified individual with communication disabilities, was never accommodated nor communicated with in an accessible format by the firm, despite the firm's awareness of her disability through filings and ADA notices. Poe Law Firm used Plaintiff's disability against her

in pleadings, refused to communicate in writing, and shared privileged communications (including grievances) with court actors to weaponize protected disability activity, actions prohibited under 42 U.S.C. § 12182(b)(1)(A)(i) and § 12203 (ADA retaliation).

Loss Link: This discrimination obstructed Plaintiff's access to fair hearings and participation in the litigation process, violated her federal rights under Title III, and supported the racketeering scheme to frame her as incapable and unfit, all while generating billable hours from prolonged proceedings fueled by disability-based bias.

(Addition) 41. Defendant The Bolton Law Firm, LLC

The Bolton Law Firm, LLC is a Kansas professional legal corporation operated by attorney Andrew Bolton, is a named Defendant for its direct participation in the Family Court Enterprise (2020-DM-131) and for acting as a conduit of retaliation, obstruction, and suppression of evidence under color of state authority. The law firm is a "person" under 18 U.S.C. § 1961(3) and a "public accommodation" under 42 U.S.C. § 12181(7)(F), and is liable for violations of 18 U.S.C. § 1962(c) and (d) and ADA Title III.

Predicate Act #1 – Retaliation and Witness Intimidation (18 U.S.C. § 1513(e))

On or about September – December 2024, Andrew Bolton, acting under his GAL appointment and through his law firm, threatened minor child D.L. with punishment for sending an email to his grandmother. This conduct, memorialized in emails produced by Plaintiff, constitutes retaliation against a witness/informant under 18 U.S.C. § 1513(e). The act was not protective—it was a strategic silencing maneuver to block D.L. from disclosing abuse and coercive control. Bolton's firm acted not as a neutral officer of the court, but as a legal arm of the enterprise,

reinforcing parental alienation through threats.

Loss Link: This retaliation eliminated Plaintiff's last connection to her child, caused D.L. psychological harm, and prevented key testimony about abuse and retaliation, blocking Plaintiff's ability to defend her parental fitness and leading to total loss of parenting time and long-term family estrangement.

Predicate Act #2 – Suppression of Subpoenas and Ethics Complaints (18 U.S.C. § 1503 / § 1512(c))

Throughout March–August 2025, Plaintiff lawfully issued multiple subpoenas and email requests to Andrew Bolton and his firm demanding production of billing records, communications with Poe and Judge Godderz, and GAL appointment files. Bolton and his attorneys at Morrow Willnauer Church, LLC refused to comply, despite certified service and active litigation. This suppression obstructed Plaintiff's ability to develop her claims and constitutes obstruction of justice (18 U.S.C. § 1503) and spoliation of evidence (18 U.S.C. § 1512(c)). Loss Link: Plaintiff lost the opportunity to present key records showing GAL misconduct, ex parte coordination, and financial collusion. This obstruction allowed custody fraud to proceed unchallenged and increased litigation costs, while suppressing Plaintiff's credibility in both state and federal court, damaging her business reputation, ADA advocacy work, and legal position.

As a public-facing legal services provider, The Bolton Law Firm, LLC. is subject to ADA Title III. Despite being repeatedly notified of Plaintiff's communication disability, the firm refused to provide written responses, captions, or accessible communications during GAL interactions. More egregiously, the firm used Plaintiff's ADA complaints and protected speech as justification

to block visitation, arguing that her advocacy itself was a sign of "instability." This constitutes discriminatory denial of service (42 U.S.C. § 12182(b)(1)(A)(i)) and ADA retaliation (42 U.S.C. § 12203).

Loss Link: Plaintiff's access to her child was shut down not because of court findings, but because her disability advocacy threatened enterprise actors. This tactic destroyed her ability to co-parent, participate in therapy, and undermined her work as a public speaker and professional disability advocate, causing emotional and financial harm.

## ADD ENTERPRISE PARTICIPANTS (NON-DEFENDANT CO-CONSPIRATORS)

- Kansas Office of the Disciplinary Administrator – Attorney oversight body that delayed and dismissed misconduct complaints of Daniel Schowengerdt, Andew Bolton, Ronald Wood, involving negligence, misrepresentation, perjury, threats against a disabled minor child, fraud on the court, and collusion shielded implicated attorneys. Loss Link: Shielded implicated attorneys from accountability, which prolonged abusive litigation practices, increased Plaintiff's costs, and diverted business income while enabling further alienation from her child.

- The Layne Project, Inc. and its unnamed staff members – Actively participated in the racketeering enterprise by obstructing the scheduling, erasing pathway of approved in-home visits, allowing father to not pay court order portion and extorting Plaintiff in poverty status with threats of pausing all services unless she takes over the father's financial part which she could not keep doing and resulted in staff rewriting judicial orders restricting her parenting time now to two sessions a month based on only what she could afford, delaying reunification and prolonging custodial interference. Loss Link:

Obstruction of supervised visitation delayed reunification, deprived Plaintiff of parenting time, and forced her to pay father's service fees and legal costs that reduced available business revenue.

- Shanna and Mark Heflin, Becky Holman, Lee Papageorge, Ryan Staub, Pablo and Rhonda Mazlumin – Each was served with subpoenas or litigation preservation demands but knowingly failed to respond, thereby assisting in the suppression of abuse evidence, parental alienation and obstructing discovery central to Plaintiff's ADA retaliation and civil rights claims. Loss Link: Their refusal to comply with subpoenas suppressed abuse evidence, forcing Plaintiff to file additional discovery motions and appeals, which diverted funds from her professional work and prolonged custody loss.

- Kansas Bureau of Investigation (KBI) - Failed to investigate Plaintiff's reports of custodial interference and abuse in 2024–2025, allowing state court obstruction to continue. Remained silent and ignored requests to forward enterprise misconduct evidence to federal authorities, suppressing referral obligations under 18 U.S.C. § 1510. Loss Link: Prolonged alienation and forced diversion of business income into emergency filings.

- Federal Bureau of Investigation (FBI) Refused to take action on Plaintiff's detailed RICO and ADA retaliation complaints in 2024–2025, despite evidence of federal predicate acts and reports of judicial bribery. Failed to present Plaintiff's submissions to a federal grand jury as required under 18 U.S.C. § 3332(a). Loss Link: Enabled continued racketeering, prolonging parenting time loss and increasing litigation expenses.

- U.S. Department of Justice (DOJ) – Transferred Plaintiff's OCR case (25-OCR-0363) to Disability Rights Division without proper follow-through, leaving it in procedural limbo.

Failed to enforce ADA Title II rights and retaliation protections despite documented systemic violations in Kansas courts. Ignored Plaintiff's Rule 37 litigation holds, permitting destruction and suppression of critical evidence. Loss Link: Allowed loss of evidence, increased litigation costs, and prolonged deprivation of parenting time.

- Pam Bondi, US Attorney General, and Public Integrity Section Criminal Division U.S. Department of Justice for inaction of multiple requests and follow ups for petition for federal grand jury and Anderson County.

AMENDMENT TO INJURIES TO BUSINESS OR PROPERTY

As a direct and proximate result of Defendants' racketeering activity in violation of 18 U.S.C. §§ 1962(c) and (d), Plaintiff supplements her economic damages under 18 U.S.C. § 1964(c) as follows:

1. Lost Real Estate Commissions – In addition to the previously pled $3.72 million commission lost on the $62,192,791 land assemblage listing, Plaintiff has since lost three additional real estate listings valued at $3,604,000, $3,762,500, and $1,010,000, respectively. At six percent (6%) brokerage commission, these transactions would have yielded commissions of $216,240, $225,750, and $60,600, for an additional $502,590 in lost business income.

2. Collapse of Business Operations – Plaintiff's real estate practice, which would have generated a consistent six-figure annual revenues prior to enterprise interference, has been dismantled by retaliatory litigation, reputational sabotage, and denial of ADA-protected access to the courts.

3. Forced Alternative Employment – With her brokerage income destroyed, Plaintiff was forced to accept hourly employment at McDonald's for $14.20 per hour, where she now works long shifts under unsafe conditions resulting in grease burns, permanent scarring and no health insurance.

4. Diversion of Professional Time and Capital – Plaintiff was forced to divert professional hours and capital into emergency motions, appeals, and preservation demands, depleting liquidity needed for real estate operations and any legislative consulting contracts.

5. Credit and Asset Devaluation – Defendants' conduct damaged Plaintiff's credit standing, reduced borrowing power, and devalued her professional reputation, foreclosing future business opportunities.

AMENDMENT TO PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendants, jointly and severally, as follows:

1. Compensatory Damages – In an amount to be determined at trial, but not less than $7,870,000, representing Plaintiff's documented business and property losses, including:

   o $3,731,567 lost commission from the $62,192,791 assemblage listing;

   o $502,590 in additional lost commissions from three listings valued at $3,604,000, $3,762,500, and $1,010,000;

   o Loss of around $32,000 in spousal and child-related financial support, arrears, and diverted funds;

   o Loss of professional reputation, credit rating, and borrowing power;

- Losses tied to forced alternative low-wage employment and resulting physical injury;

- Diversion of professional capital and opportunities due to continuous enterprise-driven litigation.

2. Treble Damages – Under 18 U.S.C. § 1964(c), Plaintiff is entitled to treble damages for her injuries to business and property, in an amount to be determined at trial, not less than $23,610,000,

EXHIBIT TABLE

(Addition) Exhibit U – Emails to U.S. Attorney for Kansas, Pamela J Bondi and DOJ Public Integrity Section (Aug. 2024 – Present).

(Addition) Exhibit V – Declaration of Annaliisa Turunen (Maternal Grandmother): Sworn declaration from David's 80-year-old grandmother.

Respectfully,                                              Dated: August 20, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Plaintiff Pro Se

1914 5th Ave., Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com | (913) 972-1661

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2025, a true and correct copy of the foregoing First Amendment Civil Rico Complaint, along with the summons, will be served by the Clerk of the Court via the ECF system and by certified mail, return receipt requested, upon all named Defendants at their last known addresses, in accordance with Fed. R. Civ. P. 4 and the Local Rules of the United States District Court for the District of Kansas through US Marshalls office.

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Plaintiff Pro Se