UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS – WICHITA DIVISION

Angeliina Lynn Lawson,

Plaintiff, pro se,

v.

Eric W. Godderz, et al.,

Defendants.

Case No. 6:25-cv-01179-JWB-TJJ

JURY TRIAL DEMANDED

3 PANEL JUDGES

OUT OF DISTRICT REQUESTED

RULE 59(e) MOTION: COURT'S REPLICATION OF ALLEGED PREDICATE ACTS

WARRANTS 3 PANEL OUT-OF-DISTRICT REASSIGNMENT

The Constitution does not entrust federal courts with license to reorder justice in a manner that advances judicial convenience while extinguishing litigant rights. It demands impartiality, sequence, and fidelity to due process. This Court's handling of Plaintiff's motions departs from those bedrock principles in ways that cannot be overlooked.

I. The Court Abandoned the Required Order of Adjudication

The record is unambiguous. On August 15, 2025, Plaintiff filed:

1. Motion for Leave to Proceed In Forma Pauperis (Doc. 3)
2. Motion for Out-of-District Judge (Doc. 4)
3. Emergency Motion to Compel Preservation (Doc. 5)

The Court's first duty was to determine whether Plaintiff could proceed in forma pauperis. Until that threshold matter is resolved, no further substantive ruling is proper. Instead, the presiding judge leapt over Doc. 3 and Doc. 4, and directed his attention first to Doc. 7 — Plaintiff's renewed motion for reassignment. This inversion of order reveals not judicial restraint but judicial reaction.

II. The Court Ignored a Pending Motion of Constitutional Dimension

Plaintiff's Motion for Out-of-District Judge (Doc. 4) invoked 28 U.S.C. §§ 292(b), 294, a statutory mechanism intended to preserve confidence in the judiciary when local conflict is manifest. That motion remains unresolved. To treat it as if it never existed, while collapsing its substance into a denial of "recusal," is a failure not merely of docket management but of constitutional obligation. Due process requires more than the appearance of consideration; it requires actual adjudication.

III. The Court Entrapped the Plaintiff in a Vicious Circle

On the same day reassignment was denied, the Magistrate Judge granted IFP in form but stayed service in substance (Doc. 13), and denied discovery as "premature" for want of service (Doc. 14). Thus the Plaintiff was told: *you may not obtain discovery because summons have not issued,*

*and summons will not issue because we have withheld them.* This circularity is not procedure; it is paralysis. And paralysis in the face of constitutional claims alleging disability retaliation and child endangerment is not neutrality, but abdication.

IV. The Appearance of Bias Is Constitutionally Intolerable

This Court sits not only to resolve disputes but to assure the public that justice is dispensed without fear or favor. Yet here, the sequence of rulings mirrors the very misconduct alleged against Judge John Bryant in Plaintiff's RICO Complaint: skipping poverty affidavits, suppressing motions, and dismissing while jurisdictional prerequisites remained unresolved.

By replicating that same pattern, the presiding judge has entwined himself with the factual predicates of the Complaint. No tribunal may fairly sit in judgment of its own alleged misconduct. This is not a matter of subjective bias; it is a matter of constitutional structure. See *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009); *In re Murchison,* 349 U.S. 133 (1955).

V. Constitutional Invalidity of Proceedings

Beyond procedural error, these proceedings are constitutionally invalid. Plaintiff's natural rights to life, liberty, and property — including the right to family integrity, ADA access, and trial by jury — preexisted government and were secured by the Constitution. As Blackstone wrote, such rights "are not surrendered when government was established." *Lochner v. New York*, 198 U.S. 45, 53 (1905).

Article III, § 2 and the Seventh Amendment preserve the right to a judicial forum and trial by jury. The Kansas Bill of Rights § 5 makes the right to jury trial inviolate. Yet across nine

lawsuits, Plaintiff has been denied a jury trial in every instance. This is not coincidence but systemic deprivation and the very reason for out-of-district 3 panel judges with experience and competency with RICO.

In *Gutierrez v. Saenz*, 606 U.S. __ No. 23–7809 (June 2025), the Supreme Court held that due process does not countenance "procedural sleight of hand" whereby a State extends a right with one hand and withdraws it with another. The District of Kansas has done exactly that: granting IFP while withholding summons (Doc. 13), then denying discovery as premature for lack of summons (Doc. 14). The result is paralysis disguised as procedure.

This Court has thus replicated the very predicate acts in Plaintiff's RICO Complaint: suppressing filings, ignoring poverty affidavits, denying ADA access, and mislabeling civil rights claims. Under *Caperton* and *Murchison*, a court cannot sit in judgment of its own alleged misconduct. Under *Gutierrez*, it cannot manipulate procedure to nullify substantive rights. Under Blackstone and the Kansas Bill of Rights, government cannot extinguish natural rights that existed before it.

Accordingly, the entire proceeding is constitutionally invalid and must be vacated.

VI. Relief

It is therefore incumbent upon this Court to acknowledge its error under Rule 59(e). The failure to adjudicate Doc. 4, the inversion of sequence by addressing Doc. 7 first, and the duplicative stall tactics of the Magistrate Judge all compel one conclusion: reassignment outside this District is not merely appropriate, it is required.

The matter should be referred to the Chief Judge Jerome A. Holmes of the Tenth Circuit under §§ 292(b) and 294 for designation of out-of-district judges to ensure both the reality and the appearance of impartial adjudication.

Respectfully submitted,                                   Dated: August 21, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Plaintiff Pro Se

1914 5th Ave., Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com | (913) 972-1661

Certificate of Service

I hereby certify that on August 21, 2025, I filed the foregoing via CM/ECF, which will send notice of filing to all counsel of record.

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson