IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS – WICHITA DIVISION


ANGELIINA LYNN LAWSON,

Plaintiff, pro se,

v.

ERIC W. GODDERZ, et al.,

Defendants.


Case No. 6:25-cv-01179-JWB-TJJ

JURY TRIAL DEMANDED

3 PANEL JUDGES

OUT OF DISTRICT REQUESTED


EMERGENCY MOTION FOR PROTECTIVE ORDER AND RESTORATION OF

PARENTAL ACCESS


COMES NOW the Plaintiff, Angeliina Lynn Lawson, pro se, and pursuant to Fed. R. Civ. P. 65,

26(c), and 42 U.S.C. §§ 1983, 12203, respectfully moves this Court to issue an Emergency

Protective Order to immediately restore Plaintiff's access to her disabled minor child and to

prevent further use of void or retaliatory state court orders to block her from participating in her

child's medical, educational, and therapeutic care.


I. INTRODUCTION AND GROUNDS FOR RELIEF

Plaintiff is the mother of a disabled minor child who has been subjected to extreme psychological harm, coercive loyalty binds, and medical neglect due to a coordinated campaign of parental alienation and ADA retaliation. Without any valid federal or state order terminating her rights, Plaintiff has been:

- Excluded from medical and therapy appointments;
- Prevented from communicating with providers and school officials;
- Repeatedly blocked from supervised visits;
- Framed as legally irrelevant based on voidable state court orders issued by judges now named as defendants in this RICO suit and without any subject matter jurisdiction.

This exclusion was facilitated by:

- The use of biased and vacated court orders from Leavenworth County (LV-2025-CV-000070);
- The refusal of therapists, psychiatrists, and school officials to honor Plaintiff's lawful parental role;
- The father's unilateral override of medical care, skipping appointments, and concealing medication noncompliance;
- Documentation that the father threatened to kill himself to manipulate the child away from treatment, confirmed by DCF notes.

The father currently exercises exclusive control over the child's medication and psychiatric treatment. The school nurse confirmed in writing that the father has refused to provide the child's prescribed medication to the school, resulting in an interruption of critical care. Despite the

child's diagnosis and need for consistent management, the father has unilaterally withheld access to necessary medication while simultaneously blocking Plaintiff from participating in medical decision-making. This not only places the child at serious medical and psychological risk, but also constitutes retaliatory interference with protected parental rights and an ongoing denial of ADA-related accommodations that previously included Plaintiff's oversight and coordination through the school nurse and therapy providers.

Defendants and co-conspirators, including mental health professionals and court-appointed officers, have exploited the state court system to eliminate Plaintiff's access and enable unchecked retaliation.

II. LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes the Court to enter a temporary restraining order or preliminary injunction to prevent immediate and irreparable injury. Where federal constitutional rights are at stake, including due process, equal protection, and rights under the Americans with Disabilities Act, federal courts may intervene to halt continued deprivation.

Relief is warranted where:

- The movant is likely to succeed on the merits;
- The movant will suffer irreparable harm absent relief;
- The balance of equities favors relief;
- The public interest supports enforcement of federal rights.

Plaintiff meets each prong: she has filed a federal RICO and ADA retaliation complaint, supported by evidence of misuse of legal process, suppression of evidence, and parental exclusion based on disability-related protected activity.

## III. RELIEF REQUESTED

Plaintiff respectfully requests that this Court issue an EMERGENCY PROTECTIVE ORDER as follows:

1. Immediate restoration of parental access, including:

   o Communication and participation with all current and former medical providers, including AdventHealth and therapist;

   o Access to school records, staff, teacher meetings, and health protocols;

   o Communication with minor child and restoration of mother and grandmothers contact information in child's communication device, laptops and computers.

2. Enjoin Defendant Jonathan Lawson and all agents or third parties (therapists, court providers, school personnel) from excluding Plaintiff unless ordered by a federal judge.

3. Invalidate and bar the use of void or state-level prejudicial orders (including from Case No. LV-2025-CV-000070 or frivolous PFA JO-2025-DM-001727) to interfere with Plaintiff's federally protected parental rights.

4. Appoint a neutral CASA through the Leavenworth CASA Center, to ensure the child's ADA rights, safety, medication management and emotional recovery are monitored and reported to this Court.

5. Order a status hearing within 10 days pursuant to Rule 65(b)(3) and provide interim access until that hearing occurs.

## IV. CONCLUSION

This Court must now act to stop the irreparable harm to Plaintiff and her child. The continued abuse of voidable state court orders, combined with intentional exclusion and silence from medical institutions, has created an urgent federal rights crisis. Plaintiff has no adequate state remedy, no parenting communication, and no legal recourse unless this Court intervenes.

Plaintiff therefore respectfully moves the Court to GRANT this Emergency Motion for Protective Order and enter the relief requested above.

## V. INCORPORATED EXHIBITS AND PRESERVED EVIDENCE

Plaintiff incorporates by reference the following filings as support for this Motion:

- Exhibit A – Emergency Motion to Vacate Void Custody Orders (KS Supreme Court)
- Exhibit B – Verified Petition for Writ of Prohibition (Case No. 129285) and Notice of Docket Maniuplation
- Exhibit C – Appellee's Waiver and Rule 6.02 Application (KS Court of Appeals)
- Exhibit D – Appellee's Notice of No Answer (Tenth Circuit Appeals)
- Exhibit E – Notice of Judicial Inaction and Continuing Irreparable Harm
- Exhibit F – DCF note reporting father's threats to kill himself
- Exhibit G – School nurse reporting father did not bring disability medication to school

These documents demonstrate that (1) the underlying state court orders are void; (2) the state judiciary has failed to provide redress; and (3) the Defendant has defaulted on appeal and waived his ability to contest any remedial action. The record confirms a pattern of retaliation,

obstruction, and deprivation of rights that meets the standard for emergency federal injunctive relief.

Respectfully submitted,                                    Dated: September 11, 2025

/s/ Angeliina Lynn Lawson

Pro Se Plaintiff

1914 5th Avenue, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com | (913) 972-1661

Certificate of Service

I hereby certify that on September 11, 2025, I filed the foregoing via CM/ECF, which will send notice of filing to all counsel of record.

/s/ Angeliina Lynn Lawson

Pro Se Plaintiff

IN THE SUPREME COURT OF THE STATE OF KANSAS

Appellate Case No.: 129285

ANGELIINA LYNN LAWSON,

Petitioner,

v.

JUDGE ERIC W. GODDERZ,

Respondent.

In re: Verified Petition for Writ of Prohibition against Hon. Eric W. Godderz

District Court Case No.: 2020-DM-131

EMERGENCY MOTION TO VACATE VOID CUSTODY ORDERS FOR LACK OF

SUBJECT MATTER JURISDICTION

COMES NOW the Petitioner, Angeliina Lynn Lawson, appearing pro se, and respectfully submits this specific Emergency Motion within the above-captioned Writ of Prohibition proceeding, and moves this Honorable Court to issue an Order vacating all custody and parenting orders issued by Judge Eric W. Godderz in Case No. 2020-DM-131 (Anderson County District Court), on grounds that such orders are void ab initio due to the court's lack of subject matter jurisdiction under Kansas law.

## I. LEGAL BASIS FOR RELIEF

This Motion is brought pursuant to K.S.A. 60-260(b)(4), which authorizes relief from orders and judgments that are "void." A judgment is void if the issuing court lacked jurisdiction over the subject matter at the time it was entered. *State v. Mertz*, 258 Kan. 745 (1995); *State v. Sims*, 254 Kan. 1 (1993).

Additionally, under K.S.A. 23-2703 and K.S.A. 60-609, venue and jurisdiction for divorce and custody proceedings are determined by the residence of the parties. Neither Petitioner nor Respondent resided in Anderson County at the time of filing and there has been two attempts to challenge jurisdiction with judge refusing to grant a hearing on them. As such, Anderson County District Court was without lawful authority to adjudicate the matter, and all proceedings stemming from that filing are invalid.

## II. FACTUAL BACKGROUND

1. Petitioner and the minor child have continuously resided in Johnson and Leavenworth Counties since the time of the divorce.

2. The divorce and custody action was improperly filed in Anderson County (Case No. 2020-DM-131), despite no party meeting the residency requirements of K.S.A. 23-2703.

3. Petitioner filed a motion to transfer venue twice under K.S.A. 60-609, which the court failed to address.

4. On October 29, 2024, Judge Godderz stated on the record at the end of another hearing:

   *"I will never allow any case to leave my county. I am too familiar with the parties, especially that mother."*

5. Judge Godderz subsequently issued zero-contact temporary custody and parenting orders, including an emergency ex parte order (Index #16) for no emergency, without holding a hearing, without proper service, and without legal jurisdiction and severed a disabled mother and her disabled child bond for no cause, no evidence of unfitness.

6. Petitioner filed a Notice of Removal May 6, 2025 to federal court, triggering the automatic stay under 28 U.S.C. § 1446(d). Judge Godderz continued issuing orders in violation of federal law.

7. With each passing day that the void custody order remains uncorrected, the minor child suffers greater psychological harm and detachment from the Petitioner. These conditions are consistent and documented with clinical patterns of parental alienation, a form of child abuse which the Kansas courts have acknowledged can constitute endangerment.

8. The minor child has expressed to Petitioner that he wishes to spend more time with her, but feels he must suppress that desire in order to maintain closeness with his father. The child has canceled visits to appease the father, indicating emotional pressure and psychological coercion. There is no evidence that the father is willing or able to co-parent, and his counsel appears to encourage obstruction of reunification efforts and defiance of prior court orders.

9. While Petitioner remains in procedural limbo due to ongoing federal litigation, the father has taken advantage of the delay to undermine the parent-child relationship. Since receiving temporary sole custody, the father has failed to provide any photographs,

updates on the child's well-being, school progress, or medical care and it has been 11 months. Instead, he has actively deleted the mother's contact from school records, removed her from medical provider access, and erased the child's ability to communicate with her through his phone and laptop. These actions serve to isolate, control, and dominate the child, resulting in unlawful separation that is both medically and developmentally harmful.

## III. ARGUMENT

Orders issued without subject matter jurisdiction are void ab initio and must be vacated. *Welliver v. Welliver*, 254 Kan. 801 (1994); *Castro v. Secretary of SRS*, 235 Kan. 491 (1984).

The Anderson County District Court lacked jurisdiction to adjudicate custody under K.S.A. 23-2703 because no party resided there. Venue was never confirmed under K.S.A. 60-609. All subsequent orders, including custody and parenting restrictions, are therefore nullities.

Additionally, the court's continuation of proceedings after a federal removal violated 28 U.S.C. § 1446(d), further voiding the actions of the state court.

## IV. RELIEF REQUESTED

Petitioner respectfully requests this Honorable Court to:

1. Declaratory judgement that Anderson County District Court lacked subject matter jurisdiction in Case No. 2020-DM-131;

2. Vacate all custody, parenting time, and related orders issued by Judge Eric W. Godderz in that case 2020-DM-131 as void ab initio;

3. Order immediate restoration of full parental rights to Petitioner;

4. Enjoin any further enforcement of said void orders in any court;

5. Grant such other and further relief as justice requires.

Respectfully submitted,                                    Dated: August 5, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson

Pro Se Petitioner

1914 5th Ave., Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com

(913) 972-1661

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 5th day of August, 2025, I served a true and correct copy of the foregoing Emergency Motion to Vacate Void Custody Orders for Lack of Subject Matter Jurisdiction upon the following parties by depositing same in the United States Mail, first-class postage prepaid where applicable:

Hon. Eric W. Godderz

District Judge – 4th Judicial District

Anderson County Courthouse

100 E. 4th Ave.

Garnett, KS 66032

(Respondent Judge)

BreAnne Hendricks Poe

Attorney for Jonathan Lawson

The Law Office of BreAnne H. Poe

427 S. Main Street

Ottawa, KS 66067

Email: breanne@breannepoelaw.com

(Real Party in Interest)

Respectfully submitted,

/s/ Angeliina Lynn Lawson

Pro Se Petitioner

1914 5th Ave., Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com | (913) 972-1661

IN THE SUPREME COURT OF THE STATE OF KANSAS

In re: Writ of Prohibition against Hon. Eric W. Godderz

Case No.: 129285

Related Lower Court Case: Anderson County Case No. 2020-DM-131 currently removed to federal appeals 10th circuit

Petitioner: Angeliina Lynn Lawson
Pro Se
1914 5th Ave., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

Respondent: Hon. Eric W. Godderz
District Judge, Fourth Judicial District
Anderson County Courthouse
Garnett, KS 66032

**VERIFIED PETITION FOR WRIT OF PROHIBITION**

(Lack of Subject Matter Jurisdiction—All Orders Void ab Initio)

**TO THE HONORABLE JUSTICES OF THE KANSAS SUPREME COURT:**

Petitioner, Angeliina Lynn Lawson, appearing pro se, respectfully petitions this Court to issue a Writ of Prohibition restraining Judge Eric W. Godderz, District Judge of the Fourth Judicial District, further action in Case No. 2020-DM-131, on grounds that Anderson County District Court has exercised jurisdiction unlawfully from inception. Because venue and subject matter jurisdiction were never established under Kansas law, all resulting orders are void ab initio.

**I. LEGAL BASIS FOR WRIT**

A writ of prohibition is appropriate when a lower court exceeds its jurisdiction. See *State v. Lynch*, 301 Kan. 580 (2015). A court that exercises power in the absence of subject matter jurisdiction renders its orders legally void. *State v. Mertz*, 258 Kan. 745 (1995); *State v. Sims*, 254 Kan. 1 (1993).

## II. FACTUAL BACKGROUND

1. This matter arises from a divorce petition filed by Jonathan David Lawson in Anderson County in 2020. Neither party has ever resided in Anderson County, and no statutorily sufficient grounds under **K.S.A. 23-2703 and 23-2708** were satisfied, which mandates that a divorce may only be filed in the county "in which the petitioner has been an actual resident for 60 days preceding the filing." When the court lacks proper venue and residency is absent, the filing is improper and jurisdictionally defective.

2. Petitioner and the minor child have continuously resided in Johnson and Leavenworth Counties since the time of the divorce. All familial, educational, religious, medical, and community ties—including friends, extended family, sports teams, religious institutions, extracurricular activities, witnesses, and relevant court services—are located nearly two hours away from Anderson County.

3. This distance imposes an undue burden on Petitioner, especially as a pro se litigant proceeding under a poverty affidavit, making it functionally impossible to appear in person, access physical records, or secure witnesses.

4. The travel requirements also force Petitioner to miss work, creating additional financial hardship and obstructing her constitutional right to access the courts.

5. The child nor parent have any services or connections in Anderson County. Despite this, the matter was adjudicated in Anderson County where Judge Godderz retained the case.

6. Judge Godderz refused to confirm venue or jurisdiction under **K.S.A. 60-609**, despite two formal motions to transfer venue and a joint stipulation from attorneys acknowledging improper venue.

7. During the end of October 2024 hearing, Judge Godderz asked if there is any other items of business to which Petitioner's former counsel brought up the Motion to Change Venue that was never allowed to have a hearing. Judge Godderz openly stated: "No! I will never allow any case to leave my county. I am too familiar with the parties, especially that mother." This is evidence of bias and extrajudicial motivation to retain cases improperly.

8. Following Petitioner's efforts to transfer venue, Petitioner experienced a pattern of retaliation, extortion, coercion:

   - Judge Godderz issued a custody-altering order based on an emergency ex parte motion (Index #16), without providing Petitioner with notice, an opportunity to read the supporting GAL email, or a hearing. This action violated Petitioner's rights under the Fourteenth Amendment, **K.S.A. 60-255, K.S.A. 23-3203, and K.S.A. 23-3401(b)(2).** Further, the denial of access to court communications and refusal to permit Petitioner to speak or read filings during the hearing, cross-examine the GAL, there was never an evidentiary hearing that followed. while knowing of her ADA-requested accommodations, violated **42 U.S.C. § 12132 and § 12203** (ADA Title II and retaliation). Petitioner still, today, does not have a copy

of this motion because the GAL, opposing counsel and clerk have all refused to provide a copy yet all hearings have been based on this email.

- All orders stemming from this unlawful ex parte proceeding are void ab initio.
- Under the spirit of **K.S.A. 23-3401(b)(2),** a denial of custody or parenting time under a temporary order requires a hearing within 21 days of the request. Petitioner has been denied access with her child for 11 months, from September 17, 2024 to present, without a hearing or evidentiary review, in direct violation of Kansas statute and constitutional due process. Justice delayed is justice denied.
- Petitioner was granted only one supervised visit per week for two hours for trying to move the venue and the father delayed the start of this for 3 months with no consequences and is currently refusing to pay his portion and repeatedly cancels visits stretching out weeks in between.
- Child has stated during supervised visits that "in order to be close with my Dad I know I have to erase you." Judge Godderz used his courtroom to orchestrate state-sanctioned parental erasure just to keep the case in his county for political or economic reasons and under the watch of Chief Judge Taylor Wine.
- When Petitioner's counsel began preparing for trial by issuing subpoenas and presenting witness lists the opposing counsel emailed not sure what the trial is for showing there was no thoughts of Petitioner's unfitness as a parent but once opposing counsel learned that Petitioner was setting up witnesses and subpoenas then and only then did the opposing counsel threaten a motion for a psychological evaluation against Petitioner to obstruct justice. This retaliation for proper due process procedure is unethical and coercive to prevent change of venue.
- ADA accommodations were denied repeatedly, including access to CART during hearings, Zoom links were never sent out as Pro Se litigant, denial of CART notes, and hearing transcripts.

9. Petitioner was never properly served the divorce petition or subsequent notices of hearings and orders. She was excluded from proceedings and filings due to clerical suppression and obstruction. This denial of notice violates **K.S.A. 60-304 and K.S.A. 60-255**, as well as the Fourteenth Amendment.

10. Judicial and court officer communications uncovered through KORA requests show that internal court staff circulated personal statements smearing Petitioner's reputation in communications with ADA coordinators, court staff, clerks and legal officials, in violation of due process and administrative neutrality.

11. Guardian ad Litem Andrew Bolton began fraudulently billing and exerting influence in the case before his formal appointment, and engaged in ex parte communications with Judge Godderz, DCF and opposing counsel. Bolton threatened the minor child to do worse to his mother (Petitioner) if he continued to report abuse and made therapy decisions that denied the child ADA-protected accommodations. Bolton continues to act under improper authority. Father's

suicidality was documented by DCF but dismissed by the Judge while restricting Petitioner's access to minor child who showed no signs of instability or unfitness.

12. Petitioner filed ADA grievances that were obstructed by judicial ADA coordinators Kelly Johnson and Jolene Zirkle. These grievances were wrongfully closed, or interfered with by unauthorized parties, in retaliation for federal filings and protected activities.

13. A judicial complaint, motions to recuse, GAL misconduct, tampering of docket, notices of fraud, federal civil rights action, and federal removal (2:25-cv-02199 appealed to 10th Circuit) were filed by Petitioner. Despite the automatic stay provisions of **28 U.S.C. § 1446(d)**, Judge Godderz proceeded with hearings, orders that were never served to Petitioner, entertaining motions from opposing counsel that were also never served to Petitioner, violating federal law.

14. Anderson County exhibits a systemic pattern of improperly retaining "emergency" divorce and custody filings from across Kansas. Public bond records and tax increases raise credible concerns that these family court cases generate financial benefits for local institutions such as the county hospital or court-appointed vendors, creating a perverse incentive structure.

15. By accepting the initial divorce filing without jurisdiction, the Court committed a fundamental legal error, nullifying every subsequent order—including divorce, temporary custody changes, ex parte modifications, appointment of the Guardian Ad Litem, and financial determinations—under *In re Marriage of Welliver*, 254 Kan. 801 (1994) (jurisdiction cannot be assumed; it must appear affirmatively from the record).

16. In addition to the jurisdictional defect, the record reflects material fraud on the court by Petitioner Jonathan David Lawson, who:

a. Failed to disclose substantial assets, business appraisal and income during the original divorce proceedings in violation of Kansas law requiring full and fair financial disclosure (see *In re Marriage of Wherrell*, 274 Kan. 984 (2002));

b. Withheld banking, forgiven PPP loans, employment, and retirement information from the Petitioner but used her financial documents to block her from receiving COVID aid, impeding equitable division;

c. Used shell accounts, asset transfers, vehicles and informal payment streams that were never disclosed to the court during financial discovery or enforcement hearings;

d. Violated local rules of mandatory disclosure under Kansas domestic relations procedure, committing perjury or omission to manipulate court outcomes.

17. This fraud, once brought to the court's attention, was never investigated or remedied by Judge Godderz, who refused to enforce discovery, enforce child support expenses or maintenance in the arrears appx. $32,000 or compel financial disclosures—denying Petitioner any opportunity to challenge the integrity of the financial settlement.

18. Under **Rule 60(b)(3)** and *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), fraud on the court is an extraordinary ground for vacating judgments, especially when:
    1. The fraud is intentional;
    2. It materially affects the court's ability to adjudicate fairly;
    3. The fraud causes one party to be deprived of a meaningful hearing.
19. Because this fraud was committed in a court that never had jurisdiction to adjudicate the divorce in the first place, any order relying on those misrepresentations is doubly void: both for lack of jurisdiction and for constitutional fraud.
20. Petitioner was never properly served with the divorce petition, nor was she provided with any notice of hearings, orders, filings, or judicial actions, in violation of:

    - **K.S.A. 60-304** (service of process);
    - **U.S. Const. Amend. XIV** (Due Process);
    - **K.S.A. 60-255**, requiring opportunity to defend before default or adverse rulings.

21. The Anderson County Clerk's Office failed or refused to send notice of hearings or filings to Petitioner at any point during the proceedings. This denial of fundamental notice amounts to a constructive denial of access to the courts as a qualified individual with a disability, and renders all resulting orders void for want of due process.
22. Judge Godderz has established a disturbing pattern of accepting "emergency" divorce filings from outside Anderson County, bypassing statutory venue restrictions in **K.S.A. 23-2703** and **23-2708**, which has:

    - Attracted thousands of divorce and custody filings statewide into a rural district lacking connection to the parties;
    - Created a court pipeline that grants one-sided relief to petitioners with ex parte temporary orders immediately against the other side before they have a chance to be served while denying due process to parents;
    - Resulted in unreviewable, often secretive court orders that cannot be appealed due to suppression of notice and failure to issue timely orders.

23. Reports and public bond data indicate that Anderson County carries hospital and infrastructure debts disproportionate to its tax base, raising alarming questions about whether the influx of family law cases—including forced predatory alienation against any parent who is enforcing their constitutional rights and parental protections into poverty to silence them, removal of children to coerce and extort financially forcing psychological evaluations, supervised visits, GAL appointments, and court-ordered therapy—financially props up private and public slush funds through:

- Court appointments and contracts padded through unaccountable judicial discretion;
- GAL fees, supervised visit charges, and court-appointed therapist that do not report child abuse filtered through local vendors connected to the judiciary;
- Municipal bonds whose solvency may be quietly subsidized by the volume of statewide family cases improperly venued in Anderson County.

24. This is a systemic pattern of:

- Racketeering and civil conspiracy to obstruct parental rights and financial justice;
- Forum shopping and judicial trafficking of family court litigants into a debt-leveraged jurisdiction;
- Ongoing fraud on the court, civil rights violations, and deprivation of property without due process, in violation of **42 U.S.C. §§ 1983, 1985(3), 12132, and 18 U.S.C. § 1341 et seq.**

25. Petitioner previously filed a related Writ of Mandamus (**#128839** filed on March 13, 2025) which has still not been placed on the docket for hearing. This Petition incorporates those filings by reference and preserves all claims therein.

Because jurisdictional fraud, absence of notice, lack of service, and financial exploitation are present, no presumption of regularity applies to any ruling in Case No. 2020-DM-131. The entire case must be treated as void ab initio under Kansas and federal law.

## III. LAW AND ANALYSIS

### A. Subject Matter Jurisdiction and Venue

- Under **K.S.A. 23-2703 and 23-2708**, residency and venue are a jurisdictional prerequisite to initiating divorce proceedings.
- Courts are not permitted to waive, presume, or overlook venue defects.
- The failure to transfer venue after an uncontested request renders further proceedings unlawful under **K.S.A. 60-602, 60-604, and 60-609**.
- Failure to confirm venue at the inception of the action deprives the court of subject matter jurisdiction. Venue is a component of subject matter jurisdiction. *In re Marriage of Welliver*, 254 Kan. 801 (1994).
- *See also*: *State ex rel. Secretary of SRS v. Castro*, 235 Kan. 491 (1984); *City of Overland Park v. Nikias*, 209 Kan. 643 (1972).

### B. Orders Made Without Jurisdiction Are Void Ab Initio

- An order made without subject matter jurisdiction "is a legal nullity, of no effect." *State v. Sims*, 254 Kan. 1 (1993).
- This includes divorce, change in custody, GAL appointments issued under void jurisdiction.

- The court's ongoing conduct amounts to a usurpation of judicial authority, and a Writ of Prohibition is the only remedy to halt this systemic abuse.

*C. Improper Venue as Jurisdictional Overreach Rendering All Orders Void*

Although venue is technically distinct from subject-matter jurisdiction, Kansas law recognizes that a court must still operate within the bounds of lawful authority. Under **K.S.A. 23-2703 and 23-2708** and **K.S.A. 60-602, 60-604, and 60-609**, family law cases such as divorce and custody must be filed in the proper county of residence, and when venue is challenged, the court is required to transfer the case to the correct jurisdiction.

In this case, Judge Godderz was presented with undisputed evidence, and even stipulations from all attorneys, that neither party resided in Anderson County, and thus venue was facially improper. Yet, Judge Godderz refused to rule on the venue transfer motion for nearly a year, ultimately declaring on the record:

*"I will never allow any case to leave my county. I am too familiar with the parties, especially that mother."*

This refusal to relinquish a case that never properly belonged in his jurisdictional district constitutes an unlawful retention of power. While Kansas courts possess general subject-matter jurisdiction over domestic cases, venue rules act as jurisdictional restraints when they are knowingly and deliberately violated to deprive a party of a fair and lawful forum. The Kansas Supreme Court has held that a court acts without jurisdiction or authority when it proceeds in a matter that does not legally belong before it due to statutory limitations (see *Bleakley v. Smart*, 74 Kan. 476).

Accordingly, when Judge Godderz continued to act in this case despite the acknowledged venue defect and refused to perform the ministerial act of transferring the case under **K.S.A. 60-609**, he exceeded the lawful scope of judicial authority, rendering his orders void for lack of jurisdictional power. This is not a mere procedural error—it is an abuse of discretion so severe that it strips the court of legitimacy under both Kansas law and the Fourteenth Amendment's Due Process Clause.

*Where a court exercises authority it affirmatively knows it does not possess, its orders are not merely voidable—they are void ab initio.*

**Inadequacy of Other Remedies.** While the ordinary remedy for legal error would be an appeal to the Kansas Court of Appeals following entry of a final judgment, no such judgment has been entered in this case—nor is one likely to be, due to the ongoing conduct of the presiding judge, which has effectively stalled the proceedings. Petitioner is thus trapped in a procedural catch-22: unable to appeal without a final judgment, yet suffering ongoing irreparable harm—including the loss of parental rights and denial of due process—that cannot await indefinite resolution. Kansas law does not generally allow interlocutory appeals from temporary custody orders or from refusals to rule on disqualification motions. Moreover, traditional remedies such as motions, administrative

requests, and local procedures have proven ineffective or been affirmatively obstructed. Accordingly, no plain, speedy, or adequate remedy exists in the ordinary course of law, and this Petition for Writ of Prohibition is both necessary and appropriate under these extraordinary circumstances.

## IV. PRESERVATION OF FEDERAL CLAIMS

- Petitioner reserves all federal claims under:
    - **42 U.S.C. § 1983 (civil rights violations)**
    - **42 U.S.C. § 12132 (ADA Title II)**
    - **42 U.S.C. § 12203 (ADA retaliation)**
    - **18 U.S.C. §§ 1341, 1343 (mail/wire fraud)**
    - **18 U.S.C. § 1962 (civil RICO pattern of predicate acts)**

This Writ is not only about a breakdown in procedure—it is about a disabled child who has been cut off from his mother without lawful cause or hearing. It is about a disabled parent systematically excluded from the very court proceedings used to label her unfit, without ever being allowed to defend herself. The law provides remedies not just for technical wrongs, but to restore dignity and fairness when entire systems fail.

## V. REQUEST FOR JUDICIAL DISQUALIFICATION OR SUSPENSION UNDER RULE 611

Petitioner respectfully requests that this Honorable Court take additional action under **Kansas Supreme Court Rule 611**, which permits the suspension, discipline, or removal of a judge whose conduct compromises impartiality, judicial integrity, or fitness to serve**.**

Judge Eric W. Godderz has demonstrated ongoing, disqualifying bias and misconduct that warrant immediate disqualification or administrative suspension from further proceedings in Case No. 2020-DM-131 or any related matters involving Petitioner or her minor disabled child. Specifically:

- Judge Godderz refused to confirm jurisdiction or transfer venue**,** despite two formal motions and agreement from all attorneys that venue was improper under **K.S.A. 23-2703 and 23-2708 and K.S.A 60-602, 60-604, and 60-609;**
- On the record, Judge Godderz admitted: *"No! I will never allow any case to leave my county. I am too familiar with the parties, especially that mother."* This statement demonstrates both bias and a refusal to follow the law, constituting cause for recusal and discipline;
- The judge retaliated against, financially coerced, and intimidated Petitioner for filing change of venues, ethics complaints and ADA grievances by granting a one-sided motion to compel a psychological evaluation of Petitioner, while ignoring documented abuse reports, police reports, child pornography, sexually explicit demands to a minor child, DCF documentation of father's threats to kill

himself if disabled child continues to take his medication and due process, litigation abuse, fraud and extortion violations by the opposing party;

- Judge Godderz continued proceedings, issued orders, entertained opposing counsels motions to financially coerce Petitioner, allow father to break court orders and not pay and cancel supervised visits to de facto terminate Petitioner's parental rights post-removal to federal court, in violation of **28 U.S.C. § 1446(d),** further demonstrating disregard for jurisdictional boundaries and federal supremacy;
- Petitioner has filed a formal judicial ethics complaint (**Supreme Court Rule 611**), Writ of Mandamus (**#128839**), and in federal court Writ of Habeas Corpus, Writ of Certiorari for the clerk to stop sabotaging the federal removal and committing fraud on the court by misrepresenting in the docket that a hearing occurred on the venue motion on October 29, 2024, when in fact no such hearing took place, thereby manufacturing a false record to defeat appeal or federal review. This documented systemic denial of due process, ADA violations, suppression of filings, refusal to issue orders, improper delegation of judicial duties, and ex parte conduct—all of which support immediate judicial discipline.

Because Judge Godderz's conduct has rendered meaningful relief impossible in his courtroom, his chambers, and reach into other courts to influence state judges over other cases as Petitioner works legally to find remedy and reflects a pattern of systemic abuse and conspiracy to deprive Petitioner of constitutional and parental rights. Petitioner requests that the Court take up this matter under **Rule 611** and permanently disqualify Judge Godderz from all proceedings and matters involving Petitioner and her child.

## VI. RELIEF REQUESTED

WHEREFORE, Petitioner prays for this Honorable Court to:

1. Issue a Writ of Prohibition restraining Judge Eric W. Godderz from any further action in Case No. 2020-DM-000131;
2. Declare void ab initio all prior orders issued in said case due to the fundamental error defect in subject matter jurisdiction;
3. Mandate immediate transfer of the case to Johnson County, the only county with jurisdictional standing;
4. That the Court preserve all facts and findings herein for reference in any ongoing or future federal proceedings;
5. Grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted,                                     Date: July 1, 2025


Angeliina Lynn Lawson
Pro Se Petitioner
1914 5th Ave., Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com
(913) 972-1661


## CERTIFICATE OF SERVICE

I, the undersigned, certify that on this 1st day of July, 2025, I filed the foregoing:

**Verified Petition for Writ of Prohibition**,
including Appendix of Exhibits,

with the Clerk of the Kansas Supreme Court using the US Mail. I further certify that a true and correct copy of the foregoing was also served via US Mail certified mail to any non-registered parties as required.

- Hon. Eric W. Godderz
  District Judge, Fourth Judicial District
  Anderson County Courthouse
  100 E 4th Ave
  Garnett, KS 66032
- BreAnne Hendricks Poe
  Attorney for Jonathan Lawson (Petitioner in lower court)
  The Law Office of BreAnne H. Poe
  427 S. Main St., Ottawa, KS 66067

Respectfully submitted,




Angeliina Lynn Lawson
Pro Se Petitioner
1914 5th Ave., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

Date: July 1, 2025

IN THE DISTRICT COURT OF ANDERSON COUNTY, KANSAS
FOURTH JUDICIAL DISTRICT

Case No. 2020-DM-000131
In the Matter of the Marriage of:

Federal Removal 5:25-cv-4045 on May 6, 2025

10th Circuit Appeal (pending) 25-3097 on June 2, 2025

JONATHAN DAVID LAWSON,

Petitioner

and

ANGELIINA LYNN LAWSON,

Respondent

## NOTICE OF DOCKET MANIPULATION, NON-SERVICE, AND DEMAND FOR RECORD PRESERVATION REGARDING GAL WITHDRAWAL ORDER (INDEX #51)

COMES NOW the Respondent, Angeliina Lynn Lawson, appearing pro se and as a qualified individual under the Americans with Disabilities Act (ADA) and blocked from accessing her own files submits this Notice of Record Tampering, Non-Service, and Demand for Preservation relating to the Order Permitting Withdrawal of Guardian ad Litem Andrew Bolton, docketed June 6, 2025 as Index #51.

## I. NOTICE OF NON-SERVICE AND PROCEDURAL VIOLATION

As of the date of this filing (June 18, 2025), I have not received any copy—by mail or certified service—of the Order entered June 6, 2025 (Index #51), titled *"Order Permitting Withdrawal (Andrew Bolton, GAL)"* or (Index #53) *Memorandum & Order: filed in the United States District Court.*

- On May 28, 2025, I received a paper copy of Indexes #49 and #50 (the GAL's Motion to Withdraw and Motion for Fees), which were filed May 22 and mailed May 23—no certified mail was used.

- On June 13, 2025, I received a paper copy of Index #52, which had been filed June 9 but delayed in mailing until June 11.
- At the time of receiving Index #52 on June 13, no Order permitting the GAL's withdrawal was included or in the docket history online, despite its alleged entry on June 6, 2025.
- Downloaded official pleadings history from the Anderson County portal at 8:39 PM on June 6, 2025, and Index #51 was not present. Nor was it present on June 13 when Index #52 arrived. It now appears, as of June 18, 2025.

This discrepancy raises serious concerns that the order may have been backdated or added to the docket without public visibility, violating my rights under K.S.A. 60-205, Supreme Court Rule 123, and due process guarantees under the Fourteenth Amendment.

## II. PREJUDICE TO PARENTAL AND CONSTITUTIONAL RIGHTS

This Order directly implicates matters related to:

- My ability to request sanctions, financial discovery, and billing transparency from the GAL prior to withdrawal;
- My ability to preserve evidence for my federal civil rights complaint and ADA retaliation claims;
- My appellate rights to raise judicial misconduct and due process violations stemming from GAL overreach, misrepresentation and fraud on the court.

To this day, I have not received any notification or copy of the Order listed as Index #51 or #53. This lack of notice invalidates the order as applied to me, and its delayed appearance on the docket is highly prejudicial and constitutes constructive fraud on the court.

## III. NOTICE OF FEDERAL APPELLATE JURISDICTION AND SUPPRESSION

I also note the Anderson County docket fails to reflect the Notice of Appeal filed on May 30, 2025, to the Tenth Circuit Court of Appeals (Appeal No. 25-3097), which was formally docketed on June 2, 2025. The omission of this critical jurisdictional record creates the false appearance that full control remains with this Court, thereby concealing the jurisdictional boundaries imposed by federal appellate review.

This misrepresentation has already caused prejudice, as evidenced by a June 18, 2025 email from opposing counsel BreAnne Poe, in which she issued intimidation threats involving financial coercion, and proud of her client violating court orders and falsely claimed the case was *"Now that the case is back before Judge Godderz,"* Her statement reflects not only a lack of experience and misunderstanding of the case's jurisdictional posture but also a continual pattern of an improper familiarity with anticipated judicial outcomes, raising continued pattern of undue influence, retaliation, judicial co-counseling with opposing counsel, and pre-hearing bias. These coordinated actions, involving misrepresentation, judicial access, and retaliatory threats across state actors and officers of the court are establishing a pattern of conduct consistent with the elements of a civil racketeering enterprise under 18 U.S.C. § 1962.

## IV. NOTICE OF OPPOSING COUNSEL'S MISCONDUCT AND PRESERVATION OF FEDERAL CLAIMS

Respondent also places into the record the formal notice of continued misconduct by opposing counsel, BreAnne Hendricks Poe, including violations of:

- Kansas Rules of Professional Conduct (Rules 3.3, 3.4, 4.4, and 8.4),
- Fraud on the court by misrepresenting jurisdictional facts and supporting retaliatory obstruction,
- ADA Title II (42 U.S.C. § 12132) and Title III (42 U.S.C. § 12182) by using disability-based poverty as grounds to deny or restrict parenting access,
- 42 U.S.C. § 12203(b) by threatening financial punishment following protected ADA advocacy,
- And initiating actions (via email on June 18, 2025) that constitute predicate acts under 18 U.S.C. § 1962(c) for a pattern of racketeering activity across judicial officers, GALs, and counsel.

These actions are now part of the record in both this court and the pending appeal under Tenth Circuit Case No. 25-3097, and are being referred to the following for further investigation:

- U.S. Department of Justice, Civil Rights Division (ADA enforcement),
- U.S. Attorney's Office for civil rights pattern review,
- Kansas Office of Disciplinary Administrator,
- Federal Bureau of Investigation.

Respondent reserves the right to seek sanctions, disqualification, civil rights damages, and treble damages under RICO (18 U.S.C. § 1964) as the pattern of retaliation and obstruction continues.

## V. RELIEF AND RECORD PRESERVATION DEMAND

I hereby request that the Court and Clerk formally:

1. Enter this Notice into the record to preserve the procedural objection;
2. Confirm the actual entry date of Index #51 and whether it was back-entered, misdated, or uploaded outside public visibility;
3. Certify the mailing date of Index #51 and Index #53, and why I was not served;
4. Acknowledge that any adverse consequences flowing from this Order are disputed as violating notice, ADA rights, and due process;
5. Preserve all internal docket edits and document metadata regarding Index #51 and #53 for federal appellate review and civil rights litigation;
6. Correct the docket to reflect that this case is now under federal appellate review, and that any jurisdictional actions taken post-removal and post-appeal are undertaken at risk of being vacated.

# CONCLUSION

I reserve all rights under:

- ADA Title II (42 U.S.C. § 12132),
- ADA anti-retaliation (42 U.S.C. § 12203),
- Civil Rights Act (42 U.S.C. § 1983), and
- Federal removal authority (28 U.S.C. § 1443 and § 1446(d)).

This notice is filed in good faith, to preserve all appellate challenges, to prevent further administrative prejudice, and to request immediate administrative correction.

Respectfully submitted,                                    Dated: June 18, 2025

Angeliina Lynn Lawson
Pro Se | ADA-Protected Litigant
1914 5th Avenue
Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

# CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2025, a true and correct copy of the attached filing entitled "NOTICE OF DOCKET MANIPULATION, NON-SERVICE, AND DEMAND FOR RECORD PRESERVATION REGARDING GAL WITHDRAWAL ORDER (INDEX #51)" will be served through the Clerk of the Anderson County District Court, as I do not have access to electronic court filings and receive court documents only by postal mail two weeks late.

Service to the following parties will occur via the clerk's distribution process upon docketing:

- **Breanne Poe**, Counsel for Jonathan Lawson
  Email: breanne@breannepoelaw.com
- **Clerk of the Court**, Anderson County District Court (for docket preservation and official service)

This certificate is submitted to preserve procedural fairness and federal record accuracy.

Respectfully submitted,

Angeliina Lynn Lawson
Pro Se | ADA-Protected Litigant
1914 5th Avenue
Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

Exhibit C

Case No. 25-129341-A

## IN THE COURT OF APPEALS OF THE STATE OF KANSAS

---

### ANGELIINA LYNN LAWSON

**Plaintiff — Appellant**

**vs.**

### JONATHAN DAVID LAWSON

**Defendant — Appellee**

---

### <u>NOTICE AND WAIVER</u>

TAKE NOTICE Appellee, Jonathan David Lawson, will not appear in the above appellate proceedings and waves his right to file a brief or otherwise respond to the Brief of Appellant filed herein. Appellee further states he has reviewed Kansas Supreme Court Rule 7.02(f)(l) and waives his right to be heard at oral arguments before this court.

Jonathan David Lawson
7029 Round Prairie St
Shawnee, Kansas 66226
(913) 972-1820
jlawson105@gmail.com

1

## **Certificate of Service**

I hereby certify that a copy of the above Notice and Waiver was mailed by depositing the same in the U.S. Mail, postage prepaid, addressed to Angeliina Lynn Lawson, 1914 5th Avenue, Leavenworth, Kansas 66048 this 5th day of September, 2025

Jonathan David Lawson

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

Appeal Case No. 129341

ANGELIINA LYNN LAWSON,

Plaintiff–Appellant,

v.

JONATHAN DAVID LAWSON,

Defendant–Appellee.

NOTICE OF APPELLEE'S WAIVER AND APPLICATION OF KANSAS SUPREME COURT

RULE 6.02(a)(2)

COMES NOW the Appellant, Angeliina Lynn Lawson, and respectfully submits this Notice to advise the Court of the following:

1. On or about September 5, 2025, the Appellee, Jonathan David Lawson, filed a signed Notice and Waiver stating that he:

   o Will not appear in the appellate proceedings;

   o Waives his right to file a response brief; and

   o Waives his right to participate in oral argument under Kansas Supreme Court Rule 7.02(f)(1).

2. Under Kansas Supreme Court Rule 6.02(a)(2), the effect of Appellee's waiver of briefing is as follows:

*"If the appellee does not file a brief, the court may accept the appellant's statement of the facts as correct."*

3. As of the date of this filing, no appellee brief has been filed or served, and no motion for extension appears in the appellate docket. Accordingly, Appellant respectfully notifies the Court that all factual statements and record citations in the Appellant's Opening Brief, filed on August 18, 2025, stand uncontroverted for purposes of review.

4. Appellant further notes that the issues on appeal concern due process violations, ADA retaliation, judicial irregularities, and sanctions entered without motion or notice, and are therefore constitutionally significant. The Court's consideration of these matters is now based solely on the record and arguments presented by Appellant.

RELIEF REQUESTED

Appellant respectfully requests that this Honorable Court:

- Take judicial notice of Appellee's waiver;

- Apply Rule 6.02(a)(2) in evaluating the facts and arguments presented;

- Proceed to decision without oral argument, unless otherwise scheduled or requested by the Court.

Respectfully submitted,                               Dated: September 10, 2025

/s/Angeliina Lynn Lawson

Appellant, pro se

1914 5th Avenue, Leavenworth, KS 66048

angeliinacourtrecords@gmail.com | (913) 972-1661

Certificate of Service

I hereby certify that on this 10th day of September, 2025, a true and correct copy of the foregoing was mailed and electronically served upon:

Jonathan David Lawson

7029 Round Prairie Street

Shawnee, KS 66226

jlawson105@gmail.com

Appellee has waived participation under K.S.A. Rule 7.02(f)(1), but remains a named party and was served consistent with Kansas appellate procedure.

Respectfully submitted,

/s/ Angeliina Lynn Lawson

IN THE SUPREME COURT OF THE STATE OF KANSAS

Appellate Case No. 129285

ANGELIINA LYNN LAWSON,
Petitioner,

v.

HON. ERIC W. GODDERZ,
Respondent.

Writ of Prohibition

NOTICE OF JUDICIAL INACTION AND CONTINUING IRREPARABLE HARM

COMES NOW the Petitioner, Angeliina Lynn Lawson, appearing pro se, and respectfully gives notice to this Honorable Court of the following:

1. On August 5, 2025, Petitioner filed an Emergency Supplemental Motion to Vacate Void Custody Orders for Lack of Subject Matter Jurisdiction within the above-captioned writ proceeding.
2. Said motion demonstrated that Judge Eric W. Godderz:
   - Exercised jurisdiction in Anderson County contrary to K.S.A. 23-2703 and 60-609;
   - Entered ex parte custody orders without hearing or emergency;
   - Stated on the record, *"I will never allow any case to leave my county. I am too familiar with the parties, especially that mother,"* evidencing bias and refusal to transfer; and
   - Continued issuing orders after a federal removal notice in violation of 28 U.S.C. § 1446(d).
3. Despite the urgency of the matter and the minor child's ongoing separation from his mother, no ruling or acknowledgment has been entered by this Court on the emergency motion.
4. Each day of inaction allows the continued enforcement of custody orders that are void ab initio for want of jurisdiction, inflicting irreparable harm on the Petitioner and her minor son.
5. The supervised visitation provider has requested clarification because the father has refused to pay his portion of fees, exploiting procedural limbo to extend parental alienation and forcing restrictions on visits. He has blocked reunification and advancement to in-home visits by refusing to co-parent and controlling the child's access. He openly mocks the authority of the courts with $1.00 payments while owing over $32,000 in arrears, and his attorney has encouraged breaches of court orders as retaliation for Petitioner enforcing her constitutional rights.

6. This notice is submitted to preserve the record for appellate and federal review, and to respectfully request prompt adjudication or acknowledgment by this Court to prevent further harm.

7. Petitioner further reminds this Court that the Supreme Court of the United States has long recognized that the right to familial association is a fundamental liberty interest protected against government interference. Orders entered without jurisdiction or due process are void ab initio, not merely erroneous, and cannot lawfully sever the bond between parent and child.

8. Petitioner also places this Court on notice that obstruction of constitutional rights, if left uncorrected, falls within the jurisdiction of grand jury review under the Fifth Amendment.

## RELIEF REQUESTED

Petitioner respectfully requests that this Honorable Court:

- Take notice of its lack of action on the pending emergency motion;
- Clarify the status of said motion; and
- Provide immediate relief by ruling on the merits or otherwise acknowledging the matter to prevent continued irreparable harm to the minor child.

Respectfully submitted,                                        Dated: September 3, 2025


/s/ Angeliina Lynn Lawson
Pro Se Petitioner
1914 5th Ave.
Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2025, a true and correct copy of the foregoing Notice of Judicial Inaction and Continuing Irreparable Harm was served by depositing the same in the United States Mail, first-class postage prepaid, properly addressed to:

Hon. Eric W. Godderz
District Judge – 4th Judicial District
Anderson County Courthouse
100 E. 4th Ave.
Garnett, KS 66032

BreAnne Hendricks Poe
Attorney for Jonathan Lawson
The Law Office of BreAnne H. Poe

427 S. Main Street
Ottawa, KS 66067


Respectfully submitted,

/s/ Angeliina Lynn Lawson
Pro Se Petitioner

# Kansas DCF Conversation Note

Septem

| | 380374 | **Event Number:** | 2435480 |
|---|---|---|---|

| What's working well? | What needs to happen? |
|---|---|
| • AngeliinaLawson@gmail.com <br> • | • PHA assigned for 14 y/o David by Jonathan There was also alleged physical abuse approximately 2 weeks prior, when his father was upset that he was talking to his mother on the phone. This resulted in father trying to grab the phone away from David and injuring his hand. David referenced police contact due to a welfare check in which he reports his father was not honest with the police officers who arrived at his home about what had happened. <br> • David wants to take his antianxiety meds and father won't let him and threatened suicide and doesn't believe child needs it. |

 Gmail

Angeliina Lawson    Redacted PII

# D_____ medication

**Dianne Brown** Redacted PII                                    Tue, Sep 9, 2025 at 10:54 AM
To: Angeliina La

Hi Angeliina,

Sorry for the delayed reply. I only work Tuesdays and Thursdays, and didn't see your message until today.

D_____ is not taking medicine in our office this year. Jonathan said things are being managed at home.

Thanks!

## Dianne Brown, RN

she/her

De Soto High School Nurse

redacted PII



**From:** Angeliina Lawson
**Sent:** Thursday, September 4, 2025 12:38 PM
**To:** Dianne Brown
**Subject:** David Lawson medication

--
This email is from an external source. Please be careful when opening attachments or clicking links.
--

[Quoted text hidden]