IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS – WICHITA DIVISION

ANGELIINA LYNN LAWSON,

Plaintiff, pro se,

v.

ERIC W. GODDERZ, et al.,

Defendants.

Case No. 6:25-cv-01179-JWB-TJJ

JURY TRIAL DEMANDED

3 PANEL JUDGES

OUT OF DISTRICT REQUESTED

MOTION FOR SUPERVISORY REASSIGNMENT TO A THREE-JUDGE OUT-OF-

DISTRICT PANEL UNDER 28 U.S.C. § 292(b)

Plaintiff Angeliina Lynn Lawson, appearing pro se, respectfully moves this Court to certify this matter to the Chief Judge of the United States Court of Appeals for the Tenth Circuit for supervisory reassignment to a three-judge panel comprised entirely of out-of-district Article III judges, pursuant to 28 U.S.C. § 292(b) and the Court's inherent constitutional powers to protect due process and the right to an impartial judicial forum.

# I. GROUNDS FOR REASSIGNMENT UNDER 28 U.S.C. § 292(b)

28 U.S.C. § 292(b) provides:

"The chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit."

The statute authorizes reassignment of judges from outside the district where the public interest so requires. Such reassignment is justified where there is a conflict of interest, structural incapacity, widespread appearance of bias, or a collapse in the impartial administration of justice.

This case presents all of the above.

# II. STRUCTURAL BREAKDOWN OF THE DISTRICT OF KANSAS IN THIS CASE

This RICO and civil rights case names as defendants multiple Kansas judges, clerks, attorneys, law firms, court appointed providers, ADA coordinators, GAL, government agencies, and state-affiliated contractors. The allegations implicate public corruption, ADA retaliation, custodial interference, and obstruction of justice.

Despite Plaintiff's initial motion for out-of-district assignment (Doc. 4) and subsequent renewed motions (Docs. 7, 10, 15), the case was reassigned to:

- Judge John W. Broomes, who has presided over several of Plaintiff's prior cases, dismissed them pre-service, and has been named in judicial misconduct complaints;
- Magistrate Judge Teresa J. James, who also presided over prior matters involving overlapping claims and parties.

Since reassignment, the court has:

- Denied reassignment and recusal motions without addressing statutory or constitutional arguments;
- Granted IFP status but stayed issuance of summons (Doc. 13), effectively blocking discovery;
- Denied preservation of evidence (Doc. 14), while ESI is being actively destroyed;
- Pending Emergency Motion for Protective Order invoking Rule 65(b)(3) and constitutional ADA protections;
- Taken no action on Plaintiff's Rule 59(e) motion (Doc. 15);
- Pending Rule 37(e)(2) motion for sanctions;
- Presided over a case in which they are both factually and procedurally entangled.

These facts show a court that is structurally incapable of delivering due process to a pro se, disabled litigant seeking ADA and RICO relief against state judicial actors.

III. THE PUBLIC INTEREST REQUIRES REASSIGNMENT

This case is not merely a private custody or civil rights action—it raises allegations of:

- Enterprise conduct under 18 U.S.C. § 1962(d);
- Structural ADA retaliation under 42 U.S.C. §§ 12132, 12203;
- Judicial collusion, spoliation, and suppression of court filings;
- Family court orders are being enforced despite void jurisdiction, issued through secret ex parte proceedings without notice, hearings, evidence, testimony, or trials. Affidavits are concealed, dockets have been tampered and manipulated, and Plaintiff has never been

permitted to take the stand, all to suppress evidence of child abuse and shield the misconduct of father and state actors.

Plaintiff has already presented:

- Verified complaints to the DOJ Civil Rights Division;
- Judicial misconduct complaints to the Tenth Circuit Judicial Council;
- A pending Writ of Mandamus before the Tenth Circuit requesting federal supervisory intervention.

This Court's ongoing refusal to act on preservation, reassignment, or even service of process reflects not isolated error but systemic incapacity. The public interest requires restoration of judicial integrity, and that requires neutral, outside Article III oversight.

IV. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully moves this Court to:

1. Certify this matter to the Chief Judge of the United States Court of Appeals for the Tenth Circuit for immediate reassignment under 28 U.S.C. § 292(b);
2. Request that the Chief Judge designate three Article III judges from outside the District of Kansas with experience in RICO proceedings to hear and determine all pending motions and future proceedings in this matter;
3. Order that no judge or magistrate judge sitting within the District of Kansas shall preside over this action, to avoid the appearance of impropriety and ensure compliance with the Due Process Clause, the ADA, and constitutional court-access guarantees;

4. Grant such other relief as this Court deems just and proper in light of the extraordinary structural conflicts now documented in this record.

Respectfully submitted,  Dated: September 11, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se Plaintiff

1914 5th Avenue, Leavenworth, KS 66048

(913) 972-1661 | angeliinacourtrecords@gmail.com

Certificate of Service

I hereby certify that on September 11, 2025, I filed the foregoing via CM/ECF, which will send notice of filing to all counsel of record.

/s/ Angeliina Lynn Lawson

Pro Se Plaintiff