IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS – WICHITA DIVISION

ANGELIINA LYNN LAWSON,

Plaintiff, pro se,

v.

ERIC W. GODDERZ, et al.,

Defendants.

Case No. 6:25-cv-01179-JWB-TJJ

JURY TRIAL DEMANDED

3 PANEL JUDGES

OUT OF DISTRICT REQUESTED

RENEWED MOTION TO DISQUALIFY JUDGE BROOMES AND MAGISTRATE JUDGE JAMES PURSUANT TO 28 U.S.C. § 455(a) AND § 144 BASED ON REPLICATION OF PREDICATE ACTS, JUDICIAL RETALIATION, AND MATERIAL COMPLICITY IN SPOLIATION

COMES NOW Plaintiff Angeliina Lynn Lawson, pro se, and respectfully renews her motion for disqualification of District Judge John W. Broomes and Magistrate Judge Teresa J. James pursuant to 28 U.S.C. § 455(a) and 28 U.S.C. § 144, on the grounds that both judges have:

1. Procedurally and substantively replicated predicate acts alleged in Plaintiff's federal civil RICO Complaint;

2. Denied or withheld rulings on emergency protective motions and ADA retaliation;

3. Actively contributed to the suppression and destruction of evidence subject to a formal Rule 37 preservation notice;

4. Created an appearance of judicial retaliation, obstruction and structural bias that renders any further adjudication of this matter constitutionally impermissible.

I. FACTUAL GROUNDS FOR DISQUALIFICATION

This action was filed on August 15, 2025, naming multiple Kansas judicial officers, court staff, and affiliated contractors as co-conspirators in a civil RICO enterprise involving obstruction of custody litigation, ADA retaliation, destruction of records, and fraud upon the court.

Plaintiff filed a contemporaneous motion requesting that this case be assigned to an out-of-district panel of three Article III judges under 28 U.S.C. § 292(b). Despite this, the case was reassigned to Judge Broomes, who already has dismissed, delayed or stalled multiple of Plaintiff's cases, including Case Nos. 2:25-cv-02171, 2:25-cv-02199, 2:25-cv-02251, and 5:25-cv-04045.

On August 21, 2025:

- Judge Broomes denied the reassignment motion without addressing its statutory basis or Plaintiff's constitutional objections.
- Magistrate Judge James granted IFP status but stayed service, denying Plaintiff any right to discovery or relief.

- The Court denied Plaintiff's Emergency Motion to Compel Preservation of Evidence (Doc. 5) as "premature," while simultaneously ensuring that the case could not proceed.

Plaintiff has since filed:

- A Rule 59(e) motion (Doc. 15) arguing that the court's behavior mirrors the predicate acts described in the RICO complaint;
- A Rule 37(e)(2) motion documenting spoliation of court records and ADA filings, including by parties named in the original complaint and entities now under federal subpoena;
- A Rule 65(b)(3) Emergency Motion for Protective Order triggering constitutional and time-sensitive protections.

To date, the Court has:

- Failed to issue summons, allowing defendants to destroy evidence with impunity;
- Taken no action on emergency protective filings;
- Refused to acknowledge or respond to credible allegations of spoliation, abuse, or retaliation by court actors.

II. LEGAL STANDARD

28 U.S.C. § 455(a) requires disqualification when a judge's impartiality "might reasonably be questioned." This includes circumstances where:

- A judge has a personal interest or connection to the parties;
- A judge has made prior rulings in related cases involving the same facts or litigants;

- The judge's conduct creates an appearance of institutional bias.

28 U.S.C. § 144 mandates recusal when a litigant files a timely affidavit that a judge has a personal bias or prejudice either for or against a party.

The Supreme Court has held that due process forbids a judge from sitting where the "probability of bias is too high to be constitutionally tolerable." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009); see also *In re Murchison*, 349 U.S. 133 (1955). The Tenth Circuit has applied these standards in *Nichols v. Alley*, 71 F.3d 347 (10th Cir. 1995), holding that mandamus was appropriate to compel judicial disqualification where bias or institutional entanglement threatened the integrity of the proceeding.

III. FEDERAL JUDICIAL PARTICIPATION IN REPLICATED PREDICATE ACTS

Both Judge Broomes and Magistrate Judge James have now issued rulings that:

- Mirror the predicate acts of suppression, obstruction, and retaliation alleged in the RICO Complaint;
- Procedurally reproduce denial of ADA protections, concealment of misconduct, and withholding of constitutional relief;
- Pending Plaintiff's Emergency Rule 65 motion, despite clear timelines under Rule 65(b)(3);
- Facilitate spoliation of evidence detailed in the Rule 37 motion, by failing to enforce preservation and refusing to hold defendants accountable.

This conduct is not passive, it is judicial participation in the procedural extension of enterprise misconduct. The Court's own rulings have shielded the parties named in the RICO complaint from accountability by preemptively staying service, discovery, and preservation.

IV. MATERIAL BIAS AND JUDICIAL RETALIATION

The pattern across Judge Broomes' prior dismissals of Plaintiff's cases (often sua sponte, pre-service, and without hearings) forms a clear backdrop of animus and systemic exclusion. These include:

- Dismissal of ADA retaliation claims;
- Denial of child safety claims;
- Use of text orders and minute orders to deny access to real judicial forum.

Now, those same judges are presiding over a case where:

- They have judicial complaints filed against them with the Tenth Circuit Chief Judge;
- The relief sought includes federal oversight of judicial ethics and ADA enforcement;
- Plaintiff has been retaliated against for filing grievances, ethics complaints, and DOJ reports.

This creates both actual bias and the appearance of bias under § 455(a). No reasonable litigant could trust the fairness of a proceeding where the judges:

- Are named in the complaint;
- Have issued materially retaliatory rulings;
- Are refusing to enforce time-sensitive protections under federal law.

## V. CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully moves this Court to:

1. Disqualify District Judge John W. Broomes and Magistrate Judge Teresa J. James from further participation in this action pursuant to 28 U.S.C. § 455(a) and 28 U.S.C. § 144;
2. Vacate all prior orders entered by Judges Broomes and James that reflect procedural replication of predicate acts or that obstructed Plaintiff's access to relief—including but not limited to Docs. 11, 13, and 14—to ensure a clean judicial slate and prevent prejudice before summons are issued or substantive proceedings commence.
3. Certify the issue of judicial conflict to the Chief Judge of the Tenth Circuit for reassignment under 28 U.S.C. § 292(b) to a neutral, out-of-district Article III panel;
4. Grant any other relief the Court deems just and proper, including referral to the Judicial Council of the Tenth Circuit and preservation of constitutional claims for appellate review.

Respectfully submitted,                                         Dated: September 11, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se Plaintiff

1914 5th Avenue, Leavenworth, KS 66048

angeliinacourtrecords@gmail.com | (913) 972-1661

Certificate of Service

I hereby certify that on September 11, 2025, I filed the foregoing via CM/ECF, which will send notice of filing to all counsel of record.

/s/ Angeliina Lynn Lawson

Pro Se Plaintiff