IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS – WICHITA DIVISION

ANGELIINA LYNN LAWSON,

Plaintiff, pro se,

v.

ERIC W. GODDERZ, et al.,

Defendants.

Case No. 6:25-cv-01179-JWB-TJJ

JURY TRIAL DEMANDED

3 PANEL JUDGES

OUT OF DISTRICT REQUESTED

RULE 37(e)(2) MOTION FOR SANCTIONS DUE TO SPOLIATION OF

ELECTRONICALLY STORED INFORMATION

COMES NOW Plaintiff Angeliina Lynn Lawson, appearing pro se, and respectfully moves this Court pursuant to Fed. R. Civ. P. 37(e)(2) for entry of terminating sanctions, issue preclusion, or adverse inference instructions against the following Defendants and their agents for the knowing and intentional spoliation of electronically stored information (ESI) after receipt of Plaintiff's formal litigation hold notices and preservation demands:

- Judge Eric W. Godderz

- Chief Judge Taylor J. Wine
- Guardian ad Litem Andrew Bolton
- Attorney BreAnne Poe
- The Law Firm of BreAnne H. Poe
- Jonathan Lawson
- Clerk Tina Miller (4th Judicial District)
- ADA Coordinators Jolene Zirkle, Kelly Johnson, Steven Crossland
- Kansas DCF officials: Amanda Miranda, Heather Dunz,
- Therapist: Andrea Dunseth, Darrell Robinson, Malique Taylor, Jennifer Agee, Neisha Miser, Dr. Ronald McNeal
- Office of Judicial Administration: Stacy Jeffress, Elyssa Ellis
- Missy Strickler
- AdventHealth; Jordan Walter, Shah Umang
- Layne Project

Plaintiff requests that any Defendant shown to have received a formal litigation hold notice and who has failed to respond to subpoena, requests for records, or open records demands be subject to an immediate adverse inference or defense striking under Rule 37(e)(2)(B).

I. PROCEDURAL POSTURE AND PRESERVATION RECORD

Between February 2025 to September 2025, Plaintiff issued a formal Rule 37 litigation hold notice to all these Defendants and their associated entities. The notice identified categories of evidence to be preserved regarding parties involved in 2020-DM-131, LV-2025-cv-623, LV-

2025-cv-70, police reports stemming from August 15, 2025 battery of a child with disabilities, and the 3 DCF reports leading up to the physical abuse and afterwards, including:

- Email and messaging communications with court clerks, therapists, GALs, DCF staff, and ADA coordinators;
- Docket metadata and internal CMS history;
- Therapist appointment records, refusal notes, and coordination emails;
- GAL phone logs, emails, text messages, visitation logs, evidence, reports and any court contact records;
- ADA request responses, denials, and internal OJA communication.

Plaintiff's Verified Civil RICO Complaint and supporting exhibits referenced these categories explicitly and documented instances of past manipulation and interference, making the need for preservation clear and specific. A full log of subpoenas issued, preservation notices served, and open records requests made will be submitted in the appendix or by separate notice of supplemental evidence.

Despite these preservation demands, evidence has been spoiled across all parties. Not only have Defendants failed to produce the preserved materials, but multiple actors have engaged in active destruction, deletion, or concealment of ESI. Because the spoliation involves multiple state actors operating under color of law across districts and agencies, Plaintiff respectfully requests the Court consider consolidated sanctions or a coordinated evidentiary sanction across all impacted defendants to reflect the systemic scope of obstruction.

Plaintiff reserves the right to seek emergency appellate review under Rule 23(f), Rule 65(b)(3), or direct certiorari to the Supreme Court under 28 U.S.C. § 1254, should the Court decline to act on this motion in a timely manner.

The Court's refusal to enforce service, authorize subpoenas, or preserve electronically stored evidence, despite receiving detailed Rule 37 demands and formal motions, functionally nullified Plaintiff's access to due process. Federal judges are not above Rule 37 obligations when they are presented with credible evidence of spoliation involving parties under their own jurisdiction. Their unilateral stays, sua sponte denials, and disregard of procedural timelines allowed state actors, GALs, and court-appointed professionals to destroy evidence with impunity. The constitutional right to a fair forum was extinguished by these omissions.

## II. DOCUMENTED INSTANCES OF SPOLIATION

Plaintiff incorporates by reference her Emergency Motion to Compel (Doc. 5), Verified Civil RICO Complaint, First Amended Complaint, and associated federal preservation notices served upon Defendants and enterprise participants. These documents detail an ongoing, coordinated pattern of intentional destruction, suppression, or concealment of electronically stored information (ESI) critical to Plaintiff's claims.

Plaintiff now identifies the following verified spoliation events, each of which materially prejudiced her ability to prove claims of fraud, abuse, ADA retaliation, and systemic enterprise obstruction:

1. Suppression of ADA Accommodation Records

- Actors: Jolene Zirkle, Kelly Johnson, Steven Crossland, Stacy Jeffress
- Spoliated: Emails, intake forms, and communications from ADA coordinators documenting requests for CART captioning, redaction, transcript access, and hearing participation accommodations (May 2024–June 2025)
- Status: Now "missing" or denied in response to Open Records and federal hold letter; previously quoted in correspondence
- Legal Impact: Violates 42 U.S.C. § 12203; constitutes intentional suppression of ESI under Fed. R. Civ. P. 37(e)(2) and obstruction of ADA redress channels

2. Withheld GAL Records and Communications

- Actors: Andrew Bolton, Layne Project, Darrell Robinson, Neisha Miser, Malique Taylor, Jennifer Agee, Andrea Dunseth.
- Spoliated: Therapy reports, visitation notes, emails between GAL and therapists, subpoenaed documents, billing records
- Status: Non-compliant with subpoenas and deposition notices; refused under motions to strike or privilege; journal entries made without submitted reports
- Legal Impact: Mail/wire fraud (18 U.S.C. §§ 1341, 1343), witness tampering (18 U.S.C. § 1512), and obstruction of justice (18 U.S.C. § 1503); demonstrates intent to deprive under Rule 37(e)(2)

3. Tampering with Court Records and Filings

- Actor: Court Clerk Tina Miller

- Spoliated: Three faxed filings of "Fraud on the Court" destroyed; mailed version mislabeled as "correspondence" (Index #56); file-stamped CART notes (Index #46), GAL withdrawal (Index #51), and opposing counsel's motion (Index #54) disappeared or were never served
- Legal Impact: Destruction and mislabeling of judicial filings with intent to suppress due process; sanctionable under Fed. R. Civ. P. 5(b)(2)(C), 37(b), 37(e)(2), and 18 U.S.C. § 1519

4. Destruction of Custody and Abuse Reports by DCF and Police

- Actors: DCF caseworkers, Andrew Bolton, BreAnne Poe, Officer Mitchell (#753)
- Spoliated: Emails, child abuse reports, and at least two prior DCF case files now denied as "nonexistent"; police bodycam/dashcam from August 15, 2024 deleted
- Evidence: New September 9, 2025 phone call confirms Officer Mitchell used the same language ("corporal punishment" and "mother using police as a tool") in frivolous PFA filings but not reflected in police reports.
- Legal Impact: Destruction of mandated-reporter records; violates 18 U.S.C. § 1519, obstructs enforcement of K.S.A. 21-5601, and confirms retaliatory obstruction under § 12203

5. Medical Record Manipulation and Treatment Obstruction

- Actors: Jonathan Lawson
- Spoliated: Communications stating Father unilaterally blocked medication access, threatened child with suicide if he continued taking his prescription, and provided false

- "custody orders" court documents to medical providers purporting to terminate Plaintiff's parental access
  - Status: Providers now deny receiving Plaintiff's participation in son's medical treatment or refuse to communicate medical concerns despite open grievance responses on record.
  - Legal Impact: Violates ADA access rights and constitutes child endangerment (K.S.A. 21-5601); obstruction of protected parental role and medical interference linked to enterprise's financial and custodial objectives

These ESI categories are not speculative; they were directly referenced in pre-litigation emails, court hearings, subpoenas, and filings, and now cannot be located, recovered, or reconstructed.

This spoliation is not isolated. It reflects a coordinated, multi-party, multi-platform strategy of information destruction, data manipulation, and evidentiary concealment aimed at depriving Plaintiff of her civil rights and judicial access, in direct violation of Rule 37(e)(2), RICO's predicate act requirements, and constitutional due process. This spoliation advanced the enterprise's common purpose to obstruct ADA relief, sever parental rights, and extract litigation revenue. These acts are not isolated. Together, they show continuity and relatedness as required under 18 U.S.C. § 1961(5). This destruction prejudices Plaintiff's ability to prosecute Count I (Civil RICO – § 1962(c)) and Count II (RICO Conspiracy – § 1962(d)).

Updated corroboration of this pattern appears in Plaintiff's Emergency Motion for Protective Order filed September 11, 2025, and Exhibits F–G thereto. These exhibits document a DCF case note confirming the father threatened suicide if the child continued medication and lied to the police on August 15, 2024, and a written statement from school nurse confirming the father withdrew the child from school-based medication management and falsely claimed exclusive

medical authority. These disclosures demonstrate not only intent to obstruct Plaintiff's federally protected parental and ADA coordination rights, but also direct concealment of key ESI such as email communications, appointment logs, and treatment refusals, after subpoenas and litigation hold notices were served. School providers wiped old parent access system with new system and none of the records and details are there to document medication intake from last year. Father refuses to provide information on daily medication usage and actively encouraging the child to stop taking it— confirming spoliation and systemic retaliation.

III. SANCTIONS UNDER RULE 37(e)(2)

Fed. R. Civ. P. 37(e)(2) authorizes the Court to impose severe sanctions when a party intentionally destroys ESI:

"If the court finds that the party acted with the intent to deprive another party of the information's use in the litigation, the court may:
(A) presume that the lost information was unfavorable to the party;
(B) instruct the jury that it may or must presume the information was unfavorable to the party; or
(C) dismiss the action or enter a default judgment."

No lesser remedy will cure the prejudice to Plaintiff or deter continued enterprise suppression. Federal judicial officers, including Judges Broomes and James, materially contributed to the destruction of evidence by imposing stays, withholding summons, denying preservation motions, and replicating predicate acts alleged in the RICO complaint. Defendants acted with clear intent to deprive. They were warned in writing through litigation hold notices. Public officers and judicial agents are trained in records retention, ethical duties, and litigation obligations. Despite

that, they proceeded to erase, suppress, evade, or conceal evidence central to Plaintiff's constitutional, ADA retaliation, and RICO claims—with procedural cover provided by the District of Kansas itself.

In doing so, the Court has not merely remained passive, but has become an operational extension of the enterprise conduct Plaintiff seeks to expose—obstructing service, discovery, and judicial access in ways that materially advanced the scheme and deepened the spoliation.

IV. RELIEF REQUESTED

Plaintiff respectfully moves for the following relief:

1. Adverse Inference Sanction: That the Court instruct the jury that the destroyed or suppressed electronically stored information (ESI) would have supported Plaintiff's allegations of:
   - ADA retaliation
   - Custodial interference
   - GAL fraud
   - Abuse of discretion and color-of-law violations by judicial officers
   - Coordinated enterprise conduct under 18 U.S.C. § 1962(d)
2. Default Judgment or Striking of Defenses: That the Court enter default judgment, or alternatively strike the pleadings and affirmative defenses, of any Defendant shown to have knowingly destroyed evidence within their exclusive control after receipt of Plaintiff's Rule 37 litigation hold notice.

3. **Referral for Criminal and Civil Rights Investigation:** That the Court refer this matter to the U.S. Attorney's Office and/or the DOJ Civil Rights Division under 18 U.S.C. §§ 1512(c), 1519, and § 1964(d), based on the coordinated nature of concealment involving court officials, public officers, medical providers, and federally funded service contractors.

4. **Additional Sanctions as Deemed Just and Proper:** Including but not limited to:
   - Monetary sanctions;
   - Exclusion of altered or untimely-disclosed evidence;
   - Disqualification of judicial officers and GAL involved in suppression;
   - Supervisory reassignment to a neutral Article III tribunal under 28 U.S.C. § 292(b).

5. **Relief Linked to Protective Order:** Plaintiff further notes that the ongoing spoliation directly impacts the federal relief sought in her concurrently filed Emergency Motion for Protective Order (Doc. 25), Tenth circuit appeal and KS Court of Appeals all which remains procedurally unopposed by the father and is subject to time-sensitive consideration under Rule 65(b)(3). The Court's failure to enforce preservation will result in further irreparable harm to Plaintiff and her child.

## V. CERTIFICATE OF CONFERENCE

Pursuant to D. Kan. Rule 37.2, Plaintiff certifies that attempts to resolve these discovery issues without court intervention have been futile. Multiple preservation notices, subpoenas, and email requests have been ignored, obstructed or deflected. No meaningful production has occurred.

Respectfully submitted,                                              Dated: September 11, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se Plaintiff

1914 5th Avenue , Leavenworth, KS 66048

angeliinacourtrecords@gmail.com | (913) 972-1661

Certificate of Service

I hereby certify that on September 11, 2025, I filed the foregoing via CM/ECF, which will send notice of filing to all counsel of record.

/s/ Angeliina Lynn Lawson

Pro Se Plaintiff