IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON, )
 )
 Plaintiff, )
 )
v. ) Case No. 6:25-cv-01179-JWB-TJJ
 )
ERIC GODDERZ, *et al.*, )
 )
 Defendants. )
 )

**ORDER**

This matter is before the Court on Plaintiff's Motion to Disqualify (ECF No. 20), Plaintiff's Motion for Sanctions (ECF No. 21), and Plaintiff's Motion to Show Cause (ECF No. 25). For the reasons stated below, Plaintiff's Motions are DENIED.

**1. Plaintiff's Motion to Disqualify (ECF No. 20)**

Plaintiff has renewed her motion for the disqualification of Chief Judge John W. Broomes and the undersigned from this matter. Plaintiff has filed multiple motions in this matter seeking reassignment of her case.[1] In this motion, as in all of Plaintiff's previous motions seeking reassignment, Plaintiff argues the case should be reassigned because the same judges are assigned to Plaintiff's other cases pending in the District and have ruled against her or have yet to rule on her numerous pending motions. The Court has routinely denied Plaintiff's motions for reassignment because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and nothing in any ruling by Chief Judge John W. Broomes or the undersigned

---

[1] *See* Pl.'s Mot. for Reassignment, ECF No. 7; Pl.'s Mot. to Reassign Case, ECF No. 10; Pl.'s Mot. to Reassign Case, ECF No. 19.

indicates they are biased against Plaintiff.[2]  The Court again denies Plaintiff's motion for these reasons.  Therefore, for the reasons set forth in the Court's August 21, 2025 Memorandum and Order (ECF No. 11), Plaintiff's Motion to Disqualify (ECF No. 20) is DENIED.

## 2. Plaintiff's Motion for Sanctions (ECF No. 21)

Plaintiff's Motion for Sanctions requests "that any Defendant shown to have received a formal litigation hold notice and who has failed to respond to subpoena, requests for records, or open records demands be subject to an immediate adverse inference or defense striking under Rule 37(e)(2)(B)."[3]  Plaintiff claims between February 2025 and September 2025, she issued litigation hold notices upon all Defendants and associated entities.  Plaintiff now claims Defendants have been non-compliant with subpoenas and depositions notice, or "have engaged in active destruction, deletion, or concealment of ESI."[4]  Plaintiff's motion is denied for several reasons.

First, Rule 26(d) dictates a "party may *not* seek discovery from any source before the parties have conferred as required by Rule 26(f)," except in special circumstances, none of which are applicable here.[5]  No defendant has been served in this case, no Rule 26(f) conference has been conducted, and cannot be conducted at this early stage, prior to service upon the Defendants.  Therefore, Plaintiff's alleged[6] service of subpoenas and deposition notices in this matter was improper, and there is no non-compliance of Defendants that could be the basis for issuing sanctions against them.

---

[2] Memorandum and Order, ECF No. 11 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see also* Order Denying Plaintiff's Motion to Reassign Case for Reasons Stated in Doc. 11, ECF No. 26.
[3] Pl.'s Rule 37(e)(2) Mot. for Sanctions Due to Spoliation of Electronically Stored Information, ECF No. 21, p. 2.
[4] *Id.* at pp. 3, 5.
[5] Fed. R. Civ. P. 26(d) (emphasis added).
[6] The Court notes Plaintiff has not filed any notices of intent to issue subpoena, deposition notices, or other certificates of service showing such documents were served on Defendants.

Second, Plaintiff's motion seeking sanctions, like her discovery requests, is premature. "Rule 37 provides generally for sanctions against parties or persons unjustifiably resisting discovery."[7] Again, Defendants have not been served. Therefore, the Court does not find Defendants—who have not been served and are under no obligation to respond to Plaintiff's discovery requests—are "unjustifiably resisting discovery."[8]

Finally, Federal Rule of Civil Procedure 37(e) governs the imposition of sanctions when "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." The party claiming spoliation of evidence and seeking sanctions under Rule 37(e) must generally demonstrate:

> (1) that the party had an obligation to preserve the electronic evidence at the time it was destroyed; (2) that the electronic evidence was destroyed with a culpable state of mind (may include ordinary negligence, gross negligence, recklessness, willful, or intentional); and (3) the destroyed evidence was relevant and favorable to the party's claim such that a reasonable trier of fact could find it would support that claim.[9]

Further, before the Court can determine the appropriate sanction under subsection (e)(2), it must determine whether and what ESI was lost.[10] Therefore, a threshold issue for any motion for spoliation is that the ESI actually existed.[11] "A successful claim for spoliation of evidence cannot be premised on mere speculation on the existence of such evidence."[12]

Again, because discovery has not yet commenced, Plaintiff is unable to meet her burden of showing spoliation of evidence. Regardless of whether Defendants are under any obligation to

---

[7] Fed. R. Civ. P. 37, Advisory Committee Notes, 1970 Amendment.
[8] *Id.*
[9] *Benton v. Dlorah, Inc.*, No. 06-CV-2488-KHV, 2007 WL 3231431, at *4 (D. Kan. Oct. 30, 2007).
[10] *CCA Recordings 2255 Litig. v. United States*, No. 19-CV-2491-JAR-JPO, 2021 WL 2212758, at *8 (D. Kan. June 1, 2021).
[11] *Id.*
[12] *Id.*

preserve electronic evidence, Plaintiff cannot show at this time that the evidence she seeks actually existed and was destroyed. Further, until the Court is able to complete the pre-service review, there is no way to determine whether the evidence Plaintiff seeks and which was allegedly "destroyed" is favorable, let alone relevant, to her claims. For these reasons, Plaintiff's Motion for Sanctions (ECF No. 21) is DENIED.

The Court recognizes Plaintiff is eager to start discovery in this case. However, the screening of Plaintiff's Complaint prior to beginning discovery is imperative to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[13] The Court also cautions Plaintiff that the more judicial resources used in resolving Plaintiff's numerous and often duplicitous motions and miscellaneous filings, the less that are able to be used to complete the screening of her Complaint. It is in Plaintiff's best interest to limit her filings to only those that are meritorious and made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the District of Kansas.

### 3. Plaintiff's Motion to Show Cause (ECF No. 25)

Simply stated, Plaintiff's motion is improper. "A show cause order is a procedural tool a *court* may use to compel compliance with prior court orders, procedures, or legal requirements."[14] It is defined as a "[c]ourt order, decree, execution, etc., to appear as directed, and present the court such reasons and considerations as one has to offer why a particular order, decree, etc., should not be confirmed, take effect, be executed, or as the case may be."[15] A show

---

[13] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[14] *Wheeler v. Burlington*, No. 25-1177-DDC-BGS, 2025 WL 2402265, at *1 (D. Kan. Aug. 19, 2025) (emphasis added).
[15] Black's Law Dictionary (6th ed. 1990).

cause order is the court's way of requiring a party to explain their action or inaction. It is not, however, a tool available to a party to make a request from or compel action by the court. Further, this Court has "the inherent authority to manage their dockets" and will resolve Plaintiff's pending motions in due course.[16] As such, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Disqualify (ECF No. 20), Plaintiff's Motion for Sanctions (ECF No. 21), and Plaintiff's Motion to Show Cause (ECF No. 25) are DENIED.

**IT IS SO ORDERED.**

Dated October 31, 2025, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[16] *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).