IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LAWSON,

        Plaintiff,

v.                                                                               Case No. 25-1179-JWB

ERIC GODDERZ, *et al.*,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's Motion for Out of District Judge and Complex Case Designation (Doc. 4); Rule 59(e) Motion: Court's Replication of Alleged Predicate Acts Warrants 3 Panel Out-Of-District Reassignment (Doc. 15); Emergency Motion for Protective Order and Restoration of Parental Access (Doc. 18); Motion for Judicial Referral to Chief Judge Under 28 U.S.C. 292(b) (Doc. 27); Motion Under Rule 60(d)(3) to Vacate Void Orders and Correct Fraud on the Court Based on Misrepresentation of Judicial Assignment Authority (Doc. 28); and Renewed Motion to Vacate Void Orders Under Rule 60(d)(3) and Opposition of Order Striking Second Amended Complaint and Order Denying Disqualification (Doc. 34). The motions are DENIED for the reasons stated herein.

On August 15, 2025, Plaintiff filed this federal Racketeer Influenced and Corrupt Organizations ("RICO") action. (Doc. 1.) Plaintiff has several pending actions in this court including an action against most of the defendants in this case that was recently dismissed. *See Lawson v. Godderz*, Case No. 25-2199-JWB.

I.      **Motion for Out of District Judge and Complex Case Designation (Doc. 4)**

Plaintiff seeks assignment of a visiting judge from outside the District of Kansas pursuant to 28 U.S.C. § 292(b) and "requests internal designation under the District of Kansas coding practices as COMPLEX, MULTI, 3JUDGE, and TRANSFER." (Doc. 4.) She argues that because multiple defendants are Kansas judicial officers, assignment to an in-district judge creates "potential conflicts of interest" and undermines "public confidence in impartial adjudication." (*Id.*) Plaintiff requests that the Chief Judge of the Tenth Circuit designate an out-of-district judge with "prior experience in complex civil and criminal RICO proceedings" to preside over her eighteen-defendant action. (*Id.*) The motion asserts that § 455(a) mandates recusal because the undersigned's "impartiality might reasonably be questioned." (*Id.*)

The motion presumes systemic bias without identifying any specific conflict involving the assigned judge.[1] Plaintiff invokes statutory provisions governing voluntary assignment and recusal as if they were mandatory reassignment mechanisms triggered by merely filing claims against state judicial officers. Overall, this motion very closely resembles one of Plaintiff's previously denied motions in a different case filed with this court.[2]

As the Tenth Circuit has summarized:

> Disqualification is required both when a judge has "a personal bias or prejudice" against a party, § 144; *see also* § 455(b)(1) (same), or when presiding over the case would create an appearance of bias, see § 455(a). Recusal for an appearance of bias is required when "sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." [*United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).] The party seeking a judge's disqualification must show that "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 993 (internal quotation marks omitted). Because this

---

[1] For what it's worth, the undersigned does not know, and to the undersigned's knowledge, has never even met any of the named defendants except Defendant Kriegshauser, who is the United States Attorney for this district, and whom the undersigned has only met in Mr. Kriegshauser's performance of his official duties as United States Attorney. Thus any assertions of bias are utterly baseless.

[2] *See Lawson v. Godderz*, Case No. 25-2199-JWB. In that case, the undersigned denied Plaintiff's motion for reasons nearly identical to the reasons used to deny Plaintiff's motion for reassignment in the instant case. *Id.* at Doc. 33.

standard is an objective one, "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id*.

*United States v. Walker*, 838 F. App'x 333, 337 (10th Cir. 2020).  Plaintiff 's motion is devoid of any fact that could provide a basis for recusal under these standards.  Second, to support her motion to transfer this case to an out-of-district judge because of its "complexity," Plaintiff states that "[a]ssignment to an out-of-district judge with prior experience in complex civil and criminal RICO proceedings will promote judicial efficiency and bolster public confidence in the outcome." (Doc. 4 at 2.)  The court finds this bare assertion unpersuasive.  Thus, Plaintiff's motion (Doc. 4) is denied.

## II.  Rule 59(e) Motion: Court's Replication of Alleged Predicate Acts Warrants 3 Panel Out-Of-District Reassignment (Doc. 15)

Next, Plaintiff again seeks reassignment.  Plaintiff claims the court "abandoned the required order of adjudication" by addressing her motion for reassignment (Doc. 7) before resolving her reassignment request and complex case designation (Doc. 4).  Plaintiff argues that the undersigned "[e]ntrapped the Plaintiff in a [v]icious [c]ircle" by addressing documents "out of sequence." (Doc. 15.)  Further, Plaintiff takes issue with being instructed by Magistrate Judge James that she may not obtain discovery until summons have issued.  As for relief, she demands that "the matter should be referred to the Chief Judge Jerome Holmes of the Tenth Circuit under §§ 292(b) and 294 for designation of out-of-district judges." (*Id*.)

First, this court has considerable latitude in addressing motions in an order deemed appropriate to properly manage its own dockets.  *See Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002); *see also Christensen v. Ward*, 916 F.2d 1462, 1469 (10th Cir. 1990) (stating that courts have "the inherent power to . . . regulate the docket.").  Second, Magistrate Judge James correctly noted that Rule 26(d)(2) of the Federal Rules

3

of Civil Procedure only allows for early discovery requests for production of documents more than 21 days after service of the summons and complaint. (Doc. 14 at 1.) Therefore, as no service has been authorized, discovery is premature. As such, it is not a basis for some sort of bias and reassignment is not warranted. Thus, Plaintiff's motion (Doc. 15) is denied.

**III.    Emergency Motion for Protective Order and Restoration of Parental Access (Doc. 18)**

Plaintiff seeks an emergency protective order under Fed. R. Civ. P. 65 to "immediately restore Plaintiff's access to her disabled minor child" and prevent enforcement of state court custody orders she characterizes as "void or retaliatory." (Doc. 18 at 1.) She requests that this court enjoin her ex-husband and "all agents or third parties (therapists, court providers, school personnel) from excluding Plaintiff unless ordered by a federal judge," invalidate state custody orders from Leavenworth County case LV-2025-CV-000070, and appoint "a neutral CASA through the Leavenworth CASA Center" to monitor the child. (*Id*. at 4.) In support, Plaintiff alleges that her exclusion from medical appointments and school communications constitutes "retaliatory interference with protected parental rights" and "an ongoing denial of ADA-related accommodations." (*Id*. at 3.) She incorporates exhibits including state court filings and argues that "the underlying state court orders are void" and that "the state judiciary has failed to provide redress." (*Id*. at 5.)

This motion—which mimics allegations previously adjudicated[3]—seeks to convert this federal court into an appellate tribunal for state domestic relations proceedings. Such a role has been steadfastly declined by federal courts under the domestic-relations exception. *See Alfaro v. County of Arapahoe*, 766 F. App'x 657, 660 (10th Cir. 2019) (holding that the domestic-relations exception applied where the plaintiff asked the federal court to "scrutinize[ ]" the "legal merits"

---

[3] *See Lawson v. Godderz*, Case No. 25-2199-JWB.

4

of "each order" in the state court divorce and child-custody proceedings). Thus, as Plaintiff seeks this court to review or overrule the state court custody and other domestic relations orders, such actions are barred by the domestic-relations exception to federal court jurisdiction. *Id*.

Plaintiff has failed to allege facts that overcome the well-established principle that "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). While rare instances exist in which a substantial federal question exists apart from the family law issue, *see, e.g., Palmore v. Sidoti*, 466 U.S. 429, 432–434 (1984), Plaintiff has made no such argument. Thus, Plaintiff's motion (Doc. 18) is denied.

## IV. Motion for Judicial Referral to Chief Judge Under 28 U.S.C. 292(b) (Doc. 27)

Plaintiff again moves for referral to the Chief Judge of the Tenth Circuit under § 292(b), asserting that "this Court lacks authority under 28 U.S.C. § 292(b) to decide its own reassignment eligibility" and that "any ruling" is void. (Doc. 27.) She argues that her reassignment request "has never been forwarded to the appropriate Article III authority" and claims the Court's October 20, 2025, text order "describing the misconduct complaint as 'frivolous'" constitutes retaliation against "a pro se litigant with a documented communication disability." As relief, Plaintiff requests nearly identical relief to her prior motion previously discussed. (*See* Doc. 15.)

Plaintiff misunderstands the statutory framework she cites. Section 292(b) authorizes the Chief Judge to assign visiting judges "in the public interest." *See* 28 U.S.C. § 292(b). Section 292 does not provide litigants a mechanism to have a motion heard by the Chief Judge. *Id*.; *see United States v. Claiborne*, 870 F.2d 1463, 1466 (9th Cir. 1989) (chief judge has "broad discretion" to determine reassignment). The statute vests discretion in the Chief Judge, not the parties. Thus, and for the reasons stated *supra* Section II, Plaintiff's motion (Doc. 27) is denied.

**V. Motion Under Rule 60(d)(3) to Vacate Void Orders and Correct Fraud on the Court Based on Misrepresentation of Judicial Assignment Authority (Doc. 28)**

Plaintiff moves under Fed. R. Civ. P. 60(d)(3) to vacate the court's October 20, 2025, denial of her reassignment motion, along with the prior August 21, 2025 order, arguing that "the Court has committed fraud upon the court by ruling on its own eligibility for reassignment, in violation of 28 U.S.C. § 292(b)." She claims that the undersigned "unilaterally denied Plaintiff's reassignment request" without "forwarding the matter for external review [with the Chief Judge of the Tenth Circuit]." Plaintiff argues this "constitutes fraud on the court" in violation of § 292(b) and Rule 60(d)(3). This motion distorts the concept of fraud on the court.

The Tenth Circuit has summarized:

> Fraud on the court ... is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury.... It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function—thus where the impartial functions of the court have been directly corrupted.

*Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1266 (10th Cir. 1995) (citation and quotation omitted). Plaintiff argues that the undersigned's decision to deny Plaintiff's reassignment request constitutes fraud on the court. (Doc. 27 at 2–3.) As Plaintiff was previously informed,[4] "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). A judge's decision to deny a reassignment motion is not fraud; it is the ordinary exercise of case management authority. Rule 60(d)(3) provides no basis for reassignment. Thus, Plaintiff's motion (Doc. 28) is denied.

---

[4] *See* Doc. 11 at 2.

## VI. Renewed Motion to Vacate Void Orders Under Rule 60(d)(3) and Opposition of Order Striking Second Amended Complaint and Order Denying Disqualification (Doc. 34)

This time, Plaintiff moves under Rule 60(d)(3) to vacate Magistrate Judge James's October 29, 2025, orders (Docs. 32, 33) striking her second amended complaint ("SAC") (Doc. 29) and denying her disqualification motion (Doc. 20). She characterizes these orders as "retaliatory in nature, and fraudulently entered by a judicial officer whose authority was already under formal challenge." (Doc. 34.) Plaintiff argues that because she had filed a motion to disqualify Magistrate Judge James under 28 U.S.C. §§ 144 and 455, that Magistrate Judge James lacked authority to issue subsequent orders. She claims that striking her SAC "without review, without hearing, and by a disqualified judge" constitutes "extrinsic fraud, defamation, and constructive denial of all constitutional rights to be heard." Plaintiff requests that this court reinstate Plaintiff's SAC (Doc. 29) and disqualify Magistrate Judge James "from issuing further orders in this case." (Doc. 34 at 5.)

First, the magistrate judge struck Plaintiff's SAC because "Plaintiff failed to file a proper motion and obtain leave of court to file another amended complaint." (Doc. 32 at 2.) This court agrees for the reasons stated in Doc. 32.

Second, the mere filing of a disqualification motion[5] does not divest a judge of authority to proceed; the motion must be granted first. *See Willner v. Univ. of Kansas*, 848 F.2d 1023, 1028 (10th Cir. 1988). Moreover, following the court's review of Plaintiff's disqualification motion (Doc. 20), she merely offers unsubstantiated suggestions of personal bias, which are insufficient to mandate recusal under 28 U.S.C. § 455(a). Thus, Plaintiff's motion (Doc. 34) is denied.

---

[5] The court notes that Plaintiff's disqualification motion (Doc. 20) has been denied (Doc. 33).

**VII.   Conclusion**

THEREFORE, Plaintiff's Motions (Docs. 4, 15, 18, 27, 28, 34) are DENIED.  Should Plaintiff continue to file similar, frivolous motions, they will be summarily denied.

IT IS SO ORDERED.  Dated this 14th day of November, 2025.

                                                _s/ John W. Broomes_
                                                JOHN W. BROOMES
                                                CHIEF UNITED STATES DISTRICT JUDGE