IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS — WICHITA DIVISION

ANGELIINA LYNN LAWSON,

   Plaintiff,

v.

ERIC W. GODDERZ, et al.,

   Defendants.

Case No. 6:25-cv-01179

TRIAL BY JURY DEMANDED
THREE-JUDGE PANEL REQUESTED UNDER 28 U.S.C. § 292(b)
DISQUALIFICATION OF JUDGES: JAMES AND BROOMES
FINANICIAL ENTANGELMENT

FRAUD UPON THE COURT

TITLE II ADA PROTECTED LITIGANT

RULE 27 MOTION FOR PRE-ACTION PRESERVATION OF JUDICIAL

COMMUNICATIONS AND DOCUMENT METADATA

*Filed pursuant to Fed. R. Civ. P. 27(a), Rule 60(d)(3), and under authority of the First and Fifth Amendments, the All Writs Act (28 U.S.C. § 1651), and 18 U.S.C. §§ 1512, 1519.*

1

COMES NOW Plaintiff Angeliina Lynn Lawson, appearing pro se and under the protections of the Americans with Disabilities Act (Title II), and respectfully moves this Court to enter an Order of Preservation under Fed. R. Civ. P. 27(a) and Rule 37(e) directing the Clerk of Court, chambers staff, magistrate judges, district judges, and other personnel involved in this case to preserve all judicial communications, drafts, metadata, inter-office routing, and related correspondence related to the adjudication and internal handling of this case.

This Motion is made in anticipation of post-judgment review, referral to the U.S. Court of Federal Claims, and investigation of fraud upon the court and First Amendment retaliation stemming from the issuance of a retaliatory and constitutionally defective Memorandum and Order dated November 14, 2025 (Doc. 42)

I. LEGAL BASIS FOR RELIEF

Under Fed. R. Civ. P. 27(a), a litigant may move to perpetuate testimony or preserve evidence before a further action is filed when that evidence risks spoliation or loss, and when preservation is necessary to prevent injustice.

Preservation is appropriate where:

- a litigant reasonably anticipates a future claim or review proceeding;
- the evidence sought is not discoverable through ordinary means;
- the facts at issue implicate judicial or quasi-judicial officers;
- and where the materials include emails, routing slips, calendar entries, drafts, and other internal records not preserved in the public docket.

Further, Rule 37(e) authorizes this Court to enter protective orders and preservation directives for electronically stored information ("ESI") where loss would prejudice a party, especially in cases of potential fraud, bias, spoliation, or misconduct.

## II. FACTUAL BACKGROUND

1. On November 14, 2025, this Court issued an omnibus Memorandum and Order dismissing multiple constitutionally grounded motions as "frivolous," while ignoring Rule 60(d)(3) fraud, ADA violations, judicial disqualification, and jurisdictional voids.

2. The Memorandum and Order was issued:
   - while a motion to vacate for fraud upon the court was pending;
   - in active disregard of a § 292(b) reassignment request;
   - while no summons or responsive pleadings have been issued; and
   - in an environment of escalating hostility toward Plaintiff's protected filings.

3. Given the timing and content of the November 14 order, Plaintiff has reason to believe that internal communications, emails, clerical routing, and draft order exchanges may contain evidence of:
   - retaliation;
   - coordinated suppression;
   - prejudgment;
   - ex parte communications; and
   - deviation from judicial neutrality.

4. Because these materials are not preserved in the CM/ECF record, and may be routinely deleted or purged absent directive, preservation is urgently required.

III. MATERIALS TO BE PRESERVED

Plaintiff respectfully requests preservation of:

A. Internal Judicial Communications

- All emails, Teams messages, chats, and internal memos exchanged between:
    - Judge John W. Broomes;
    - Magistrate Judge Teresa J. James;
    - Clerks of the Court;
    - Court administrators;
    - Chambers staff;
    - State or federal government counsel or agencies named in this RICO action.

B. Draft Orders and Metadata

- All internal draft versions of:
    - The Nov. 14 Memorandum and Order;
    - Rule 60(d)(3) denial language;
    - ADA-related motion rulings;
- Word file history, comments, redlines, track-changes metadata;
- Internal routing logs and timestamps.

C. Clerk Workflow Records

- Assignment logs;
- Email routing for documents filed by Plaintiff between July 15 – November 15, 2025;

4

- Communications with the Kansas Attorney General's Office and state counsel.

D. Chambers/Clerk Calendars

- Scheduling and communication logs related to:
    - Review and coordination of Plaintiff's filings;
    - Suppression or delays in docketing materials;
    - Responses to motions to disqualify or vacate.

IV. ANTICIPATED PROCEEDINGS

This preservation request supports:

- A potential judicial misconduct complaint with the Tenth Circuit Judicial Council;
- A Rule 60(d)(3) fraud-upon-the-court proceeding;
- Transfer to the Court of Federal Claims under the Tucker Act;
- Constitutional claims under the First, Fifth, and Fourteenth Amendments;
- Appellate review and mandamus petition in the Tenth Circuit;
- A separate action for retaliation and denial of access under *Gutierrez v. Saenz*, *Hazel-Atlas*, and *Caperton v. Massey*.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order directing the Clerk of Court and all relevant personnel, including chambers staff, IT administrators, and judicial officers, to:

1. Preserve all internal communications, drafts, metadata, and routing records as outlined above from July 15, 2025 to present;

2. Suspend any auto-deletion or ESI purging routines that could affect these records;

3. Ensure that third-party contractors or IT vendors involved in Kansas District ECF or chambers systems are likewise directed to retain all backup logs and metadata;

4. Allow Plaintiff to seek further Rule 27 relief and issue subpoenas if necessary.

Respectfully submitted,                                                      Dated: November 14, 2025

/s/ Angeliina Lynn Lawson

Pro Se Plaintiff | ADA-Protected Litigant

1914 Fifth Avenue Leavenworth, KS 66048

(913) 972-1661

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed the foregoing Rule 27 Motion using the Court's CM/ECF system and served to all on record. No summons has been issued.

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson