IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS – WICHITA DIVISION

ANGELIINA LYNN LAWSON,

    Plaintiff,

v.

ERIC W. GODDERZ, et al.,

    Defendants.

Case No. 6:25-cv-01179-JWB-TJJ

Title II ADA Protected Litigant |

Article III Structural Denial |

Tucker Act Claim

SUPPLEMENTAL FEE ACCRUAL NOTICE AND PRESERVATION OF

DAMAGES

(FILED IN SUPPORT OF DKT. 45 – NOTICE OF CLAIM UNDER 28 U.S.C. §

1491)

Pursuant to the previously filed Notice of Claim for Damages under the Tucker Act (Dkt. 45), Plaintiff submits this Supplemental Fee Accrual Notice to preserve updated damages arising from continued judicial retaliation, denial of constitutional access to the courts, and suppression of federally protected rights following the Court's December 11, 2025 Order (Dkt. 46).

I. ACCRUED DAMAGES SINCE NOVEMBER 20, 2025

The following amounts are cumulative additions to the original $24.75 million damages ledger filed on November 20, 2025. These accruals are based on continuing acts of suppression, unconstitutional retaliation, and jurisdictional evasion.

| Triggering Action | Rate | Quantity / Days | Total Accrued |
|---|---|---|---|
| Denial of Article III Forum (Nov 20–Dec 11) | $100,000/day | 21 days | $2,100,000 |
| Retaliatory Order (Dec. 11) retroactively labeling emergency motion 'frivolous' | $250,000 | 1 | $250,000 |
| Suppression of Emergency Motion for Constitutional Intervention (Dkt. 35) | $500,000 | 1 | $500,000 |

| | | | |
|---|---|---|---|
| Failure to adjudicate Rule 60(d)(3) or Rule 27 motions | $500,000 | 1 motion suppressed | $500,000 |
| ADA Retaliation (Nov 20– Dec 11) | $2,000,000/month | 21 days (~$70,000/week) | $1,000,000 |

Total Supplemental Accrual: $4,850,000 + $24.75 million

*Total: $29,600,000*

---

## II. PRESERVATION OF DAMAGES AND JURISDICTIONAL NOTICE

Plaintiff reserves the right that these damages reflect only post-filing accruals from Nov. 20, 2025 to Dec. 11, 2025, and are filed in accordance with 28 U.S.C. § 1491, Fed. R. Civ. P. 60(d)(3), and all related whistleblower and ADA retaliation protections.

All further retaliatory orders, suppression of filings, or denials of constitutionally guaranteed access to the courts shall trigger additional damages under the original accrual schedule.

III. OBJECTION TO RETALIATORY AND VOID ORDER (Dkt. 46)

Petitioner objects to the Court's December 11, 2025 Order (Dkt. 46) on constitutional, procedural, and jurisdictional grounds. The Order constitutes:

1. A retaliatory judicial act in response to protected filings under the First Amendment;

2. A denial of due process, in that the Court failed to address or analyze pending Rule 60(d)(3), Rule 27, ADA Title II, and Rule 37 motions, but instead dismissed them en masse under defaming and conclusory "frivolous" language;

3. A breach of judicial oath and impartiality, given that the Court issued this Order without notice, hearing, or any factual analysis reinforcing structural bias already documented in previous filings (see Dkts. 35, 36, 38, 43, 45, 47);

4. An unconstitutional deprivation of access to an Article III forum, as the Court has now:

   o Repeatedly refused to adjudicate jurisdictional defects and fraud upon the court;

   o Declared constitutionally protected pleadings as "moot" or "frivolous" without legal basis;

   o Blocked all evidentiary development, including whistleblower disclosures and enterprise pattern filings (Dkt. 44);

   o And, by issuing the December 11 Order, retroactively applied a blanket denial of filings already entered into the record.

Petitioner further objects under:

- Norton v. Shelby County, 118 U.S. 425 (1886): Acts taken without jurisdiction are void ab initio;

- Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944): Fraud upon the court voids all affected rulings;

- Zadvydas v. Davis, 533 U.S. 678 (2001): Courts must interpret statutes in ways that avoid constitutional conflict;

- Rule 60(d)(3): Fraud-based motions are not subject to standard time limits or sua sponte dismissal;

- D. Kan. Rule 7.3(b): All dispositive motions must include legal support and analysis;

- Pillars of Professionalism (D. Kan.): Judges must treat all parties with respect and impartiality, especially those proceeding pro se or with ADA protections.

The Court's Order fails every standard of law and judicial ethics.

Accordingly, Petitioner demands that this Court:

1. Strike the December 11, 2025 Order (Dkt. 46) as void;

2. Adjudicate the preserved constitutional and statutory filings on the merits;

3. Reassign the case under 28 U.S.C. § 292(b) due to structural bias;

4. Refer this matter to the Tenth Circuit Judicial Conduct Committee;

5. And preserve all records for transfer to the U.S. Court of Federal Claims, where constitutional remedy may still be possible.

Petitioner reserves all rights under 28 U.S.C. § 1491, Rule 27, the Tucker Act, Title II of the ADA, and the First and Fifth Amendments.

Respectfully submitted,                              Dated: December 11, 2025

/s/ Angeliina Lynn Lawson

Pro Se Plaintiff | ADA-Protected Litigant

1914 5th Avenue, Leavenworth, KS 66048

(913) 972-1661

CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2025, I filed the foregoing

SUPPLEMENTAL FEE ACCRUAL NOTICE AND PRESERVATION OF DAMAGES

using the Court's CM/ECF system, which will serve notice on all registered counsel of record.

Respectfully submitted,

/s/ Angeliina Lynn Lawson

Pro Se Plaintiff | ADA-Protected Litigant