IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LAWSON,

     Plaintiff,

v.               Case No. 25-1179-JWB

ERIC GODDERZ, et al.,

     Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Teresa J. James' Report and Recommendation ("R&R") recommending that the court dismiss Plaintiff's claims. (Doc. 49.) Plaintiff has timely objected. (Doc. 51.)  Plaintiff has also filed a motion to strike the R&R. (Doc. 52.) Despite Plaintiff's objections, the court ADOPTS the magistrate judge's R&R to the extent described herein and DISMISSES the complaint.  Plaintiff's motion to strike (Doc. 52) is STRUCK from the record.[1]

**I. Facts**

On August 15, 2025, Angeliina Lawson ("Plaintiff") filed this action.  (Doc. 1.)[2]  As with four other cases previously dismissed, *see Lawson v. Godderz et al.*, Case No. 25-2199-JWB; *Lawson v. Bolton et al.*, Case No. 25-2251-JWB; *Lawson v. Kansas et al.*, Case No. 25-2171-JWB; *Lawson v. Lawson*, Case No. 25-4045-JWB, Plaintiff's allegations in this case are again an outpouring from state trial court custody and divorce proceedings that she claims are systemically

---

[1] Plaintiff's motion to strike (Doc. 52), is identical in substance to her objections to the R&R (Doc. 51).  Accordingly, docket entry 52 is a duplicate entry and it is therefore struck from the record.

[2] Plaintiff filed what was docketed as an amended complaint (Doc. 12) on August 20, 2025.  In liberally construing her filings, the court will treat docket entry 12 as a supplement to her complaint (Doc. 1) because the supplement appears to merely add defendants and claims without restating other necessary allegations found in the complaint. Accordingly, any reference to the complaint herein encompasses both her complaint (Doc. 1) and her subsequent supplement to it (Doc. 12).

marked by violations of her rights.  But again, Plaintiff's pleadings fail to show as much.  Her case is dismissed.

Plaintiff, who appears pro se, brings this action on behalf of herself and her minor child ("D.L.").[3]  Plaintiff names 29 individuals or entities ("Defendants").[4]  As part of Plaintiff's 76-page complaint and 21-page supplement, her allegations are best synthesized as follows:  Defendants are "a mix of private actors, judicial officers, attorneys, court-appointed professionals, public officials, and affiliated business entities [who] formed an association-in-fact enterprise to unlawfully strip [Plaintiff] of custody, retaliate for protected ADA activity, conceal abuse, and divert financial resources, all while insulating themselves from accountability through procedural manipulation, suppression of evidence, and coordinated misconduct."  (Docs. 1 at 7; 12.)  Plaintiff brings claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Counts I and II), 42 U.S.C. § 1983 (Count III), Title II of the Americans with Disabilities Act ("ADA") (Count IV), and Kansas state law (Count V).  (Doc. 1 at 64–68.)  Plaintiff seeks money damages, injunctive relief, restoration of parental rights, and referral for a criminal investigation.

The named Defendants in this action effectively encompass every conceivably involved party in Plaintif's state court custody proceedings.  From the judicial officers, Plaintiff's ex-husband, the guardian ad litem, a plethora of court staff and other government officials, the law firms involved in her state court proceedings, the United States Attorney for the District of Kansas,

---

[3] To the extent Plaintiff attempts to bring claims on behalf of her minor child, D.L., she cannot because Plaintiff proceeds pro se.  "[A] minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."  *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).  Plaintiff's objections on this point are meritless.  (Doc. 51 at 6.)

[4] Plaintiff also names over 50 "non-defendant co-conspirator[s]."  (Doc. 1 at 35.)  However, Plaintiff appears, at times, throughout her complaint and supplement to make allegations against these individuals and others not previously mentioned.  (*See* Doc. 12.)  While the court liberally construes Plaintiff's complaint, it will not endeavor to identify parties as defendants that are not otherwise clearly identified as such by Plaintiff.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  Therefore, to the extent Plaintiff attempted to identify a party as a defendant that is not identified in the R&R and this order, Plaintiff has failed to sufficiently name that defendant.  Fed. R. Civ. P. 8, 10.

2

and, a seemingly catch-all category, that includes "Doe Defendants 1–10" who Plaintiff identifies as "[u]nidentified co-conspirators including court staff, ADA coordinators, clerks, and other facilitators whose identities will be determined in discovery." (*Id*. at 34.)  Further, nearly all of these individuals were sued in both their individual and official capacities.

On March 12, 2026, Magistrate Judge Teresa James entered her R&R and, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), recommended dismissal on the grounds that Plaintiff's federal claims fail to state a claim and the court should decline to exercise supplemental jurisdiction over the remaining state law claims.  (Doc. 49.)  On March 19, Plaintiff filed her objections.[5]  (Doc. 51.)

## II.    Standard

R&R Review.  When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate.  *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'").  "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

---

[5] The court notes that Plaintiff's objection largely fails to specifically address any portion of the R&R.  Like her objections in the related cases referenced above, Plaintiff's filing here is largely a collection of procedural grievances that are irrelevant or were already addressed in prior orders.  Even so, in the spirit of liberally construing pro se filings, the court will consider Plaintiff's objection as timely, proper, and under a de novo review.  *See* Fed. R. Civ. P. 72(b)(3); *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).

Pro Se Standard.  Because Plaintiff is proceeding pro se, the court is to liberally construe her filings.  *Archuleta*, 525 F.3d at 927 n.1.  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on her behalf.  *Id*.

## III.    Analysis

The court finds[6] that *Younger* abstention counsels this court to abstain from ruling on Plaintiff's claims for equitable relief  Plaintiff alleges all Defendants conspired against her to strip her of her child custody rights.  Plaintiff's prayer for relief asks this court to "restore [her] custodial and parental rights with respect to D.L." (Doc. 1 at 75.)  Such relief would necessarily require this court to modify state court custody orders.  Nevertheless, all three *Younger* factors are satisfied: Plaintiff's state custody proceedings remain ongoing and on appeal,[7] state courts provide an adequate forum for federal constitutional and statutory claims, and child custody implicates important state interests.  *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013). Particularly relevant to the instant matter, the Tenth Circuit has repeatedly upheld district court's application of Younger to abstain from interfering with state custody proceedings.  *See*, *e.g.*, *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (unpublished); *Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 661 (10th Cir. 2019) (unpublished).  As in those cases, the court here will not interfere with Plaintiff's custody dispute because it is ongoing in state court,

---

[6] The court does not adopt the R&R's analysis regarding the *Younger* doctrine.  Notably, if the *Younger* elements are satisfied, that does not necessarily bar a federal court's jurisdiction.  Rather, *Younger* counsels that even if a federal court has jurisdiction to hear a claim, it should abstain from doing so if it would interfere with, among other things "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function." *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024). Such as "proceeding[s] seeking to restore [ ] parental rights." <u>*Wiland v. Stitt*</u>, No. 24-5116, 2025 WL 369223, at *1 (10th Cir. Feb. 3, 2025) (unpublished).  In other words, if *Younger* is satisfied, that does not automatically strip a federal court of jurisdiction; rather, it counsels that the court ought to abstain from ruling on it.

[7] While Plaintiff does not affirmatively state that her state cases are ongoing, the court's independent review of the publicly available docket in the state court case reveals docket entries most recently occurring on March 18, 2026— the same day Plaintiff filed her objections to the R&R (Doc. 44). *See In the Matter of the Marriage of Angeliina Lynn Lawson v. Jonathan David Brent Lawson*, LV-2025-DM-000861, Leavenworth County, Kansas.

domestic-relations matters are an important state interest, and Plaintiff has an adequate opportunity to raise her claims in the state proceeding.  Her objection that *Younger* was applied "too broadly" fails to identify with the required specificity any error in the R&R in applying *Younger*.  (Doc. 51 at 4.)  Further, the labels Plaintiff attaches to her claims—"extrinsic fraud," "racketeering," "ADA retaliation"—do not change the fact that her requested injunctive relief would interfere directly with the ongoing state-court custody case.  Therefore, the court abstains from ruling on Plaintiff's claims for equitable relief where she seeks restoration of her child custody rights..  Accordingly, Plaintiff's claims for equitable relief are dismissed.

Plaintiff's first and second counts allege civil RICO violations under 18 U.S.C. § 1962(c) and § 1962(d), respectively.  (Doc. 1 at 64–67.)  RICO provides a civil cause of action for a plaintiff injured in her "business or property" by a pattern of racketeering activity.  18 U.S.C. § 1964(c).  The elements of a § 1962(c) claim are "(1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity."  *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006).  A "racketeering activity" consists of the federal and state crimes enumerated in 18 U.S.C. § 1961(1).  The court adopts the magistrate judge's analysis that Plaintiff's allegations fail to state a RICO claim against any Defendant.  The R&R reviewed each of the predicate acts Plaintiff attributed to each Defendant and concluded that her allegations are conclusory allegations rather than racketeering activity, and the court agrees.  For example, Plaintiff labels Defendant Dunsworth's transmission of a "false and misleading therapy progress report via interstate email" as wire fraud (Doc. 1 at 27); Defendant Miller's failure to mail Plaintiff a copy of a court order regarding ADA accommodations as mail fraud (*Id*. at 33); and Defendant Johnson's alleged unfamiliarity with the ADA as ADA-based racketeering (*Id*. at 30).  These allegations are conclusory and nonsensical.  These, as with all Plaintiff's gripes, are grievances about how her

5

state-court custody case was handled, not predicate acts under § 1961(1).  As the magistrate judge properly points out, several of the labels Plaintiff invokes are not even enumerated predicate offenses.  Plaintiff's objection that the magistrate judge "mischaracterized" her RICO claims fails to point to any specific mischaracterization under § 1961(1).  Plaintiff's § 1962(d) RICO conspiracy claim necessarily fails as well, because "a RICO conspiracy claim under [§] 1962(d) must be dismissed when plaintiff does not state a claim for violations under [§] 1962(a) through (c)."  *Burdett v. Harrah's Kansas Casino Corp.*, 260 F. Supp. 2d 1109, 1122 (D. Kan. 2003).  Accordingly, Counts I and II are dismissed.

Plaintiff's third count alleges a violation of 42 U.S.C. § 1983, asserting deprivation of due process, equal protection, and First Amendment retaliation through a "Family Court Enterprise" acting under color of state law.  (Doc. 1 at 67.)  To state a § 1983 claim, Plaintiff must allege "(1) a deprivation of a right, privilege, or immunity secured by the U.S. Constitution or laws of the United States (2) that was caused by a person while acting under color of state law."  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978).  The court adopts the magistrate judge's conclusion that Plaintiff pleads no facts supportive of a constitutional violation by any Defendant and that, in any event, most of the Defendants Plaintiff names as part of the "Family Court Enterprise" are private actors whose conduct is not "fairly attributable to the state."  *Weaver v. Boyles*, 172 F. Supp. 2d 1333, 1342 (D. Kan. 2001), *aff'd*, 26 F. App'x 908 (10th Cir. 2002); *see also Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (setting forth the four tests used by the Tenth Circuit to determine whether a private person is subject to liability as a state actor).  Plaintiff's objection that the § 1983 analysis was "too categorical" does not identify any allegation that would satisfy any of those four tests; it simply restates her conclusory assertion that

6

the "Family Court Enterprise" acted under color of state law.  (Doc. 51 at 5–6.)  That is not enough.  Count III is dismissed.

Plaintiff's fourth count alleges discrimination and retaliation under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.  (Doc. 1 at 68.)  Title II claims may only be brought against a "public entity."  *See McNeal v. Henry*, No. 17-CV-04008-DDC-KGS, 2017 WL 2345625, at *4 (D. Kan. May 30, 2017).  As the magistrate judge properly pointed out, most of the Defendants in this case are named in their individual capacities and therefore cannot be subject to liability under the ADA.  *See Wilson v. Hous. Auth. of Silver Lake, Kansas*, No. 19-cv-4026-HLT-ADM, 2019 WL 2943054, at *2 (D. Kan. May 30, 2019).  For the remaining Defendants, to state a Title II claim, Plaintiff must show that (1) she is a qualified individual with a disability, (2) she was excluded from participation in or denied the benefits of services, programs, or activities of a public entity, and (3) such exclusion was by reason of her disability.  *Est. of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1275 (10th Cir. 2022).  The court adopts the magistrate judge's conclusion that Plaintiff's allegations are insufficient as to every element.  First, she pleads no facts about her disability, no facts showing she was excluded from any service on the basis of her disability—indeed, the complaint seems to reflect that she actively participated (and still is) in every aspect of her state-court case.  Plaintiff's objection that the magistrate judge ignored her retaliation theory under 42 U.S.C. § 12203 is inaccurate.  (Doc. 51 at 5–6.)  The magistrate judge addressed the claim sufficiently.  (Doc. 49 at 10–14.)  In any event, an ADA retaliation claim requires nonconclusory factual allegations linking adverse conduct to protected activity, and Plaintiff supplies none.  Count IV is dismissed.

Plaintiff fails to state a claim for Counts I – IV.  However, many individuals she sues are simply immune.  Specifically, Counts I – IV seeks monetary relief against certain officials in their

official capacities.[8]  The Eleventh Amendment bars suits in federal court against state officials who are sued in their official capacities, unless the state waives its immunity, or its immunity is abrogated.  *See Allen v. St. Francis Ministries*, No. 23-1166-DDC-GEB, 2024 WL 2831606, at *3 (D. Kan. June 4, 2024); *Brooks v. Kobach*, No. 25-cv-3054-JWL, 2025 WL 1100048, at *3 (D. Kan. Apr. 14, 2025).  "District Court judges are state officials."  *Roubideaux-Davis v. Klenda*, No. 24-3167-JWL, 2024 WL 4381227, at *2 (D. Kan. Oct. 2, 2024) (citing *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004)).  The court therefore holds that all defendants Plaintiff sues in their official capacities are state officials.  Thus, to the extent Plaintiff seeks monetary relief from Kansas state judges and other Kansas Office of Judicial Administration staff in their official capacities, such claims (Counts I – IV) are barred by the Eleventh Amendment and are alternatively dismissed on that ground.

Plaintiff's Count V consists of various Kansas state-law claims.  (Doc. 1 at 68.)  When all federal claims are dismissed, "the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998); 28 U.S.C. § 1367(c)(3).  Having dismissed Plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over her remaining state law claims.  So, they are dismissed without prejudice.  In sum, the court concludes that the magistrate judge's analysis is correct. None of Plaintiff's objections identified legal error.  The R&R is adopted in full.

## IV.    Conclusion

---

[8] Plaintiff sues six state judges, two Kansas Department for Children and Families caseworkers, two ADA Coordinators for Kansas state judicial districts, an administrative official for the Kansas Office of Judicial Administration, legal counsel for the Kansas Office of Judicial Administration, and the clerk for the Fourth Judicial District—all in their official capacities.  (Doc. 1 at 1–2.)

THEREFORE, the court ADOPTS the magistrate judge's R&R (Doc. 49) to the extent described herein and DISMISSES Plaintiff's complaint.  Plaintiff's motion to strike (Doc. 52) is STRUCK from the record as a duplicate entry.  This case is closed.

IT IS SO ORDERED.  Dated this 21st day of May, 2026.

_s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE