CLOSED,APPEAL,LC4,MJLC3,PROTO

# U.S. District Court
## DISTRICT OF KANSAS (Wichita)
## CIVIL DOCKET FOR CASE #: <u>6:25–cv–01179–JWB–JBW</u>

| | |
|---|---|
| Lawson v. Godderz et al | Date Filed: 08/15/2025 |
| Assigned to: Chief District Judge John W. Broomes | Date Terminated: 05/21/2026 |
| Referred to: Magistrate Judge Jennifer B. Wieland | Jury Demand: Plaintiff |
| Demand: $22,110,000 | Nature of Suit: 470 Racketeer/Corrupt Organization |
| Case in other court:  10CCA, 25–03158 | Jurisdiction: Federal Question |
| Cause: 18:1964 Racketeering (RICO) Act | |

**Plaintiff**

**Angeliina Lynn Lawson**
*individually and as next friend of; ECF Notifications Only*
*minor*
D. L.

represented by **Angeliina Lynn Lawson**
1914 5th Avenue
Leavenworth, KS 66048
913–972–1661
Email: <u>angeliinacourtrecords@gmail.com</u>
PRO SE
*Bar Number:*
*Bar Status:*

V.

**Defendant**

**Eric W. Godderz**
*in his individual and official capacities*

**Defendant**

**Taylor J. Wine**
*in his individual and official capacities*

**Defendant**

**John Bryant**
*in his individual and official capacities*

**Defendant**

**Rhonda K. Mason**
*in her individual and official capacities*

**Defendant**

**Keven M. O'Grady**
*in his individual and official capacities*

**Defendant**

**Thomas D. Droege**
*in his individual and official capacities*

**Defendant**

**Jonathan David Brent Lawson**
*individually*

**Defendant**

**Breanne Hendricks Poe**
*individually*

**Defendant**

**Andrew Bolton**
*individually*

**Defendant**

**Amanda Miranda**
*in her individual and official capacities*

**Defendant**

**Heather Dunz**
*in her individual and official capacities*

**Defendant**

**Andrea Dunseth**
*individually*

**Defendant**

**Randy Willnauer**
*individually*

**Defendant**

**Jim Morrow**
*individually*

**Defendant**

**Jeanne Robinson**
*individually*

**Defendant**

**Mack Curry**
*individually*

**Defendant**

**Amanda Mackey**
*individually*

**Defendant**

**Morrow Willnauer Church, LLC**

**Defendant**

**Jolene Zirkle**
*in her individual and official capacities*

**Defendant**

**Kelly E. Johnson**
*in her individual and official capacities*

**Defendant**

**Steven Crossland**
*in his individual and official capacities*

**Defendant**

**Stacy Jeffress**
*in her individual and official capacities*

**Defendant**

**Tina Miller**
*in her individual and official capacities*

**Defendant**

**Does 1–10**

**Defendant**

**Ryan Kriegshauser**
*Individually*

**Defendant**

**Ted McDonald**

**Defendant**

**Charles Miller**
*Individually*

**Defendant**

**McDonald Law Group, PA**

**Defendant**

**Law Office of Breanne H. Poe, The**

**Defendant**

**Bolton Law Firm, LLC, The**

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 08/15/2025 | 1 | COMPLAINT (No Summons Issued) with trial location of Wichita, filed by Angeliina Lynn Lawson. (Attachments: # 1 Volume 1 Exhibit List) (nac) (Entered: 08/15/2025) |
| 08/15/2025 | 2 | CIVIL COVER SHEET re 1 Complaint by Plaintiff Angeliina Lynn Lawson. (nac) (Entered: 08/15/2025) |
| 08/15/2025 | 3 | MOTION for Leave to Proceed in forma pauperis by Plaintiff Angeliina Lynn Lawson. NOTE – Access to document is restricted pursuant to the courts privacy policy. (referred to Magistrate Judge Angel D. Mitchell) (nac) (Entered: 08/15/2025) |
| 08/15/2025 |  | NOTICE OF JUDGE ASSIGNMENT: Case assigned to Chief District Judge Eric F. Melgren and Magistrate Judge Angel D. Mitchell for all proceedings. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)<br><br>**NOTICE OF MAGISTRATE JUDGE AVAILABILITY: A United States magistrate judge is available to conduct all proceedings in this civil action if all parties voluntarily consent. Information & consent forms are available at https://www.uscourts.gov/file/459/download (nac) (Entered: 08/15/2025)** |
| 08/15/2025 | 4 | MOTION for Out of District Judge and Complex Case Designation by Plaintiff Angeliina Lynn Lawson. (referred to Magistrate Judge Angel D. Mitchell) (nac) (Entered: 08/15/2025) |
| 08/15/2025 | 5 | MOTION to Compel Immediate Production and Preservation of Records by Plaintiff Angeliina Lynn Lawson. (referred to Magistrate Judge Angel D. Mitchell) (nac) (Entered: 08/15/2025) |
| 08/19/2025 | 6 | ORDER REASSIGNING CASE: Case reassigned to District Judge John W. Broomes for all further proceedings. Chief District Judge Eric F. Melgren no longer assigned to case. Signed by Chief District Judge Eric F. Melgren on 8/19/2025.Mailed to pro se party Angeliina Lynn Lawson by regular mail (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(cm) (Entered: 08/19/2025) |
| 08/19/2025 | 7 | PLAINTIFF'S MOTION FOR REASSIGNMENT by Plaintiff Angeliina Lynn Lawson. (sz) (Entered: 08/19/2025) |
| 08/19/2025 | 8 | DOCKET ANNOTATION: Plaintiff Angeliina Lynn Lawson is a registered pro se participant with ECF notifications only. (gw) (Entered: 08/19/2025) |
| 08/19/2025 | 9 | MINUTE ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Teresa J. James for all further proceedings. Magistrate Judge Angel D. Mitchell no longer assigned to case. Signed by Magistrate Judge Angel D. Mitchell on 8/19/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(alh) (Entered: 08/19/2025) |
| 08/19/2025 | 10 | MOTION TO VACATE MINUTE ORDER OF REASSIGNMENT AND FOR REASSIGNMENT TO A NEUTRAL MAGISTRATE JUDGE by Plaintiff Angeliina Lynn Lawson. (sz) (Entered: 08/20/2025) |
| 08/20/2025 | 12 | AMENDED COMPLAINT against Andrew Bolton, Bolton Law Firm, LLC, The, John Bryant, Steven Crossland, Mack Curry, Does 1–10, Thomas D. Droege, Andrea Dunseth, Heather Dunz, Eric W. Godderz, Stacy Jeffress, Kelly E. Johnson, Ryan Kriegshauser, Law Office of Breanne H. Poe, The, Jonathan David Brent Lawson, Amanda Mackey, Rhonda K. Mason, Ted McDonald, McDonald Law Group, PA, |

4

| | | |
|---|---|---|
| | | Charles Miller, Tina Miller, Amanda Miranda, Jim Morrow, Morrow Willnauer Church, LLC, Keven M. O'Grady, Breanne Hendricks Poe, Jeanne Robinson, Randy Willnauer, filed by Angeliina Lynn Lawson.(sz) (Entered: 08/21/2025) |
| 08/21/2025 | 11 | MEMORANDUM AND ORDER denying 7 Motion to Reassign Case; denying 10 Motion to Reassign Case. Signed by District Judge John W. Broomes on 8/21/2025. (sz) (Entered: 08/21/2025) |
| 08/21/2025 | 13 | ORDER granting 3 Motion for Leave to Proceed in forma pauperis, but withholding service of summons and the Complaint pending further order of the Court. Signed by Magistrate Judge Teresa J. James on 8/21/2025. Mailed to pro se party by regular mail. (kf) (Entered: 08/21/2025) |
| 08/21/2025 | 14 | ORDER denying 5 Motion to Compel. Signed by Magistrate Judge Teresa J. James on 8/21/2025. (kf) (Entered: 08/21/2025) |
| 08/22/2025 | 15 | MOTION RE RULE 59(e) COURTS REPLICATION OF ALLEGED PREDICATE ACTS WARRANTS 3 PANEL OUT–OF–DISTRICT REASSIGNMENT by Plaintiff Angeliina Lynn Lawson. (referred to Magistrate Judge Teresa J. James) (sz) (Entered: 08/22/2025) |
| 08/22/2025 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 4 MOTION for Out–of–District Judge, and 15 MOTION for Order re Rule 59(e). The motions will be resolved by the District Judge.(kf)** (Entered: 08/22/2025) |
| 08/22/2025 | 16 | NOTICE PRESERVING ARTICLE III AND JURY TRIAL RIGHTS by Angeliina Lynn Lawson. (sz) (Entered: 08/25/2025) |
| 09/10/2025 | 17 | NOTICE of Regarding Filing of Petition for Writ of Mandamus by Angeliina Lynn Lawson. (kmc) (Entered: 09/12/2025) |
| 09/11/2025 | 18 | EMERGENCY MOTION for Protective Order and Restoration of Parental Access by Plaintiff Angeliina Lynn Lawson. (kmc) (Entered: 09/12/2025) |
| 09/11/2025 | 19 | MOTION to Reassign Case (titled: Motion for Supervisory Reassignment to a Three–Judge Out–Of–District Panel Under 28 U.S.C. § 292(b)) by Plaintiff Angeliina Lynn Lawson. (kmc) (Entered: 09/12/2025) |
| 09/11/2025 | 20 | MOTION to Disqualify (titled: Renewed Motion to Disqualify Judge Broomes and Magistrate Judge James pursuant to 28 U.S.C. § 455(a) and § 144 Based on Replication of Predicate Acts, Judicial Retaliation, and Material Complicity in Spoliation) by Plaintiff Angeliina Lynn Lawson. (referred to Magistrate Judge Teresa J. James) (Attachments: # 1 Affidavit)(kmc) (Entered: 09/12/2025) |
| 09/11/2025 | 21 | MOTION for Sanctions (titled: RULE 37(e)(2) Motion for Sanctions due to Spoliation of Electronically Stored Information) by Plaintiff Angeliina Lynn Lawson. (referred to Magistrate Judge Teresa J. James) (kmc) (Entered: 09/12/2025) |
| 09/16/2025 | 22 | LETTER FROM 10CCA Writ of Mandamus docketed. (kmc) (Entered: 09/16/2025) |
| 09/17/2025 | 23 | CERTIFICATE OF SERVICE re United States Court of Appeals for the Tenth Circuit by Angeliina Lynn Lawson. (Attachments: # 1 Writ, # 2 Consent)(kmc) (Entered: 09/17/2025) |
| 10/02/2025 | 24 | NOTICE OF JUDICIAL PARALYSIS AND REQUEST FOR ACTION by Angeliina Lynn Lawson. (mls) (Entered: 10/03/2025) |

| 10/06/2025 | 25 | MOTION for Order to Show Cause by Plaintiff Angeliina Lynn Lawson (referred to Magistrate Judge Teresa J. James). (mls) (Entered: 10/06/2025) |
|---|---|---|
| 10/20/2025 | 26 | ORDER denying 19 Motion to Reassign Case for the reasons stated in Doc. 11. Entered by Chief District Judge John W. Broomes on 10/20/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (jmr) (Entered: 10/20/2025) |
| 10/20/2025 | 27 | MOTION for Judicial Referral to Chief Judge Under 28 U.S.C. 292(b) by Plaintiff Angeliina Lynn Lawson. (ca) (Entered: 10/21/2025) |
| 10/21/2025 | 28 | MOTION Under Rule 60(d)(3) to Vacate Void Orders and Correct Fraud on the Court Based on Misrepresentation of Judicial Assignment Authority by Plaintiff Angeliina Lynn Lawson. (ca) (Entered: 10/21/2025) |
| 10/24/2025 | 29 | (STRICKEN per 32 ) –– SECOND AMENDED COMPLAINT filed by Angeliina Lynn Lawson. (mls) Modified on 11/3/2025, see 32 . (mam) (Entered: 10/27/2025) |
| 10/29/2025 | 30 | JUDICIAL NOTICE OF NONPERFORMANCE, FINANCIAL ENTANGLEMENT RISKS, AND BREACH OF ARTICLE III DUTY by Angeliina Lynn Lawson. (mls) (Entered: 10/29/2025) |
| 10/29/2025 | 31 | NOTICE OF VOID JUDICIAL ACTION DUE TO IMPROPER DISQUALIFICATION DENIAL by Angeliina Lynn Lawson. (mls) (Entered: 10/29/2025) |
| 10/31/2025 | 32 | ORDER Striking 29 Plaintiff's Second Amended Complaint. Plaintiff's 29 Second Amended Complaint is STRICKEN from the record. Signed by Magistrate Judge Teresa J. James on 10/31/2025. (kf) (Entered: 10/31/2025) |
| 10/31/2025 | 33 | ORDER denying 20 Motion to Disqualify; 21 Motion for Sanctions; and 25 Motion to Show Cause. Signed by Magistrate Judge Teresa J. James on 10/31/2025. (kf) (Entered: 10/31/2025) |
| 10/31/2025 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 18 Emergency Motion for Protective Order and Restoration of Parental Access, 27 MOTION Judicial Referral to Chief Judge Under 28 U.S.C. 292(b). The motions will be resolved by the District Judge.(kf)** (Entered: 10/31/2025) |
| 10/31/2025 | 34 | MOTION to Vacate 33 Order, 32 Order (titled: Renewed Motion to Vacate Void Orders Under Ruler 60(d)(3) and Opposition of Order Striking Second Amended Complaint and Order Denying Disqualification) by Plaintiff Angeliina Lynn Lawson. (jal) (Entered: 11/03/2025) |
| 11/03/2025 | 35 | EMERGENCY MOTION to Declare Judicial Crisis and Request for Constitutional Intervention by Plaintiff Angeliina Lynn Lawson. (msb) (Entered: 11/05/2025) |
| 11/03/2025 | 36 | NOTICE OF SERVICE AND Filing of Judicial Bond–Claim Notice by Angeliina Lynn Lawson. (Attachment: # 1 Exhibit A, # 2 Exhibit B)(msb) (Entered: 11/05/2025) |
| 11/04/2025 | 37 | NOTICE: (titled: Preservation of Enterprise Pattern and New Predicate Acts for Future Relief or Reinstatment) by Angeliina Lynn Lawson (msb) (Entered: 11/05/2025) |
| 11/04/2025 | 38 | NOTICE of Legislative Submission and Continuing Pattern of Retaliation by Angeliina Lynn Lawson (msb) (Entered: 11/05/2025) |
| 11/05/2025 | 39 | |

| | | |
|---|---|---|
| | | ORDER of 10CCA denying petition for writ of mandamus (Appeal No. 25–3158) (msb) (Entered: 11/05/2025) |
| 11/07/2025 | 40 | JUDICIAL Coordination Log & Enterprise Pattern Disclosure by Angeliina Lynn Lawson. (ca) (Entered: 11/10/2025) |
| 11/10/2025 | 41 | SUPPLEMENTAL Rico Predicate Act Notice and Evidentiary Addendum by Plaintiff Angeliina Lynn Lawson. (ca) (Entered: 11/10/2025) |
| 11/14/2025 | 42 | MEMORANDUM AND ORDER denying Plaintiff's Motions 4 , 15 , 18 , 27 , 28 , 34 . Should Plaintiff continue to file similar, frivolous motions, they will be summarily denied. Signed by Chief District Judge John W. Broomes on 11/14/2025. (ca) (Entered: 11/14/2025) |
| 11/14/2025 | 43 | NOTICE of Retaliatory Judicial Order, Constitutional Injury, and Structural Denial of Article II Access by Angeliina Lynn Lawson. (ca) (Entered: 11/17/2025) |
| 11/14/2025 | 44 | MOTION for Order by Plaintiff Angeliina Lynn Lawson. (ca) (Entered: 11/17/2025) |
| 11/20/2025 | 45 | NOTICE of Damages Under Tucker Act by Angeliina Lynn Lawson. (ca) (Entered: 11/20/2025) |
| 11/26/2025 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 44 MOTION for Order, 35 MOTION for Order. The motions will be resolved by the District Judge.(kf)** (Entered: 11/26/2025) |
| 12/11/2025 | 46 | ORDER: Plaintiff has continued to file frivolous motions. Accordingly, for the reasons explained in this courts prior order (Doc. 42), Plaintiff's motions (Docs. 35, 44) are DENIED. Entered by Chief District Judge John W. Broomes on 12/11/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (jmr) (Entered: 12/11/2025) |
| 12/11/2025 | 47 | SUPPLEMENT to 45 Notice of Damages Under Tucker Act, by Plaintiff Angeliina Lynn Lawson. (ca) (Entered: 12/11/2025) |
| 01/22/2026 | 48 | SECOND Supplemental Addendum Re: Coordination, Judicial Suppression and SCOTUS Review (25–6604) by Plaintiff Angeliina Lynn Lawson. (mam) (Entered: 01/22/2026) |
| 03/12/2026 | 49 | REPORT AND RECOMMENDATIONS re 1 Complaint filed by Angeliina Lynn Lawson, and 12 Amended Complaint filed by Angeliina Lynn Lawson. It is recommended that the District Judge dismiss without prejudice all of Plaintiff's claims against all Defendants, as set forth in the Complaint, under 28 U.S.C. § 1915(e)(2)(B)(ii) because she fails to state claims upon which relief may be granted. Objections to R&R due by 3/26/2026. Signed by Magistrate Judge Teresa J. James on 3/12/2026. Mailed to pro se party by regular mail. (kf) (Entered: 03/12/2026) |
| 03/18/2026 | 50 | MINUTE ORDER REASSIGNING CASE. Case reassigned to Magistrate Judge Jennifer B. Wieland for all further proceedings. Magistrate Judge Teresa J. James no longer assigned to case. Signed by deputy clerk on 3/18/2026. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(kao) (Entered: 03/18/2026) |
| 03/19/2026 | 51 | OBJECTIONS to 49 Report and Recommendation by Plaintiff Angeliina Lynn Lawson. (mam) (Entered: 03/19/2026) |
| 03/19/2026 | 52 | |

| | | |
|---|---|---|
| | | (STRICKEN PER 56 ORDER) MOTION to Strike 49 Report and Recommendation as Procedurally Tainted by Plaintiff Angeliina Lynn Lawson. (NOTE: This is a duplicate of 51 , re−filed for administrative purposes.) (mam). Modified on 5/21/2026 (kgs). (Entered: 03/19/2026) |
| 03/19/2026 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 52 MOTION to Strike 49 REPORT AND RECOMMENDATIONS. The motion will be resolved by the District Judge. (kf)** (Entered: 03/19/2026) |
| 03/20/2026 | 53 | NOTICE of Supplemental Evidence by Plaintiff Angeliina Lynn Lawson. (mam) (Entered: 03/20/2026) |
| 03/30/2026 | 54 | DECLARATION of Angeliina Lynn Lawson. (mam) (Entered: 03/30/2026) |
| 05/18/2026 | 55 | NOTICE of Constitutional Audit, Obstruction of Review, and Preservation of Prejudice by Angeliina Lynn Lawson. (mam) (Entered: 05/18/2026) |
| 05/21/2026 | 56 | MEMORANDUM AND ORDER adopting 49 Report and Recommendations and striking 52 Motion to Strike from the record as a duplicate entry. This case is closed. Signed by Chief District Judge John W. Broomes on 5/21/2026. (kgs) (Entered: 05/21/2026) |
| 05/21/2026 | 57 | JUDGMENT. Signed by deputy clerk on 5/21/2026. (kgs) (Entered: 05/21/2026) |
| 05/21/2026 | 58 | NOTICE OF APPEAL as to 57 Judgment and 56 Memorandum and Order by Plaintiff Angeliina Lynn Lawson. (kgs) (Entered: 05/21/2026) |
| 05/21/2026 | | APPEAL FEE STATUS: filing fee Not Paid re: 58 Notice of Appeal on behalf of Plaintiff Angeliina Lynn Lawson. Filer granted IFP status on 8/21/2025. (THIS IS A TEXT ONLY ENTRY−NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (kgs) (Entered: 05/21/2026) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANGELIINA LAWSON,                          )
                                           )
      Plaintiff.                          )
                                           )
                                           )
v.                                         )
                                           )
ERIC GODDERZ, TAYLOR WINE, JOHN            )
BRYANT, RHONDA MASON, KEVEN                )
O'GRADY,    THOMAS    DROEGE,              )
JOHNATHAN DAVID BRENT LAWSON,              )
BREANNE HENDRICKS POE, ANDREW              )
BOLTON, AMANDA MIRANDA, HEATHER            )
DUNZ, ANDREA DUNSETH, RANDY                )   Case No. 6:25-cv-01179-JWB-TJJ
WILLNAUER, JIM MORROW, JEANNE              )
ROBINSON, MACK CURRY, AMANDA               )
MACKEY,    MORROW    WILLNAUER             )
CHURCH, LLC, JOLENE ZIRKLE, KELLY          )
JOHNSON, STEVEN CROSSLAND, STACY           )
JEFFRESS,    TINA    MILLER,    RYAN       )
KRIEGHAUSER,    TED    MCDONALD,           )
CHARLES MILLER, MCDONALD LAW               )
GROUP, PA, THE LAW OFFICE OF               )
BREANNE H. POE, THE BOLTON LAW             )
FIRM, LLC, DOE DEFENDANTS 1–10,            )
                                           )
      Defendants.                         )
                                           )

## REPORT AND RECOMMENDATION
## FOR DISMISSAL OF PLAINTIFF'S COMPLAINT

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), Plaintiff may file a written objection to this report and recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact,

9

conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND RECOMMENDATION

### I.        Relevant Background Based Upon Plaintiff's Allegations

Plaintiff initiated this action on August 15, 2025, with the filing of her 76-page Complaint (ECF No. 1).  Plaintiff's Complaint names twenty-four Defendants.  Her claims are brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 42 U.S.C. 1983, Title II of the Americans with Disabilities Act ("ADA"), and Kansas State law.  On August 20, 2025, Plaintiff filed an Amended Complaint to add additional facts and four more Defendants.[1]

Plaintiff alleges the Defendants, "a mix of private actors, judicial officers, attorneys, court-appointed professionals, public officials, and affiliated business entities formed an association-in-fact enterprise to unlawfully strip her of custody, retaliate for protected ADA activity, conceal abuse, and divert financial resources, all while insulating themselves from accountability through procedural manipulation, suppression of evidence, and coordinated misconduct."[2]  Plaintiff alleges Defendants created such a scheme to engineer the unlawful removal of her custodial rights.  The factual allegations are all related to a child custody proceeding ongoing in Kansas State court (the "State Court Case").  Plaintiff claims as a result of Defendants' actions she has suffered injury to her business and property interests.  Plaintiff seeks monetary damages, declaratory and injunctive relief, restoration of parental rights, and referral for a criminal investigation.

---

[1] Plaintiff's Amended Complaint (ECF No. 12) does not include all of the claims against Defendants contained in the Complaint.  Plaintiff states the purpose of the Amended Complaint is to add and clarify facts and bring claims against four *additional* Defendants.  The Court presumes Plaintiff intended to supplement rather than to replace her Complaint with her Amended Complaint.  Therefore, the Court analyzes the allegations contained in both her Complaint and Amended Complaint together.  Any reference to "Complaint" throughout this Report and Recommendation also encompasses Plaintiff's Amended Complaint.

[2] Pl.'s Compl., ECF No. 1, p. 7.

2

The Defendants in this action are judicial officers involved in Plaintiff's State Court Case: Judge Eric Godderz, Judge Taylor Wine, Judge John Bryant, Judge Rhonda Mason, Judge Keven O'Grady, and Judge Charles Droedge ("Judicial Defendants"). Plaintiff also names as Defendants her ex-husband, Johnathan David Brent Lawson, and several Defendants that were involved to some extent in her underlying State Court Case: Breanna Hendricks Poe, Andrew Bolton, Amanda Miranda, Heather Dunz, Andrea Dunseth, Randy Wilnauer, Jim Morrow, Jeanne Robinson, Mack Curry, Amanda Mackey, Jolene Zirkle, Kelly E. Johnson, Steven Crossland, Stacy Jeffress, Tina Miller, Ted McDonald ("Individually Named Defendants"). Relatedly, Plaintiff brings her claims against the law firms of various attorneys involved in her State Court Case, including Morrow, Willnauer, Church, LLC, The Bolton Law Firm, LLC, The Law Office of Breanna Poe, McDonald Law Group, PA. Finally, Plaintiff brings her claims against the United States Attorney for the District of Kansas Ryan Krieghauser.

After careful review of Plaintiff's Complaint, the undersigned Magistrate Judge concludes none of Plaintiff's purported claims are sufficient to state a claim upon which relief may be granted. Therefore, the Court recommends dismissal of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.    Applicable Legal Standards

When a party seeks to proceed without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the party's complaint. The court must dismiss the complaint if it determines the action (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from suit.[3] The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits

---

[3] 28 U.S.C. § 1915(e)(2)(B).

3

that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[4]

This Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[5]  Plaintiff "must allege sufficient facts to state a claim which is plausible—more than merely conceivable—on its face."[6]  Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief."  Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to relief beyond the speculative level."[7]  Plaintiff proceeds *pro se*, thus her pleadings must be construed liberally.[8]  However, she still bears the burden to allege "sufficient facts on which a recognized legal claim could be based,"[9] and the Court cannot "take on the responsibility of serving as her attorney in constructing arguments and searching the record."[10]

"Apart from the court's obligation to screen IFP complaints for merit, the court has an independent obligation to determine if subject-matter jurisdiction exists."[11]  "[F]ederal courts are courts of limited subject-matter jurisdiction" and "may only hear cases when empowered to do so

---

[4] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[5] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).

[6] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *Bell Atl. Corp.*, 550 U.S. at 545.

[8] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9] *Id.*

[10] *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

[11] *Martinez v. Pickering*, No. 21-4083-JAR-ADM, 2021 WL 12146947, at *2 (D. Kan. Dec. 8, 2021), *report and recommendation adopted*, No. 21-4083-JAR-ADM, 2022 WL 21778539 (D. Kan. Feb. 28, 2022) (citing *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015)).

4

by the Constitution and by act of Congress."[12]  Within the meaning of § 1915(e), a complaint is frivolous "if its subject matter is outside the jurisdiction of the court."[13]

## II.    Screening of Plaintiff's Complaint

### a.  Plaintiff's Claims for Equitable Relief

Plaintiff's Complaint alleges during the course of Plaintiff's State Court Case involving the custody of her son, Defendants conspired against her to "strip her of custody, retaliate for ADA activity, conceal abuse, and divert financial resources" and violated her constitutional and statutory rights.[14]  Plaintiff states this Court has jurisdiction over her claims for equitable relief, because she does not seek to overturn any state court judgment related to her custody dispute, but instead "challenges extrinsic fraud, retaliation, and systemic racketeering that occurred outside the normal judicial process."[15]  However, in Plaintiff's prayer for relief she asks this Court to "restore Plaintiff's custodial and parental rights with respect to D.L., and enjoin further deprivation of such rights in retaliation for protected activity."[16]  Despite Plaintiff's statements to the contrary, in seeking such relief Plaintiff clearly is attempting to have this Court modify the State court's child custody orders, while couching her claims as a conspiracy and RICO violations.  Due to the relief sought by Plaintiff the Court cannot exercise jurisdiction over Plaintiff's claims for equitable relief pursuant to the principles of *Younger* abstention.

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could

---

[12] *Gad*, 787 F.3d at 1035.
[13] *Oltremari by McDaniel v. Kan. Social & Rehabilitative Serv.*, 871 F. Supp. 1331, 1333 (D. Kan. 1994).
[14] Pl.'s Compl., ECF No. 1, p. 7.
[15] *Id.* at p. 10.
[16] *Id.* at p. 75.

adequately be sought before the state court."[17]  There are three factors that dictate whether Younger abstention applies: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'"[18]

In 2013, the Supreme Court in *Sprint Communications, Inc. v. Jacobs*, limited *Younger*'s application to the following three types of state court proceedings: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings akin to criminal prosecutions; and (3) "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."[19]  These three categories are the "exceptional" circumstances to which *Younger* applies.[20]  The "exceptional circumstances" requiring abstention under *Younger*'s third civil proceedings category are present only when "the relief requested from the federal court would enjoin or otherwise interfere with such proceedings."[21]  Since the *Sprint* opinion, the Tenth Circuit has affirmed cases applying *Younger* to child custody cases.[22]  And,

---

[17] *Amanatullah v. Colo. Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)).

[18] *Id.* (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1999)).

[19] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013).

[20] *Id.*

[21] *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 953 F.3d 660, 672 (10th Cir. 2020).

[22] *See Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (unpublished) (holding that district court properly applied *Younger* abstention to dismiss claims arising from allegedly unconstitutional orders entered in ongoing state-court divorce and child-custody proceeding); *Alfaro v. Cnty. v. Arapahoe*, 766 F. App'x 657, 661 (10th Cir. 2019) (unpublished) (holding that district court properly applied *Younger* abstention to dismiss claims arising from allegedly unconstitutional orders entered in ongoing state court divorce and child-custody proceeding to the extent the state court proceedings were ongoing). *See also Escalante v. Escalante*, No. 23-CV-2176-KHV-TJJ, 2023 WL 11872503, at *3 (D. Kan. Oct. 30, 2023); *Blanchard v. Woltman*, No. 24-2290-JWB, 2025 WL 949037, at *4 (D. Kan. Mar. 28, 2025) (finding *Younger* abstention applies to federal claims deriving from state court child custody proceedings); *Zesiger v. Zesiger*, No. 25-4055-DDC-RES, 2025 WL 1837375, at *2 (D. Kan. July 3, 2025) (finding to the extent state court proceedings were ongoing *Younger* abstention likely applies to federal claims deriving from state court divorce proceedings).

6

because Plaintiff's requested relief would "enjoin or otherwise interfere with" the State Court Case, this presents an "exceptional circumstance."[23]  Therefore, the Court now analyzes whether *Younger* abstention is appropriate in this matter.

First, a review of the docket in Plaintiff's state court proceedings show that her case is on appeal and ongoing.[24]  Therefore, the first *Younger* factor is met.

Second, the state court provides an adequate forum to hear the claims raised in the Complaint.  Plaintiff bears the burden of establishing that state law prevents her from presenting her federal claims in the state court proceedings.[25]  However, Plaintiff merely states that her constitutional right and statutory rights under the ADA have been violated or otherwise ignored. Plaintiff does not provide any authority or arguments that would support a conclusion the state court could not entertain the constitutional or statutory claims arising from her State Court Case. In fact, state courts have been found adequate forums for federal constitutional and statutory claims.[26]  To the extent Plaintiff has already raised her constitutional and statutory concerns in the state court, "that court's decisions are not 'inadequate' for *Younger* purposes simply because the court did not rule in her favor."[27]  Therefore, the second *Younger* factor is met.

---

[23] *See Elna Sefcovic, LLC*, 953 F.3d at 672; *Culbertson v. Billam, et al.*, No. 25-4049-JAR-TJJ, 2025 WL 1368846, at *3 (D. Kan. May 12, 2025).

[24] *See Burnett v. Reno Cnty. Comm'n*, No. 18-3160-SAC, 2019 WL 1000882, at *3 (D. Kan. Mar. 1, 2019) (finding state court case ongoing when on appeal).  Plaintiff does not provide her pending state court case number, and there appear to be two Kansas State Court domestic relations cases related to her divorce and custody of D.L.  Both are on appeal at the Kansas Court of Appeals.  *See In the Matter of the Marriage of Johnathan David Lawson v. Angeliina Lynn Lawson*, 2020-DM-000131, Anderson County, Kansas (Notice of Appeal filed January 13, 2026); *In the Matter of the Marriage of Angeliina Lynn Lawson v. Jonathan David Brent Lawson*, LV-2025-DM-000861, Leavenworth County, Kansas (Notice of Appeal filed December 19, 2025).

[25] *See Morkel v. Davis*, 513 Fed. App'x 724, 728 (10th Cir. 2013).

[26] *Id.* (finding state court adequate forum for raising constitutional claims); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004) (finding state court adequate forum for raising ADA and Rehabilitation Act claims).

[27] *Morkel*, 513 Fed. App'x at 728.

Third, the State Court Case involves important state interests.  Plaintiff's allegations arise from a child custody matter, the resolution of which presents an important state interest.[28]  The law in the Tenth Circuit is clear that issues of familial relations and issues of child custody are "especially delicate subject[s] of state policy."[29]  Therefore, the third *Younger* factor is met.

However, a court may decline to abstain under *Younger* when extraordinary circumstances are present, including when the underlying state court action was: (1) a criminal prosecution commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of "irreparable injury" both great and immediate.[30]  "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment."[31]

Plaintiff has failed to meet her burden to show any of these three circumstances exist in this case. First, Plaintiff's underlying State Court Case concerns a domestic relations matter, not a criminal prosecution, so the first exception is inapplicable. Next, Plaintiff does not allege the action is based on a flagrantly and patently unconstitutional statute.  Instead, her allegations are all based on the alleged actions of the Defendants, so the second exception is inapplicable.  Finally, nothing in Plaintiff's Complaint rises to the level necessary to show a threat of "irreparable injury" to Plaintiff that is "both great and immediate."[32]  In *Younger*, the Supreme Court noted in order to

---

[28] *Fisher*, 531 F. Supp. 2d at 1267 ("it is well established that the State of Kansas maintains a significant interest in child custody matters").

[29] *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996).

[30] *Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995) (citing *Younger v. Harris*, 401 U.S. 37, 53–54 (1971)).

[31] *See Weitzel v. Div. of Occupational and Pro. Licensing of Dept. of Com. of State of Utah*, 240 F.3d 871, 876 (10th Cir. 2001) (quoting *Phelps*, 122 F.3d at 889).

[32] *Cheatham v. Thompson*, No. 21-3195-SAC, 2021 WL 4206332, at *3 (D. Kan. Sept. 16, 2021) ("Generally, a threat of irreparable injury occurs alongside a bad-faith prosecution or where there are a series of repeated prosecutions" and "the threat to the [individual's] federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution"); *Hambright v. Kansas*, No. 21-3045-SAC, 2021 WL 1821801, at *1 (D. Kan. Apr. 30, 2021) (citing *Younger*, 401 U.S. at 46) ("irreparable injury" must be "both great and immediate").

8

show irreparable injury, "the threat to plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution."[33]  Although Plaintiff's State Court Case is not a criminal prosecution, the same principal applies.  The pending state court action may resolve any alleged violation of Plaintiff's protected rights, so the third exception is inapplicable.[34]  Thus, no exception to *Younger* abstention applies to this action.  Therefore, this Court should decline to exercise jurisdiction over Plaintiff's claims for equitable relief, and the undersigned recommends their dismissal.

### b.  Plaintiff's Claims for Monetary Damages

### i.  Plaintiff's Civil RICO Claims (Counts I & II)

Plaintiff alleges violations under RICO, 18 U.S.C. § 1961–68.  Plaintiff asserts her claims pursuant to 18 U.S.C. § 1962(c) (Count I) and 18 U.S.C. § 1962(d) (Count II).  RICO is a federal criminal statute which targets criminal activity and racketeering and creates enhanced punishments for the same.  Under some circumstances, there may be a civil cause of action under RICO.[35] RICO vests a private citizen with substantive rights to avoid injury to her "business or property" by a pattern of racketeering activity, and it explicitly creates a federal cause of action to vindicate those federal rights.[36]  The elements of a civil RICO claim under 18 U.S.C. § 1962(c) are: "(1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity."[37]  An "enterprise" is defined to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although

---

[33] *Younger*, 401 U.S. at 46.
[34] *Weitzel*, 240 F.3d at 876 (finding third *Younger* exception did not apply when state court proceedings could resolve claims brought in federal court).
[35] *See* 18 U.S.C. § 1964(c).
[36] *Id.*
[37] *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006).

9

not a legal entity."[38]  Racketeering activity is frequently described as a "predicate act" or "predicate acts" which consist of the federal and state crimes identified in 18 U.S.C. § 1961(1).

Plaintiff alleges between approximately 2019 through the present Defendants have engaged in predicate acts including, but not limited to: mail fraud, wire fraud, bankruptcy fraud, obstruction of justice, tampering with evidence, witness tampering and retaliation, money laundering, custodial interference, and ADA retaliation.[39]  The Court has reviewed each of the alleged predicate acts Plaintiff sets forth for each Defendant and fails to find any alleged predicate act that rises to the level necessary to set forth a RICO claim.  Throughout the Complaint, Plaintiff sets forth what she believes to be the predicate act or acts of each Defendant.  However, what Plaintiff alleges to be predicate acts are no more than generalized allegations.  Plaintiff provides few facts to support such allegations and largely makes conclusory statements concerning what she believes to be predicate or criminal acts.

Further, Plaintiff's Complaint does not actually set forth any criminal or racketeering activity.  What Plaintiff alleges to be predicate acts or racketeering activity appear to be grievances she had with the actors involved in her State court child custody case, and not actual indictable activity.  For example, Plaintiff claims Defendant Andrea Dunsworth's predicate act was wire fraud because she "transmitted a false and misleading therapy progress report via interstate email to GAL Andrew Bolton."[40]  Similarly, Plaintiff claims Defendant Tina Miller's predicate act was mail fraud because "she failed to mail Plaintiff a copy of a court order regarding ADA accommodations . . . ."[41]  Though Plaintiff labels such actions as predicate acts, the facts pled do not support these assertions.  None of the actions contained in the Complaint regarding any

---

[38] 18 U.S.C. 1961(4).
[39] Pl.'s Compl., ECF No. 1, p. 64–65.
[40] *Id.* at p. 27.
[41] *Id.* at p. 33.

10

Defendant are sufficient to show any Defendant engaged in racketeering activity, despite Plaintiff's conclusory statements to the contrary.

Additionally, several of Plaintiff's alleged predicate acts are not those enumerated in 18 U.S.C. § 1961(1), and do not constitute "racketeering activity" as defined by the statute. Again, most of what Plaintiff alleges to be predicate acts are complaints with the way her underlying State Court Case was handled. For example, Plaintiff alleges Defendant Kelly Johnson's predicate act was violating the ADA because she "did not have knowledge of ADA, did not have the fee schedules for the CART services, [and] did not understand the technology to be qualified as an ADA coordinator."[42] And Defendant Judge Charles Droedge's alleged predicate act was violating the ADA by refusing "to authorize ADA-compliant redaction and privacy accommodations after formal requests."[43] Such actions do not fit within the definition of "racketeering" under 18 U.S.C. § 1961(1). Simply stated, Plaintiff's Complaint fails to state a valid RICO claim. The Complaint merely consists of conclusory allegations and references to "racketeering," and fails to allege facts showing that each Defendant's conduct satisfied each element of a RICO claim.

In Count II, Plaintiff also brings a RICO conspiracy claim pursuant to 18 U.S.C. 1962(d). However, a "RICO conspiracy claim under Section 1962(d) must be dismissed when plaintiff does not state a claim for violations under Sections 1962(a) through (c)."[44] As discussed above, Plaintiff fails to state a claim under 18 U.S.C. § 1962(c), and therefore cannot sustain a claim under 18 U.S.C. § 1962(d). The undersigned recommends Plaintiff's claims contained in Counts I and II be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

**ii.    Plaintiff's 42 U.S.C. § 1983 Claims (Count III)**

---

[42] *Id.* at p. 30.
[43] *Id.* at p. 20.
[44] *Burdett v. Harrah's Kansas Casino Corp.*, 260 F. Supp. 2d 1109, 1122 (D. Kan. 2003).

11

Plaintiff's Complaint is largely dedicated to allegations related to her RICO claims and does not make specific allegations related to her § 1983 claims. However, in Count III of her Complaint, Plaintiff raises a § 1983 claim alleging violations of her due process and equal protection rights, as well as First Amendment retaliation. The only allegations Plaintiff makes directly concerning her § 1983 claims are that "Defendants, through the Enterprise acting under color of state law deprived Plaintiff of her rights to due process, equal protection, and freedom from retaliation for protected petitioning activity."[45]

To state a § 1983 claim a plaintiff must allege (1) a deprivation of a right, privilege, or immunity secured by the U.S. Constitution or laws of the United States (2) that was caused by a person while acting under color of state law.[46] There are no facts pled supportive of a constitutional violation by any Defendant. Further, Plaintiff makes these allegations as to those involved in the "Family Court Enterprise," and claims the "Enterprise" acted under color of state law. However, most of the Defendants alleged to be part of the "Family Court Enterprise" are private actors, and Plaintiff has failed to make any allegations suggesting their activity is "fairly attributable to the state."[47] Therefore, the undersigned recommends Plaintiff's claims contained in Count III be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

---

[45] Pl.'s Compl., ECF No. 1, p. 67.

[46] *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978).

[47] *Weaver v. Boyles*, 172 F. Supp. 2d 1333, 1342 (D. Kan. 2001), *aff'd*, 26 F. App'x 908 (10th Cir. 2002). The Tenth Circuit applies four different tests to determine whether a private person is subject to liability as a state actor: the nexus test, the symbiotic relationship test, the joint action test, and the public function test. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). None of Plaintiff's pleadings acknowledge any of these tests, and regardless of which is applied, Plaintiff fails to show state action on behalf of the private actor Defendants.

12

### iii.  Plaintiff's ADA Claims (Count IV)

Plaintiff also does not make specific allegations related to her ADA claims.  Upon review of the Complaint, the undersigned finds it does not on its face state a plausible claim for discrimination under Title II of the ADA.  First, the Court notes that individually named defendants in their individual capacities are not subject to liability under the ADA, and most of the Defendants in this case are subject to dismissal as to Plaintiff's ADA claims on that basis alone.[48]  Further, a claim under Title II of the ADA can only be brought against a public entity.[49]  Plaintiff never alleges any facts about any Defendant that could support an inference that any Defendant is a public entity.  To the extent any Defendant could be a public entity as defined by Title II of the ADA, Plaintiff's generic allegations still fail to state a claim, and her claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[50]  To state a claim under Title II, Plaintiff must show: (1) she is a qualified individual with a disability, (2) she was excluded from participation in or denied the benefits of services, programs, or activities of a public entity, and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability.[51]

Plaintiff's only allegations regarding her ADA claims are that Defendants "denied Plaintiff the benefit of services, programs, or activities of a public entity by reason of disability and

---

[48] *See Wilson v. Hous. Auth. of Silver Lake, Kansas*, No. 19-cv-4026-HLT-ADM, 2019 WL 2943054, at *2 (D. Kan. May 30, 2019).
[49] *McNeal v. Henry*, No. 17-CV-04008-DDC-KGS, 2017 WL 2345625, at *4 (D. Kan. May 30, 2017).
[50] 42 U.S.C. § 12132.
[51] *Est. of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1275 (10th Cir. 2022).

retaliated against her for asserting ADA rights."[52]   The only facts alleged regarding Plaintiff's assertion of her ADA rights are that she requested ADA accommodations from various actors for her disability which were allegedly denied or ignored.   Most of her allegations generally concern her disapproval or disagreement as to how her ADA accommodation requests were handled.

Plaintiff does not plead any facts regarding her disability to show that she is a qualified individual, and does not make any allegations to show she was excluded from any services on the basis of her disability.   In fact, based on the allegations contained in the Complaint, Plaintiff appears to have been an active participant in all aspects of her State Court Case.   Finally, there are no nonconclusory allegations contained in the Complaint to suggest any of Defendants' actions were taken because of Plaintiff's disability.    Therefore, Plaintiff has failed to state a claim under Title II of the ADA, and Count IV should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

### iv.   Plaintiff's State Law Claims (Count V)

Plaintiff's remaining theories of recovery against Defendants are based on Kansas state law.   They include interference with parental custody, identity theft and fraudulent use of public records, child endangerment, and civil conspiracy.   The undersigned recommends that this Court decline to exercise jurisdiction over such claims.

When the Court has original jurisdiction, 28 U.S.C. § 1367 authorizes supplemental jurisdiction over state law claims.   Supplemental jurisdiction "is exercised on a discretionary basis, keeping in mind considerations of judicial economy, convenience and fairness to the litigants."[53] But "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[54]   Indeed, courts routinely decline to

---

[52] Pl.'s Compl., ECF No. 1, p. 68.
[53] *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997).
[54] *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998); *see also Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138–39 (10th Cir. 2004) (explaining that the district has discretion

14

exercise supplemental jurisdiction over state-law claims when federal claims do not survive screening, as is recommended here.

Accordingly, finding no federal claims should survive screening, the undersigned Magistrate Judge recommends that the District Judge decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismiss them without prejudice.

## SUMMARY OF RECOMMENDATIONS

- Plaintiff's claims for equitable relief should be dismissed as the Court lacks jurisdiction over them pursuant to the principles of *Younger* abstention.

- Plaintiff fails to state a claim against any Defendant under 18 U.S.C. § 1962(c), or (d), and Counts I and II should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

- Plaintiff fails to state a claim against any Defendant under 42 U.S.C. § 1983, and Count III should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

- Plaintiff fails to state a claim against any Defendant under the Americans with Disabilities Act and Count IV should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

- Because the undersigned recommends no federal claims survived screening, the undersigned also recommends the Court decline to exercise jurisdiction over Plaintiff's state law claims contained in Count V.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Judge dismiss without prejudice all of Plaintiff's claims against all Defendants, as set forth in the Complaint, under 28 U.S.C. § 1915(e)(2)(B)(ii) because she fails to state claims upon which relief may be granted. The

---

to decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it had original jurisdiction). *See also* 28 U.S.C. § 1367(c)(3) (stating that district courts may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction").

undersigned further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

A copy of this Report and Recommendation shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated March 12, 2026, at Kansas City, Kansas.

_____

Teresa J. James
U. S. Magistrate Judge

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LAWSON,

          Plaintiff,

v.                                                          Case No. 25-1179-JWB

ERIC GODDERZ, et al.,

          Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Teresa J. James' Report and Recommendation ("R&R") recommending that the court dismiss Plaintiff's claims. (Doc. 49.) Plaintiff has timely objected. (Doc. 51.) Plaintiff has also filed a motion to strike the R&R. (Doc. 52.) Despite Plaintiff's objections, the court ADOPTS the magistrate judge's R&R to the extent described herein and DISMISSES the complaint. Plaintiff's motion to strike (Doc. 52) is STRUCK from the record.[1]

**I.      Facts**

On August 15, 2025, Angeliina Lawson ("Plaintiff") filed this action. (Doc. 1.)[2] As with four other cases previously dismissed, *see Lawson v. Godderz et al.*, Case No. 25-2199-JWB; *Lawson v. Bolton et al.*, Case No. 25-2251-JWB; *Lawson v. Kansas et al.*, Case No. 25-2171-JWB; *Lawson v. Lawson*, Case No. 25-4045-JWB, Plaintiff's allegations in this case are again an outpouring from state trial court custody and divorce proceedings that she claims are systemically

---

[1] Plaintiff's motion to strike (Doc. 52), is identical in substance to her objections to the R&R (Doc. 51). Accordingly, docket entry 52 is a duplicate entry and it is therefore struck from the record.

[2] Plaintiff filed what was docketed as an amended complaint (Doc. 12) on August 20, 2025. In liberally construing her filings, the court will treat docket entry 12 as a supplement to her complaint (Doc. 1) because the supplement appears to merely add defendants and claims without restating other necessary allegations found in the complaint. Accordingly, any reference to the complaint herein encompasses both her complaint (Doc. 1) and her subsequent supplement to it (Doc. 12).

1

marked by violations of her rights.  But again, Plaintiff's pleadings fail to show as much.  Her case is dismissed.

Plaintiff, who appears pro se, brings this action on behalf of herself and her minor child ("D.L.").[3]  Plaintiff names 29 individuals or entities ("Defendants").[4]  As part of Plaintiff's 76-page complaint and 21-page supplement, her allegations are best synthesized as follows: Defendants are "a mix of private actors, judicial officers, attorneys, court-appointed professionals, public officials, and affiliated business entities [who] formed an association-in-fact enterprise to unlawfully strip [Plaintiff] of custody, retaliate for protected ADA activity, conceal abuse, and divert financial resources, all while insulating themselves from accountability through procedural manipulation, suppression of evidence, and coordinated misconduct."  (Docs. 1 at 7; 12.)  Plaintiff brings claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Counts I and II), 42 U.S.C. § 1983 (Count III), Title II of the Americans with Disabilities Act ("ADA") (Count IV), and Kansas state law (Count V).  (Doc. 1 at 64–68.)  Plaintiff seeks money damages, injunctive relief, restoration of parental rights, and referral for a criminal investigation.

The named Defendants in this action effectively encompass every conceivably involved party in Plaintif's state court custody proceedings.  From the judicial officers, Plaintiff's ex-husband, the guardian ad litem, a plethora of court staff and other government officials, the law firms involved in her state court proceedings, the United States Attorney for the District of Kansas,

---

[3] To the extent Plaintiff attempts to bring claims on behalf of her minor child, D.L., she cannot because Plaintiff proceeds pro se.  "[A] minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."  *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986).  Plaintiff's objections on this point are meritless.  (Doc. 51 at 6.)

[4] Plaintiff also names over 50 "non-defendant co-conspirator[s]."  (Doc. 1 at 35.)  However, Plaintiff appears, at times, throughout her complaint and supplement to make allegations against these individuals and others not previously mentioned.  (*See* Doc. 12.)  While the court liberally construes Plaintiff's complaint, it will not endeavor to identify parties as defendants that are not otherwise clearly identified as such by Plaintiff.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  Therefore, to the extent Plaintiff attempted to identify a party as a defendant that is not identified in the R&R and this order, Plaintiff has failed to sufficiently name that defendant.  Fed. R. Civ. P. 8, 10.

2

and, a seemingly catch-all category, that includes "Doe Defendants 1–10" who Plaintiff identifies as "[u]nidentified co-conspirators including court staff, ADA coordinators, clerks, and other facilitators whose identities will be determined in discovery." (*Id*. at 34.)  Further, nearly all of these individuals were sued in both their individual and official capacities.

On March 12, 2026, Magistrate Judge Teresa James entered her R&R and, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), recommended dismissal on the grounds that Plaintiff's federal claims fail to state a claim and the court should decline to exercise supplemental jurisdiction over the remaining state law claims.  (Doc. 49.)  On March 19, Plaintiff filed her objections.[5]  (Doc. 51.)

## II.    Standard

R&R Review.  When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate.  *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'").  "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

---

[5] The court notes that Plaintiff's objection largely fails to specifically address any portion of the R&R.  Like her objections in the related cases referenced above, Plaintiff's filing here is largely a collection of procedural grievances that are irrelevant or were already addressed in prior orders.  Even so, in the spirit of liberally construing pro se filings, the court will consider Plaintiff's objection as timely, proper, and under a de novo review.  *See* Fed. R. Civ. P. 72(b)(3); *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).

3

Pro Se Standard.  Because Plaintiff is proceeding pro se, the court is to liberally construe her filings.  *Archuleta*, 525 F.3d at 927 n.1.  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on her behalf.  *Id*.

### III.    Analysis

The court finds[6] that *Younger* abstention counsels this court to abstain from ruling on Plaintiff's claims for equitable relief  Plaintiff alleges all Defendants conspired against her to strip her of her child custody rights.  Plaintiff's prayer for relief asks this court to "restore [her] custodial and parental rights with respect to D.L." (Doc. 1 at 75.)  Such relief would necessarily require this court to modify state court custody orders.  Nevertheless, all three *Younger* factors are satisfied: Plaintiff's state custody proceedings remain ongoing and on appeal,[7] state courts provide an adequate forum for federal constitutional and statutory claims, and child custody implicates important state interests.  *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013).  Particularly relevant to the instant matter, the Tenth Circuit has repeatedly upheld district court's application of Younger to abstain from interfering with state custody proceedings.  *See*, *e.g.*, *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) (unpublished); *Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 661 (10th Cir. 2019) (unpublished).  As in those cases, the court here will not interfere with Plaintiff's custody dispute because it is ongoing in state court,

---

[6] The court does not adopt the R&R's analysis regarding the *Younger* doctrine.  Notably, if the *Younger* elements are satisfied, that does not necessarily bar a federal court's jurisdiction.  Rather, *Younger* counsels that even if a federal court has jurisdiction to hear a claim, it should abstain from doing so if it would interfere with, among other things "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function." *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024).  Such as "proceeding[s] seeking to restore [ ] parental rights." *Wiland v. Stitt*, No. 24-5116, 2025 WL 369223, at *1 (10th Cir. Feb. 3, 2025) (unpublished).  In other words, if *Younger* is satisfied, that does not automatically strip a federal court of jurisdiction; rather, it counsels that the court ought to abstain from ruling on it.

[7] While Plaintiff does not affirmatively state that her state cases are ongoing, the court's independent review of the publicly available docket in the state court case reveals docket entries most recently occurring on March 18, 2026— the same day Plaintiff filed her objections to the R&R (Doc. 44). *See In the Matter of the Marriage of Angeliina Lynn Lawson v. Jonathan David Brent Lawson*, LV-2025-DM-000861, Leavenworth County, Kansas.

4

domestic-relations matters are an important state interest, and Plaintiff has an adequate opportunity to raise her claims in the state proceeding.  Her objection that *Younger* was applied "too broadly" fails to identify with the required specificity any error in the R&R in applying *Younger*.  (Doc. 51 at 4.)  Further, the labels Plaintiff attaches to her claims—"extrinsic fraud," "racketeering," "ADA retaliation"—do not change the fact that her requested injunctive relief would interfere directly with the ongoing state-court custody case.  Therefore, the court abstains from ruling on Plaintiff's claims for equitable relief where she seeks restoration of her child custody rights..  Accordingly, Plaintiff's claims for equitable relief are dismissed.

Plaintiff's first and second counts allege civil RICO violations under 18 U.S.C. § 1962(c) and § 1962(d), respectively.  (Doc. 1 at 64–67.)  RICO provides a civil cause of action for a plaintiff injured in her "business or property" by a pattern of racketeering activity.  18 U.S.C. § 1964(c).  The elements of a § 1962(c) claim are "(1) investment in, control of, or conduct of (2) an enterprise (3) through a pattern (4) of racketeering activity."  *Tal v. Hogan*, 453 F.3d 1244, 1261 (10th Cir. 2006).  A "racketeering activity" consists of the federal and state crimes enumerated in 18 U.S.C. § 1961(1).  The court adopts the magistrate judge's analysis that Plaintiff's allegations fail to state a RICO claim against any Defendant.  The R&R reviewed each of the predicate acts Plaintiff attributed to each Defendant and concluded that her allegations are conclusory allegations rather than racketeering activity, and the court agrees.  For example, Plaintiff labels Defendant Dunsworth's transmission of a "false and misleading therapy progress report via interstate email" as wire fraud (Doc. 1 at 27); Defendant Miller's failure to mail Plaintiff a copy of a court order regarding ADA accommodations as mail fraud (*Id*. at 33); and Defendant Johnson's alleged unfamiliarity with the ADA as ADA-based racketeering (*Id*. at 30).  These allegations are conclusory and nonsensical.  These, as with all Plaintiff's gripes, are grievances about how her

5

state-court custody case was handled, not predicate acts under § 1961(1).  As the magistrate judge properly points out, several of the labels Plaintiff invokes are not even enumerated predicate offenses.  Plaintiff's objection that the magistrate judge "mischaracterized" her RICO claims fails to point to any specific mischaracterization under § 1961(1).  Plaintiff's § 1962(d) RICO conspiracy claim necessarily fails as well, because "a RICO conspiracy claim under [§] 1962(d) must be dismissed when plaintiff does not state a claim for violations under [§] 1962(a) through (c)."  *Burdett v. Harrah's Kansas Casino Corp.*, 260 F. Supp. 2d 1109, 1122 (D. Kan. 2003).  Accordingly, Counts I and II are dismissed.

Plaintiff's third count alleges a violation of 42 U.S.C. § 1983, asserting deprivation of due process, equal protection, and First Amendment retaliation through a "Family Court Enterprise" acting under color of state law.  (Doc. 1 at 67.)  To state a § 1983 claim, Plaintiff must allege "(1) a deprivation of a right, privilege, or immunity secured by the U.S. Constitution or laws of the United States (2) that was caused by a person while acting under color of state law."  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978).  The court adopts the magistrate judge's conclusion that Plaintiff pleads no facts supportive of a constitutional violation by any Defendant and that, in any event, most of the Defendants Plaintiff names as part of the "Family Court Enterprise" are private actors whose conduct is not "fairly attributable to the state."  *Weaver v. Boyles*, 172 F. Supp. 2d 1333, 1342 (D. Kan. 2001), *aff'd*, 26 F. App'x 908 (10th Cir. 2002); *see also Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (setting forth the four tests used by the Tenth Circuit to determine whether a private person is subject to liability as a state actor).  Plaintiff's objection that the § 1983 analysis was "too categorical" does not identify any allegation that would satisfy any of those four tests; it simply restates her conclusory assertion that

6

the "Family Court Enterprise" acted under color of state law. (Doc. 51 at 5–6.) That is not enough. Count III is dismissed.

Plaintiff's fourth count alleges discrimination and retaliation under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132. (Doc. 1 at 68.) Title II claims may only be brought against a "public entity." *See McNeal v. Henry*, No. 17-CV-04008-DDC-KGS, 2017 WL 2345625, at *4 (D. Kan. May 30, 2017). As the magistrate judge properly pointed out, most of the Defendants in this case are named in their individual capacities and therefore cannot be subject to liability under the ADA. *See Wilson v. Hous. Auth. of Silver Lake, Kansas*, No. 19-cv-4026-HLT-ADM, 2019 WL 2943054, at *2 (D. Kan. May 30, 2019). For the remaining Defendants, to state a Title II claim, Plaintiff must show that (1) she is a qualified individual with a disability, (2) she was excluded from participation in or denied the benefits of services, programs, or activities of a public entity, and (3) such exclusion was by reason of her disability. *Est. of Beauford v. Mesa Cnty., Colorado*, 35 F.4th 1248, 1275 (10th Cir. 2022). The court adopts the magistrate judge's conclusion that Plaintiff's allegations are insufficient as to every element. First, she pleads no facts about her disability, no facts showing she was excluded from any service on the basis of her disability—indeed, the complaint seems to reflect that she actively participated (and still is) in every aspect of her state-court case. Plaintiff's objection that the magistrate judge ignored her retaliation theory under 42 U.S.C. § 12203 is inaccurate. (Doc. 51 at 5–6.) The magistrate judge addressed the claim sufficiently. (Doc. 49 at 10–14.) In any event, an ADA retaliation claim requires nonconclusory factual allegations linking adverse conduct to protected activity, and Plaintiff supplies none. Count IV is dismissed.

Plaintiff fails to state a claim for Counts I – IV. However, many individuals she sues are simply immune. Specifically, Counts I – IV seeks monetary relief against certain officials in their

<div align="center">7</div>

official capacities.[8]  The Eleventh Amendment bars suits in federal court against state officials who are sued in their official capacities, unless the state waives its immunity, or its immunity is abrogated.  *See Allen v. St. Francis Ministries*, No. 23-1166-DDC-GEB, 2024 WL 2831606, at *3 (D. Kan. June 4, 2024); *Brooks v. Kobach*, No. 25-cv-3054-JWL, 2025 WL 1100048, at *3 (D. Kan. Apr. 14, 2025).  "District Court judges are state officials." *Roubideaux-Davis v. Klenda*, No. 24-3167-JWL, 2024 WL 4381227, at *2 (D. Kan. Oct. 2, 2024) (citing *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004)).  The court therefore holds that all defendants Plaintiff sues in their official capacities are state officials.  Thus, to the extent Plaintiff seeks monetary relief from Kansas state judges and other Kansas Office of Judicial Administration staff in their official capacities, such claims (Counts I – IV) are barred by the Eleventh Amendment and are alternatively dismissed on that ground.

Plaintiff's Count V consists of various Kansas state-law claims.  (Doc. 1 at 68.)  When all federal claims are dismissed, "the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998); 28 U.S.C. § 1367(c)(3).  Having dismissed Plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over her remaining state law claims.  So, they are dismissed without prejudice.  In sum, the court concludes that the magistrate judge's analysis is correct. None of Plaintiff's objections identified legal error.  The R&R is adopted in full.

## IV.    Conclusion

---

[8] Plaintiff sues six state judges, two Kansas Department for Children and Families caseworkers, two ADA Coordinators for Kansas state judicial districts, an administrative official for the Kansas Office of Judicial Administration, legal counsel for the Kansas Office of Judicial Administration, and the clerk for the Fourth Judicial District—all in their official capacities.  (Doc. 1 at 1–2.)

THEREFORE, the court ADOPTS the magistrate judge's R&R (Doc. 49) to the extent described herein and DISMISSES Plaintiff's complaint.  Plaintiff's motion to strike (Doc. 52) is STRUCK from the record as a duplicate entry.  This case is closed.

IT IS SO ORDERED.  Dated this 21st day of May, 2026.

_s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

# United States District Court

------------------------- DISTRICT OF KANSAS--------------------------

ANGELIINA LYNN LAWSON,

        Plaintiff,

v.                             Case No: 25-CV-1179-JWB

ERIC W. GODDERZ,
TAYLOR J. WINE,
JOHN BRYANT,
RHONDA K. MASON,
KEVEN M. O'GRADY,
THOMAS D. DROEGE,
JONATHAN DAVID BRENT LAWSON,
BREANNE HENDRICKS POE,
ANDREW BOLTON,
AMANDA MIRANDA,
HEATHER DUNZ,
ANDREA DUNSETH,
RANDY WILLNAUER,
JIM MORROW,
JEANNE ROBINSON,
MACK CURRY,
AMANDA MACKEY,
MORROW WILLNAUER CHURCH, LLC,
JOLENE ZIRKLE,
KELLY E. JOHNSON,
STEVEN CROSSLAND,
STACY JEFFRESS,
TINA MILLER,
RYAN KRIEGSHAUSER,
TED MCDONALD,
CHARLES MILLER,
MCDONALD LAW GROUP, PA,
THE LAW OFFICE OF BREANNE H. POE,
THE BOLTON LAW FIRM, LLC,

        Defendants,

34

# JUDGMENT IN A CIVIL CASE

☐    Jury Verdict.   This action came before the Court for a jury trial.  The issues have been tried and the jury has rendered its verdict.

☒    Decision by the Court.  This action came before the Court.  The issues have been considered and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that pursuant to the Memorandum and Order filed May 21, 2026, the Court adopts the magistrate judge's Report & Recommendations (Doc. 49) to the extent described in the Memorandum and Order and DISMISSES Plaintiff's complaint.

<div style="margin-top:3em;"></div>

May 21, 2026                       SKYLER B. O'HARA
Date                             CLERK OF THE DISTRICT COURT

by:    s/ Joyce Roach
           Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
individually and as next friend of minor D.L.,
Plaintiff,

v.

ERIC W. GODDERZ, et al.,
Defendants.

Case No. 6:25-cv-01179

NOTICE OF APPEAL

Notice is hereby given that Plaintiff Angeliina Lynn Lawson, pro se, appeals to the United States

Court of Appeals for the Tenth Circuit from the following final orders and judgment entered in

this action:

1.  The Memorandum and Order entered on May 21, 2026, adopting the Report and

    Recommendation, dismissing Plaintiff's complaint, striking Plaintiff's motion to strike

    the Report and Recommendation, and closing the case. Doc. 56.

2.  The Judgment in a Civil Case entered on May 21, 2026, dismissing Plaintiff's complaint

    pursuant to the Memorandum and Order. Doc. 57.

This appeal includes all adverse rulings, interlocutory orders, screening determinations,

reassignment/recusal rulings, service-withheld rulings, and procedural rulings that merged into

the final judgment, including but not limited to the dismissal under 28 U.S.C. §

1915(e)(2)(B)(ii), the adoption of the Report and Recommendation, the dismissal of federal

claims, the decision to decline supplemental jurisdiction over state-law claims, and the closure of

the case without issuance of summons.

1

Respectfully submitted,                                    Date: May 21, 2026

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Plaintiff Pro Se
1914 5th Avenue, Leavenworth, Kansas 66048
(913) 972-1661 | angeliinacourtrecords@gmail.com

## CERTIFICATE OF SERVICE

I certify that on May 21, 2026, I filed the foregoing Notice of Appeal through the Court's CM/ECF system.

No summons was issued in this case. No defendant was served. No defendant entered an appearance. Therefore, to the best of my knowledge, there are no appearing defendants or counsel of record requiring additional service beyond filing through CM/ECF.

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Plaintiff Pro Se